The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CENTRAL FREIGHT LINES, INC., a Texas Corporation<br><br>Plaintiff,<br><br>v.<br><br>AMAZON FULFILLMENT SERVICES, a Delaware corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. C17-0814JLR<br><br>**PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>NOTED ON MOTION CALENDAR: AUGUST 11, 2017 |

Pursuant to Federal Rule of Civil Procedure 12(c), Plaintiff, Central Freight Lines, Inc. ("Central Freight") hereby moves for partial judgment on the pleadings against Defendant Amazon Fulfillment Services ("Amazon"). This motion concerns only Central Freight's claims in Count I (Declaratory Judgment) and Count II (Breach of Contract) that Amazon is improperly withholding payments as purported set-off to the amount Amazon wrongly claims it overpaid. In support of its motion, Central Freight states as follows:

## I. INTRODUCTION

Without contractual or legal authority, Amazon has retained in purported "set off" a total of $2,856,602.00 due and owing to Central Freight for services rendered. Amazon has never complained about these services and paid the invoiced amounts without complaint. It is undisputed that there is no provision in any contract between Amazon and Central Freight that gives Amazon a right to set off or attach funds generated for freight services to satisfy previously



ROETZEL & ANDRESS
20 S. CLARK STREET
SUITE 300
CHICAGO, IL 60603
312.580.1200

paid amounts that Amazon now disputes months and, in some cases, five years later. In fact, Amazon flatly admits that it has no contractual basis for set off. Instead, Amazon claims it has an equitable right of extra-judicial set off, but it provides no basis for such a right under Washington law.

Central Freight requests that the Court review the pleadings and Transportation Agreement (which has been incorporated into the pleadings) and determine as a matter of law: 1) whether Amazon has a contractual right to set off; and 2) whether Washington law permits a company to set off funds in the manner in which Amazon has in this case.

If the answer to both of these questions is no, then Central Freight should be granted partial judgment on the pleadings as to Counts I and II. As to Count I (Declaratory Judgment), this Court should enter an order declaring that Amazon wrongfully withheld payments as purported set off to the amounts it claims it overpaid. As to Count II (Breach of Contract), this Court similarly should enter an order that Amazon breached the parties' contract by wrongfully withholding payments as purported set off to the amounts it claims it overpaid. In the alternative, the Court should grant Central Freight partial judgment on the pleadings on Counts I and II, and hold that Amazon must pay Central Freight all monies that it is wrongfully withholding where the corresponding original invoice predates the contractual 18-month look back period.

## II. LEGAL STANDARD[1]

The Federal Rules of Civil Procedure permit a party to move for judgment on the pleadings after the pleadings are closed. *See* Fed. R. Civ. P. 12(c). Judgment on the pleadings "is properly granted when, taking all the allegations in the pleadings as true, a party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011); *see also Halliburton Co. v. Texana Oil Co.,* 471 F. Supp. 1017, 1019 (D. Colo. 1979) ("When a plaintiff files a motion for judgment on the pleadings under F.R.Civ.P. 12(c), the court must take as true all

[1] Plaintiff is not burdening the Court by including a facts section to this brief, which would just restate the parties' pleadings. Instead, Central Freight incorporates its Complaint (Dkt. No. 1) and Amazon's Answer and Counterclaim (Dkt. No. 48) as if fully set forth herein, and specific citation is made herein to the applicable portions of those pleadings



ROETZEL & ANDRESS
20 S. CLARK STREET
SUITE 300
CHICAGO, IL 60603
312.580.1200

undenied facts alleged in the complaint."). A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) undergoes the same scrutiny as a motion to dismiss under Fed. R. Civ. P. 12(b). *Point United States v. Washington State Dep't of Transp.,* 665 F. Supp. 2d 1233, 1237 (W.D. Wash. 2009) (granting plaintiff's motion for partial judgment on the pleadings), *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990)). However, the Court is not required to accept as true mere legal conclusions unsupported by alleged facts. *Id.*, *citing Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949–1952 (2009)).

On a Rule 12(c) motion, the court is not strictly limited to considering the face of the complaint. *Snoqualmie Indian Tribe v. City of Snoqualmie*, 186 F. Supp. 3d 1155, 1161–62 (W.D. Wash. 2016). Just like on a Rule 12(b)(6) motion, the court may consider material that is properly submitted as part of the complaint without converting the motion into a summary judgment motion. *Id.* at 1162, *citing Point Ruston*, 658 F. Supp. 2d at 1273); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("the court may consider a document incorporated by reference into the pleadings as long as the document is central to the parties' claims or defenses, and the document's authenticity is not in question."). Here, the parties do not dispute the accuracy of Exhibits A through E attached to Central Freight's Complaint, and so the exhibits may be properly considered without converting the instant 12(c) motion to a summary judgment motion.[2]

## III. ARGUMENT

### A. The Court Can Determine as a Matter of Law Whether Amazon Has an Extra-Judicial Right to Set Off.

The Court can determine as a matter of law whether Amazon had a contractual or equitable right to engage in extra-judicial self-help and unilaterally withhold $2,856,602.00 that is owed to Central Freight for services rendered. (*See* AFS' Counterclaim, ¶¶ 29, 36.) The relevant contract between the parties, the Transportation Agreement, is attached to the Complaint and incorporated

[2] Should the Court decide to convert Central Freight's motion for judgment on the pleadings to a summary judgment motion, Central Freight requests the Court offer it the opportunity to present all other material made pertinent to the motion by Rule 56(d). *San Diego Gas & Elec. Co. v. Summit Res. Ltd.*, 131 F.3d 148 (9th Cir. 1997), *citing* Fed. R. Civ. P. 12(c).



ROETZEL & ANDRESS
20 S. CLARK STREET
SUITE 300
CHICAGO, IL 60603
312.580.1200

into the pleading. (Compl., ¶ 11 and Ex. A.) Under Washington law, interpretation of an unambiguous contract is a question of law. *Manufactured Hous. Communities of Washington v. St. Paul Mercury Ins. Co.*, 660 F. Supp. 2d 1208, 1212 (W.D. Wash. 2009). Moreover, Washington follows the objective manifestation theory of contracts under which a court focuses on the "objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties" to ascertain intent. *Contractors Equip. Maint. Co. ex rel. U.S. v. Bechtel Hanford, Inc.*, 514 F.3d 899, 903 (9th Cir. 2008) (quoting *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wash.2d 493, 115 P.3d 262, 267 (2005) (en banc)). The Court may thus review the Transportation Agreement's express terms, determine whether an ambiguity exists, and if no such ambiguity exists determine as a matter of law whether a contractual right of set off exists.

In addition, the court may determine as a matter of law whether Washington law provides for an equitable right of set off that permits a party to engage in extra-judicial, self-help. *See, e.g., Snoqualmie Indian Tribe v. City of Snoqualmie*, 186 F. Supp. 3d 1155, 1161 (W.D. Wash. 2016) (judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law).

If this Court determines as a matter of law that Amazon does not have a right of extra-judicial set off, partial judgment on the pleadings should be granted to Central Freight on Counts I and II of its Complaint.

**1. It is Undisputed That Amazon Has No Contractual Right to Set Off.**

Amazon admits that it entered into the Transportation Contract with Central Freight. (Answer, ¶ 3.) Even a cursory reading of the Transportation Agreement establishes that there it contains no provision that grants Amazon a contractual right to set off. (Compl., at Ex. A.) Importantly, Amazon does *not* claim that the Transportation Agreement gives it any contractual right to set off. Instead, Amazon asserts only one purported legal basis for the extra-judicial set off – *i.e.*, the "equitable doctrine of set-off." (Answer, ¶ 4.) Amazon therefore cannot rely on the Transportation Agreement as justification for its extra-judicial set off.

**2. There is No Common Law Doctrine Authorizing Amazon To Withhold the**



ROETZEL & ANDRESS
20 S. CLARK STREET
SUITE 300
CHICAGO, IL 60603
312.580.1200

**Money on an Equitable and Extra-Judicial Basis.**

Absent a contractual set off provision, Washington law does not permit the withholding of payment as set-off against a disputed services contract as an extra-judicial, self-help remedy. *See, e.g., Dowling v. Seattle*, 22 Wash. 592, 61 P. 709 (1900) (City was entitled to withhold payment for work done *based on the express terms in the contract at issue*) (emphasis added). Any contention by Amazon that it properly engaged in equitable set off should be rejected as a matter of law.

Under Washington law, recoupment and set off are not self-help remedies. Instead, they are defenses that can only be asserted as affirmative defenses or counterclaims. *See* RCW 4.32.150 ("To entitle a defendant to a setoff he or she must set the same forth in his or her answer."); *see also* RCW 62A.3-305 ("the right to enforce the obligation of a party to pay an instrument is subject to . . . (3) A claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument; <u>but the claim of the obligor may be asserted against a transferee of the instrument only to reduce the amount owing on the instrument at the time the action is brought</u>") (emphasis added); *Warren, Little & Lund, Inc. v. Max J. Kuney Co.*, 115 Wash. 2d 211, 216, 796 P.2d 1263, 1266 (1990) ("We hold a contingent unliquidated counterclaim may be <u>pleaded</u> as a setoff . . .") (emphasis added); *see also Olsen v. Pesarik,* 118 Wash. App. 688, 692, 77 P.3d 385, 387 (2003) (recoupment or offset is a defense). These rules mandate that a party must specifically plead set off in lawsuit, which demonstrates that set off is not a recognized self-help remedy.

It is well established that "[t]he right of setoff is permissive, not mandatory; its application rests in the discretion of the court, which exercises such discretion under the general principles of equity." *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1399 (9th Cir. 1996); *see also* 20 Am. Jur. 2d (1965) "Counterclaim, Recoupment, and Setoff," §§ 7, 14, 18, 24, 25, 29, 64, 75, 161 (setoff, especially equitable setoff, usually remains a procedural option to be exercised in appropriate circumstances in the sound discretion of the court). Thus, Amazon was not permitted to unilaterally—and without court authorization—withhold funds due and owing Central Freight



ROETZEL & ANDRESS
20 S. CLARK STREET
SUITE 300
CHICAGO, IL 60603
312.580.1200

as set off for past disputes. Amazon's proper recourse was to seek assistance from the courts to adjudicate its dispute with Central Freight; its retention of the monies at issue is thus wrongful.[3]

Amazon may contend that Central Freight breached the Transportation Agreement by purportedly overbilling Amazon for the freight services. Even if this were true (which it is not), Washington law does not permit set off as an extra-judicial remedy in such circumstances. Instead, "the law gives the [nonbreaching] promisee/obligee the option to declare a default, terminate the contract, and sue for damages (if any) incurred to date; or, alternatively, to continue the contract in effect and sue for damages incurred when performance is finished." *Colorado Structures, Inc. v. Ins. Co. of the W.*, 161 Wash. 2d 577, 591–92, 167 P.3d 1125, 1133 (2007). In either case, the nonbreaching party must sue for damages. Amazon took neither of the two options available to it under the law if it believed that Central Freight overbilled it. By failing to avail itself of the courts, and instead resorting to self-help, Amazon itself breached the Transportation Agreement when it failed to pay Central Freight for services rendered when payment was due and owing.

The reason why Washington law does not permit self-help of the sort Amazon engaged in is obvious. A large entity such as Amazon has the upper hand in its dealings with its myriad vendors. If an entity such as Amazon were permitted unilaterally to set off monies owed whenever there was a dispute, the vendors would be forced to incur the costs, burdens and delays of filing suit if it wanted to recover monies owed. Furthermore, the vendors could instead be strong-armed (as Amazon attempted to do here with Central Freight) to capitulate to unfair changes to and violations of the parties' agreement. This could cause great damage to the vendor, just as Amazon's withholding of monies due on *undisputed* services rendered from January through March 2017 has damaged – and continues to damage – Central Freight.

Accordingly, the Court should grant Central Freight partial judgment on the pleadings on

---

[3] Indeed, the U.S. District Court for the District of Oregon determined that a party's extra-judicial setoff against disputed royalties was "a form of self-help that impedes [the] court's fair resolution of the pending claims." *Archway Cookies v. Smith Cookie Co.*, No. CV 03-895-HA, 2004 WL 1586890, at *4 (D. Or. July 15, 2004).



ROETZEL & ANDRESS
20 S. CLARK STREET
SUITE 300
CHICAGO, IL 60603
312.580.1200

Counts I and II hold that Amazon must pay Central Freight the monies that it is wrongfully withholding. This lawsuit would then proceed to a determination on the merits as to whether Central Freight properly billed Amazon for its services.

**B. Alternatively, Judgment on the Pleadings Should Be Granted for All Amounts That Amazon is Withholding Relating to Invoices Earlier than the 18-Month Contractual Look Back Period.**

In the alternative, should this Court deem that the Transportation Agreement is ambiguous regarding whether Amazon had a contractual right to set off, Amazon still does not have a right to withhold any amount where the corresponding original invoice predates the contractual 18-month look back period. The Transportation Agreement contains an unambiguous provision stating that "[a]ll claims filed by Amazon for undercharge must be filed within 18 months of the original invoice." (Compl, at Exhibit A, Section 2.2.) Amazon sent Central Freight a letter on August 10, 2016 claiming that Central Freight had overbilled Amazon for shipments. (Compl, at Ex. D; Answer, ¶ 35.) Pursuant to the express terms of the contractual 18-month look back period, Amazon could only seek reimbursement for invoices dating back to on or about mid-February of 2015. Despite this, and in violation of the Transportation Agreement's express terms, Amazon's demand letter sought reimbursement for transportation services for the entire period "from January, 2012 through July, 2016." (*Id.*)

The Court should grant Central Freight partial judgment on the pleadings on Counts I and II, and hold that Amazon must pay Central Freight all monies that is wrongfully withholding where the corresponding original invoice predates the contractual 18-month look back period. Central Freight believes that when the 18-month look back period is considered, the total amount that Amazon could recover under the Transportation Agreement for the disputed LTL overcharges is $1,302,440. (Compl., ¶¶ 70-71.) Because of this, Central Freight believes Amazon is improperly withholding $1,554,162, which is the difference between Amazon's original demand of $2,856,602 and the 18-month look back amount of $1,302,440. (Compl., ¶¶ 64, 70-71.) However, the pleadings do not establish the amount as a matter of law. Central Freight therefore



ROETZEL & ANDRESS
20 S. CLARK STREET
SUITE 300
CHICAGO, IL 60603
312.580.1200

requests that, should it be granted partial judgment on the pleadings on Counts I and II, the matter then be set for an evidentiary hearing to determine the amounts Amazon is wrongfully withholding.

## IV. CONCLUSION

For the reasons stated herein, Central Freight respectfully requests the Court review the pleadings, including the exhibits attached thereto, and enter partial judgment on the pleadings in Central Freight's favor on Count I and II in the amount of $2,856,602.00, finding that Amazon's failure to pay for undisputed services rendered in January through March 2017 is a breach of the Termination Agreement, and declare that Amazon cannot withhold payment for those services based on a prior dispute with Central Freight. In the alternative, Central Freight respectfully requests the Court grant Central Freight partial judgment on the pleadings on Counts I and II, holding that Amazon must pay Central Freight all monies that is wrongfully withholding where the corresponding original invoices predate the contractual 18-month look back period, and set the matter for an evidentiary hearing to determine the amount wrongfully withheld.



ROETZEL & ANDRESS
20 S. CLARK STREET
SUITE 300
CHICAGO, IL 60603
312.580.1200

Respectfully submitted,

Central Freight Lines, Inc., a Texas corporation

Dated: July 20, 2017

s/ Marc H. Kallish

Marc H. Kallish (*Pro Hac Vice*)
Garry L. Wills (*Pro Hac Vice*)
ROETZEL & ANDRESS LPA
20 S. Clark St., Suite 300
Chicago, IL 60603
Telephone: 312.580.1200
E-mail:mkallish@ralaw.com
gwills@ralaw.com
*Attorneys for Plaintiff, Central Freight Lines, Inc.*

s/Jacob M. Downs

CORR DOWNS PLLC
100 W. Harrison St., N440
Seattle, WA 98119
Telephone: 206.962.5041
E-mail:jdowns@corrdowns.com
*Attorneys for Plaintiff, Central Freight Lines, Inc.*

## CERTIFICATE OF SERVICE

I, Marc H. Kallish, an attorney of record, do hereby certify that on July 20, 2017, a copy of this document was served via the Court's ECF system on the following:

**Jacob M Downs**
Corr Downs PLLC
100 West Harrison St., Suite N440
Seattle, WA 98119
**Phone: 206-962-5041**
**Email: jdowns@corrdowns.com**

**Joshua R. Mandell**
**Michael R. Weiss**
Akerman LLP
725 South Figueroa Street 38th Floor
Los Angeles, CA 90017
**Phone: 213-688-9500**
**Fax: 213-627-6342**
**Email: joshua.mandell@akerman.com**
**michael.weiss@akerman.com**

**Jeremy Robert Larson**
**Tim J. Filer**
Foster Pepper PLLC

**Gregory L Doll**
**Jamie Olivia Kendall**
**L. Katie Machado**

1111 Third Ave.
Suite 3000
Seattle, WA 98101-3299
206-447-4400
Fax: 206-447-4400
Email: jake.larson@Foster.com
tim.filer@Foster.com

Doll Amir and Eley LLP
1888 Century Park East Suite 1850
Los Angeles, CA 90067
310-557-9100
Fax: 310-557-9103
Email: gdoll@dollamir.com
jkendall@dollamir.com
kmachado@dollamir.com

By: /s/ Marc H. Kallish

Marc H. Kallish
ROETZEL & ANDRESS LPA
20 South Clark Street, Suite 300
Chicago, Illinois 60603
Phone: 312-582-1604
Fax: 312-580-1201