The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CENTRAL FREIGHT LINES, INC., a Texas Corporation )

Plaintiff, )

v. )

AMAZON FULFILLMENT SERVICES, )
a Delaware corporation, and DOES 1 through )
25, inclusive, )

Defendants. )

Case No. 2:17-cv-00814

**STIPULATED PROTECTIVE ORDER**

1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.   "CONFIDENTIAL" MATERIAL

Confidential information may be designated "Confidential," or "Attorneys' Eyes Only."

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-00814

1   "Confidential" material shall include commercial information that is not publicly known

2   and is of technical or commercial advantage to its possessor, in accordance with Fed. R. 26(c)(7),

3   or other information required by law or agreement to be kept confidential.

4   "Attorneys' Eyes Only" material shall include information that the producing party deems

5   especially sensitive, which may include (but is not limited to) trade secrets, confidential research

6   and development, financial, technical, marketing, pricing and revenue information, and any other

7   sensitive trade secret information, the disclosure of which to in-house counsel, officers, directors,

8   and/or managers would create a substantial risk of serious harm that could not be avoided by less

9   restrictive means.

10   3.   SCOPE

11   The protections conferred by this agreement cover not only confidential material (as

12   defined above), but also (1) any information copied or extracted from confidential material; (2)

13   all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

14   conversations, or presentations by parties or their counsel that might reveal confidential material.

15   However, the protections conferred by this agreement do not cover information that is in

16   the public domain or becomes part of the public domain through trial or otherwise.

17   4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

18   4.1   Basic Principles. A receiving party may use confidential material that is disclosed

19   or produced by another party or by a non-party in connection with this case only for prosecuting,

20   defending, or attempting to settle this litigation. Confidential material may be disclosed only to

21   the categories of persons and under the conditions described in this agreement. Confidential

22   material must be stored and maintained by a receiving party at a location and in a secure manner

23   that ensures that access is limited to the persons authorized under this agreement.

24   4.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

25   ordered by the court or permitted in writing by the designating party, a receiving party may

26   disclose any confidential material only to:

27

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-00814

1          (a)     the receiving party's counsel of record in this action, as well as employees

2 of counsel to whom it is reasonably necessary to disclose the information for this litigation;

3          (b)     the officers, directors, and employees (including in house counsel) of the

4 receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

5 agree that a particular document or material produced is for "Attorneys' Eyes Only" and is so

6 designated;

7          (c)     experts and consultants to whom disclosure is reasonably necessary for

8 this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

9 A);

10          (d)     the court, court personnel, and court reporters and their staff;

11          (e)     copy or imaging services retained by counsel to assist in the duplication

12 of confidential material, provided that counsel for the party retaining the copy or imaging service

13 instructs the service not to disclose any confidential material to third parties and to immediately

14 return all originals and copies of any confidential material;

15          (f)     during their depositions, witnesses in the action to whom disclosure is

16 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

17 (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

18 transcribed deposition testimony or exhibits to depositions that reveal confidential material must

19 be separately bound by the court reporter and may not be disclosed to anyone except as permitted

20 under this agreement;

21          (g)     the author or recipient of a document containing the information or a

22 custodian or other person who otherwise possessed or knew the information;

23          (h)     any mediator retained by the parties or appointed by the Court in this

24 action, and his or her staff who are assisting in the conduct of the mediation, who have signed

25 the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

26

27

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-00814

4.3     Disclosure of "Attorneys' Eyes Only" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party and any applicable non-party, a receiving party may disclose "Attorneys' Eyes Only" material only to:

(a)     Persons who appear on the face of the Designated Materials as an author, addressee, or recipient thereof;

(b)     Outside Counsel;

(c)     Experts and consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d)     The Court and its personnel;

(e)     Any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f)     Court reporters; and

(g)     Professional vendors to which disclosure is reasonably necessary for this litigation and a representative of which that has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

4.4     Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-00814

1    standards. To the extent it is practical to do so, the designating party must designate for protection

2    only those parts of material, documents, items, or oral or written communications that qualify,

3    so that other portions of the material, documents, items, or communications for which protection

4    is not warranted are not swept unjustifiably within the ambit of this agreement.

5         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

6    shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

7    unnecessarily encumber or delay the case development process or to impose unnecessary

8    expenses and burdens on other parties) expose the designating party to sanctions.

9         If it comes to a designating party's attention that information or items that it designated

10   for protection do not qualify for protection, the designating party must promptly notify all other

11   parties that it is withdrawing the mistaken designation.

12        5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

13   agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

14   ordered, disclosure or discovery material that qualifies for protection under this agreement must

15   be clearly so designated before or when the material is disclosed or produced.

16             (a)    <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents

17   and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

18   proceedings), the designating party must affix the word "CONFIDENTIAL" and, if applicable,

19   "ATTORNEYS' EYES ONLY", to each page that contains confidential material. If only a

20   portion or portions of the material on a page qualifies for protection, the producing party also

21   must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the

22   margins).

23             (b)    <u>Testimony given in deposition or in other pretrial proceedings:</u> the parties

24   and any participating non-parties must identify on the record, during the deposition or other

25   pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

26   testimony after reviewing the transcript. Any party or non-party may, within fifteen days after

27   receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-00814

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040.

transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)   Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" and, if applicable, "ATTORNEYS' EYES ONLY".  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-00814

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

1    6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

2    intervention, the designating party may file and serve a motion to retain confidentiality under

3    Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

4    persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

5    made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

6    other parties) may expose the challenging party to sanctions. All parties shall continue to

7    maintain the material in question as confidential until the court rules on the challenge.

8    7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

9    <u>LITIGATION</u>

10    If a party is served with a subpoena or a court order issued in other litigation that compels

11    disclosure of any information or items designated in this action as "CONFIDENTIAL" or

12    "ATTORNEYS' EYES ONLY", that party must:

13    (a)    promptly notify the designating party in writing and include a copy of the

14    subpoena or court order;

15    (b)    promptly notify in writing the party who caused the subpoena or order to

16    issue in the other litigation that some or all of the material covered by the subpoena or order is

17    subject to this agreement. Such notification shall include a copy of this agreement; and

18    (c)    cooperate with respect to all reasonable procedures sought to be pursued

19    by the designating party whose confidential material may be affected.

20    8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

21    If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

22    material to any person or in any circumstance not authorized under this agreement, the receiving

23    party must immediately (a) notify in writing the designating party of the unauthorized

24    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

25    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

26    this agreement, and (d) request that such person or persons execute the "Acknowledgment and

27    Agreement to Be Bound" that is attached hereto as Exhibit A.

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-00814

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:    December 15, 2017

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-00814

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ROETZEL & ANDRESS, LPA


By _____*s/ Marc H. Kallish*_____
    Marc H. Kallish (admitted *pro hac vice*)
    Garry Wills (admitted *pro hac vice*)
    Roetzel & Andress, LPA
    20 S. Clark St., Suite 300
    Chicago, IL 60603
    Telephone: 312.580.1200
    Email: mkallish@ralaw.com
          gwills@ralaw.com
    *Attorneys for Plaintiff*

CORR DOWNS PLLC


By_____*s/ Jacob M. Downs*_____
    Jacob M. Downs, WSBA No. 37982
    Corr Downs PLLC
    100 W. Harrison St. N440
    Seattle, WA 98119
    Telephone: 206.962.5040
    Email: jdowns@corrdowns.com
    *Attorneys for Plaintiff*

DATED:   December 15, 2017

FOSTER PEPPER PLLC


By_____*s/ Tim J. Filer*_____
Tim J. Filer, WSBA No. 16285
Steven W. Block, WSBA No. 24299
Christopher A. Rogers, WSBA No. 49634
1111 Third Avenue, Suite 3000 Seattle, Washington 98101-3292 Telephone: (206) 447-4400 Facsimile: (206) 447-9700
Email: tim.filer@foster.com
steve.block@foster.com
christopher.rogers@foster.com
*Attorneys for Defendants*

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-00814

1
2    PURSUANT TO STIPULATION, IT IS SO ORDERED

3         IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

4    documents in this proceeding shall not, for the purposes of this proceeding or any other

5    proceeding in any other court, constitute a waiver by the producing party of any privilege

6    applicable to those documents, including the attorney-client privilege, attorney work-product

7    protection, or any other privilege or protection recognized by law.

8
9    DATED: December 28, 2017

10

11   _____
     Honorable James L. Robart
12   United States District Court Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-00814

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

1

2

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of

4   _____ [print or type full address], declare under penalty

5   of perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6   issued by the United States District Court for the Western District of Washington on [date] in the

7   case of *Central Freight Lines, Inc. v. Amazon Fulfillment Services*, Western District of

8   Washington Case No. 2:17-cv-00814-JLR. I agree to comply with and to be bound by all the

9   terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

10   comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

11   promise that I will not disclose in any manner any information or item that is subject to this

12   Stipulated Protective Order to any person or entity except in strict compliance with the provisions

13   of this Order.

14      I further agree to submit to the jurisdiction of the United States District Court for the

15   Western District of Washington for the purpose of enforcing the terms of this Stipulated

16   Protective Order, even if such enforcement proceedings occur after termination of this action.

17   Date: _____

18   City and State where sworn and signed: _____

19   Printed name: _____

20   Signature: _____

21

22

23

24

25

26

27

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-00814

1

## CERTIFICATE OF SERVICE

2   The undersigned certifies under penalty of perjury under the laws of the United States of

3   America that on the 28th day of December, 2017, the document attached hereto was presented to

4   the Clerk of the Court for filing and uploading to the CM/ECF system.  In accordance with their

5   ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail

6   notification to counsel of record.

7   Tim J. Filer
8   Steven W. Block
    Christopher A. Rogers
9   1111 Third Avenue, Suite 3000 Seattle, Washington 98101-3292
    Telephone: (206) 447-4400 Facsimile: (206) 447-9700
10  Email: tim.filer@foster.com steve.block@foster.com
    christopher.rogers@foster.com
11

12   Executed on the 15th day of December, 2017, at Seattle, Washington.

13

14                                  /s/Jacob M. Downs
                                    Jacob M. Downs, WSBA No. 37982

15

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATED PROTECTIVE ORDER - 12
Case No. 2:17-cv-00814

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040