HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CENTRAL FREIGHT LINES, INC., a Texas )
Corporation )
                                  )
                    Plaintiff, )
                                   )
      v.                           )
                                   )
AMAZON FULFILLMENT SERVICES, )
a Delaware corporation, and DOES 1 through )
25, inclusive, )
                    Defendants. )
                                   )
                                   )

Case No. 2:17-cv-00814

**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [~~PROPOSED~~] ORDER**

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.**      **General Principles**

1.     An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.     The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 1
Case No. 2:17-cv-00814

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

1   3.      The parties agree to work collaboratively and in good faith regarding the production of

2   ESI.  The parties agree to preserve originals of documents or other information that is produced

3   through the course of litigation, including ESI.  The parties agree to work together to reach

4   agreement on limits to the scope of production of ESI, including the use of date restrictions, key

5   word terms, and file types.

6

7   **B.      ESI Disclosures**

8   Within 30 days after the Rule 26(f) conference, or at a later time if agreed to by the

9   parties, each party shall disclose:

10  1.      <u>Custodians.</u> The five custodians most likely to have discoverable ESI in their possession,

11  custody or control. The custodians shall be identified by name, title, connection to the instant

12  litigation, and the type of the information under his/her control.

13  2.      <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (e.g. shared

14  drives, servers, etc.), if any, likely to contain discoverable ESI.

15  3.      <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to

16  contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud"

17  storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve

18  information stored in the third-party data source.

19  4.      <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI

20  (by type, date, custodian, electronic system or other criteria sufficient to specifically

21  identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ.

22  P. 26(b)(2)(B).

23  **C.      Preservation of ESI**

24  The parties acknowledge that they have a common law obligation to take reasonable and

25  proportional steps to preserve discoverable information in the party's possession, custody or

26  control. With respect to preservation of ESI, the parties agree as follows:

27

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 2
Case No. 2:17-cv-00814

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

1.   Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2.   All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3.   Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a.   Deleted, slack, fragmented, or other data only accessible by forensics.

    b.   Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c.   On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d.   Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e.   Back-up data that are substantially duplicative of data that are more accessible elsewhere.

    f.   Server, system or network logs.

    g.   Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h.   Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D.      Privilege**

1.   With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

2.   Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 3
Case No. 2:17-cv-00814

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

3. Parties shall confer on appropriate non-waiver order under Fed. R. Evid. 502. Until non-waiver order is entered, information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

**E. ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology.</u> The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology.

In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

a. A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

b. If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 10 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The 10 additional terms or queries, if any, must be provided by the requesting party within 30 days of receipt of the producing party's production or as otherwise agreed.

c. Focused terms and queries should be employed; broad terms or queries,

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 4
Case No. 2:17-cv-00814

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

1  such as product and company names, generally should be avoided.  Absent a showing of

2  good cause, each search term or query returning more than 100 GBs of data is presumed to be

3  overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large

4  file types, unless otherwise agreed.

5          d.      The producing party shall search both non-custodial data sources and

6  ESI maintained by the custodians identified above.

7      3.      Format. The parties agree that ESI will be produced to the requesting party with

8  searchable text, in a format outlined in the attached Additional Provisions for More Complex

9  Cases. Unless otherwise agreed to by the parties, files that are not easily converted to image

10 format, such as photographs, spreadsheets, databases and drawing files, should be produced

11 in native format.

12     4.      De-duplication.    The parties may de-duplicate their ESI production across

13 custodial and non-custodial data sources after disclosure to the requesting party.

14     5.      Metadata fields. If the requesting party seeks metadata, the parties agree to

15 provide metadata as outlined in the attached Additional Provisions for More Complex Cases.

16

17 DATED: February 20, 2018

18

19

20

21

22

23

24

25

26

27

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 5
Case No. 2:17-cv-00814

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

ROETZEL & ANDRESS, LPA


By _s/Marc H. Kallish_____
     Marc H. Kallish (admitted *pro hac vice*)
     Garry Wills (admitted *pro hac vice*)
     Roetzel & Andress, LPA
     20 S. Clark St., Suite 300
     Chicago, IL 60603
     Telephone: 312.580.1200
     Email: mkallish@ralaw.com
            gwills@ralaw.com
     *Attorneys for Plaintiff*

CORR DOWNS PLLC


By _s/Jacob M. Downs_____
     Jacob M. Downs, WSBA No. 37982
     Corr Downs PLLC
     100 W. Harrison St. N440
     Seattle, WA 98119
     Telephone: 206.962.5040
     Email: jdowns@corrdowns.com
     *Attorneys for Plaintiff*

FOSTER PEPPER PLLC


By _s/Christopher A. Rogers_____
Tim J. Filer, WSBA No. 16285
Steven W. Block, WSBA No. 24299
Christopher A. Rogers, WSBA No. 49634
1111 Third Avenue, Suite 3000 Seattle,
Washington 98101-3292 Telephone: (206) 447-4400 Facsimile: (206) 447-9700
Email: tim.filer@foster.com
steve.block@foster.com
christopher.rogers@foster.com
*Attorneys for Defendants*

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 6
Case No. 2:17-cv-00814

# ORDER

Based on the foregoing, IT IS SO ORDERED.

Dated this **21**ˢᵗ day of February, 2018.

The Honorable James L. Robart
UNITED STATES DISTRICT JUDGE

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 7
Case No. 2:17-cv-00814

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

### ADDITIONAL PROVISIONS FOR MORE COMPLEX CASES

In addition to the provisions set forth in the Model ESI Agreement above, parties may find the following provisions appropriate and useful in addressing more complicated ESI discovery issues. The complexity of ESI discovery varies from case to case and is not necessarily tied to the number or size of the parties or the amount in controversy. The additional provisions below are intended to assist parties in anticipating and addressing early on more complicated ESI discovery issues but may not be appropriate or necessary in every case. The following provisions are intended as suggested provisions from which parties may pick and choose, taking into consideration the needs of the particular case.

      1.   <u>Search methodology.</u>

Upon reasonable request and if appropriate for the particular case, a party shall also disclose information relating to network design, the types of databases, database dictionaries, the access control list and security access logs and rights of individuals to access the system and specific files and applications, the ESI document retention policy, organizational chart for information systems personnel, or the backup and systems recovery routines, including, but not limited to, tape rotation and destruction/overwrite policy.

      2.   <u>Format.</u>

The parties agreed to produce electronically stored information as follows:

      a.   <u>General Document Image Format.</u>  The parties shall produce each electronic document (other than photographs and documents produced in native format) in single-page Tagged Image File Format ("TIFF") images, and named with a unique production number followed by the appropriate file extension.  For multi-page documents, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document (e.g. all email shall be produced with any corresponding attachments). The Load Files, as outlined below, shall indicate the location and unitization of the TIFF files.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 8
Case No. 2:17-cv-00814

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

b. <u>Text-Searchable Documents</u>. The parties shall produce each electronic document in text-searchable format, but shall also preserve the integrity of the underlying ESI (e.g. the original formatting, metadata (outlined below), and, where applicable, the revision history) for each document.

c. <u>Footer</u>. The parties shall produce each document image to include, in a footer, a sequentially ascending production number (Bates number).

d. <u>Native Files</u>. The parties shall produce in native format any document that is not easily converted to image format, such as photographs, Excel files, Access files, and drawing files. Static image placeholders containing a corresponding production number (Bates number) shall be provided for cross-referencing purposes within the Load Files.

e. <u>Metadata</u>. The parties shall provide Metadata for each electronic document. "Metadata" means the following:

    i. For email, "Metadata" means all information associated with the email as it is kept in the usual course of business and/or as ordinarily maintained, including: to, from, cc, bcc, date and time created, date and time sent, date and time received, subject, folder, and custodian.

    ii. For electronic documents, "Metadata" means all information associated with the document as it is kept in the usual course of business and/or as ordinarily maintained, including: document type, custodian(s), title, author, subject, file name and size, original file path, date and time created, and date and time modified.

f. <u>Load Files</u>. Load Files means information created for each document for purposes of managing production of the document in this litigation. The parties shall provide Load Files associating the foregoing metadata of each document with the TIFF and text file or native format file and indicating the location and unitization of the document (e.g. .DAT and .OPT files and full Native File metadata fields, and

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 9
Case No. 2:17-cv-00814

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

extracted text). The Load Files shall also include the document's beginning and ending Bates number, the beginning and ending Bates number of the entire range of documents that were grouped together (family group), any confidentiality designation, and any redaction associated with the document.

Metadata fields. *See* Format specifications above.

4.   <u>Hard-Copy Documents.</u> If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents shall include a cross-reference file that indicates document breaks and sets forth the Custodian or Source associated with each produced document.   Hard-copy documents shall be scanned using Optical Character Recognition ("OCR") technology and searchable ASCII text files shall be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file shall be named with a unique Bates Number (e.g. the Unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

5.   <u>Privilege Log Based on Metadata.</u>  The parties agree that privilege logs shall be provided 30 days after the date agreed upon for final production in this matter.   The privilege log shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection).   For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title and date created.   Should the available metadata provide insufficient information for the purpose of evaluation the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 10
Case No. 2:17-cv-00814

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040

1

## CERTIFICATE OF SERVICE

2    The undersigned certifies under penalty of perjury under the laws of the United States of

3    America that on the 20th day of February, 2018, the document attached hereto was served on the

4    undersigned via electronic mail:

5    Tim J. Filer
     Steven W. Block
6    Christopher A. Rogers
7    1111 Third Avenue, Suite 3000 Seattle, Washington 98101-3292
     Telephone: (206) 447-4400 Facsimile: (206) 447-9700
8    Email: tim.filer@foster.com steve.block@foster.com
     christopher.rogers@foster.com
9

10    Executed on the 20th day of February, 2018, at Seattle, Washington.

11

12                                      /s/Jacob M. Downs
                                        Jacob M. Downs, WSBA No. 37982
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 11

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962-5040