UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CENTRAL FREIGHT LINES, INC.,<br><br>                      Plaintiff,<br>     v.<br><br>AMAZON FULFILLMENT SERVICES, et al.,<br><br>                      Defendants. | CASE NO. C17-0814JLR<br><br>ORDER ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND MODIFY THE SCHEDULING ORDER TO ADD A DEFENDANT AND ASSERT NEW CLAIMS |

## I. INTRODUCTION

Before the court is Plaintiff Central Freight Lines, Inc.'s ("Central Freight") motion requesting: (1) leave to file an amended complaint asserting new claims against Defendant Amazon Fulfillment Services ("Amazon"); and (2) modification of the court's scheduling order to add Christian Piller as a Defendant and assert fraud claims against him. (Mot. (Dkt. # 125).) Amazon opposes the motion (Resp. (Dkt. # 127)), and Central Freight filed a reply (Reply (Dkt. # 128)). The court has considered the motion, the

parties' submissions concerning the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS in part and DENIES in part Central Freight's motion.

## II. BACKGROUND

The court detailed this case's factual and procedural background in its prior orders. (*See* 7/10/17 Order (Dkt. # 47) at 2-4; 11/07/17 Order (Dkt. # 57) at 2-6.) Thus, in this order, the court recounts only the facts and procedural history salient to the instant motion.

This case arises from a contract dispute between Central Freight, a freight carrier, and Amazon. (*See generally* Compl. (Dkt. # 1).) Central Freight provided shipping services to Amazon pursuant to a Transportation Agreement ("the Agreement") executed on July 7, 2011. (*Id.* ¶¶ 2, 10-11, Ex. A ("Agreement").) In mid-2016, Amazon audited Central Freight's services and concluded that it had overpaid Central Freight under the Agreement. (Compl. ¶ 35; *see id.*, Ex. D ("Demand Letter").) Amazon determined that Central Freight had overcharged it in three ways: (1) by failing to apply a 30% discount to shipments of eight or more pallets ("8+ pallet shipments") (Demand Letter at 3); (2) by improperly double-counting shipments from the same origin to the same destination on the same day ("multiple bills of lading" or "MBOL") (*id.* at 2-3); and (3) by supplying Amazon the incorrect Tender ID, which Amazon uses to identify the shipment for

---

[1] Neither party requests oral argument on the motion (*see* Mot. at 1; Resp. at 1), and the court finds oral argument unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

notification and transportation purposes (*id.* at 3). Based on those asserted errors, Amazon demanded that Central Freight reimburse Amazon $2,856,602.00 no later than September 15, 2016. (*Id.*)

Central Freight disputes Amazon's contentions, arguing that its billing for 8+ pallet shipments was consistent with the parties' oral modification to the Agreement. (Compl. ¶¶ 26-27.) In addition, Central Freight argues that Amazon's MBOL and Tender ID allegations are in fact an improper attempt by Amazon to unilaterally amend the Agreement. (*Id.* ¶¶ 37-63.) Based on these disputes, Central Freight declined to reimburse any of the money that Amazon demanded. (*Id.* ¶¶ 37, 49, 63, 68.)

In response, an Amazon "affiliate"—Amazon Truckload Services—withheld payment from Central Freight for other services performed. (*Id.* ¶ 76.) The Amazon affiliate indicated that it was "setting off funds owed by Central Freight" and would "start to pay any outstanding funds once the funds owed to Amazon have been recouped as part of this process." (*Id.* ¶ 87, Ex. F.)

On April 26, 2017, Central Freight filed suit against Amazon asserting (1) breach of contract (Compl. ¶¶ 93-98); (2) violation of the Washington Consumer Protection Act, RCW 19.86, *et seq.* and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (*id.* ¶¶ 99-110); and (3) fraud (*id.* ¶¶ 111-19). In addition, Central Freight brought a claim for declaratory judgment that Amazon (1) breached the Agreement by (a) "back-charging Central Freight a 30 percent discount for shipments of 8 pallets or more," (b) "back-charging Central Freight for separately invoicing Amazon for shipments from the same origin to the same destination on the same day," and (c)

"back-charging Central Freight for the Tender ID Issue"; and (2) "wrongfully withheld payments as purported set-off to the amounts [Amazon] wrongfully claimed it overpaid." (*Id.* ¶¶ 90-92.) Amazon brought a number of counterclaims against Central Freight. (*See generally* Countercl. (Dkt. # 48) ¶¶ 37-59.)

On August 3, 2017, the court entered a scheduling order, which set an August 31, 2017, deadline for joining additional parties. (*See* Sched. Order (Dkt. # 53) at 1.) On April 30, 2018, after the parties jointly moved to continue the trial date and discovery deadline due to this case's "complexity and scope" and the volume of documents that needed to be produced in discovery (*see generally* Joint MTC (Dkt. # 108)), the court entered an amended scheduling order (*see* Am. Sched. Order (Dkt. # 110)). Under the amended scheduling order, the deadline for amending pleadings is March 27, 2019. (*Id.* at 1.) The amended scheduling order did not alter the deadline for joining additional parties. (*See generally id.*)

Central Freight now moves for: (1) leave to file an amended complaint asserting new claims against Amazon; and (2) modification of the court's scheduling order to add Mr. Piller as a Defendant and assert fraud claims against him. (*See generally* Mot.; *see also id.* at 2, Ex. A ("Proposed FAC").) Amazon opposes both requests. (*See generally* Resp.)

### III. ANALYSIS

**A. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his

policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Courts use five factors to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Not all of these factors are weighted equally. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187 (citing *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)).

However, once a district court files a scheduling order pursuant to Federal Rule of Civil Procedure 16 and the deadlines for amending a pleading or joining a party expire, a party's motion to amend a pleading or join an additional party is governed by Rule 16, not Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). A party seeking to amend a pleading or join an additional party after the date specified in the scheduling order must first show "good cause" for amendment under Rule 16(b)(4). Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Johnson*, 975 F.2d at 608. "Unlike Rule 15(a)'s

liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. To show "good cause" a party must show that, despite its diligence, it could not meet the scheduling order's deadline. *Id*. If a party is able to show good cause, it must then demonstrate that the amendment is proper under Rule 15. *See id.* at 608; *MMMT Holdings Corp. v. NSGI Holdings, Inc.*, No. C12-01570RSL, 2014 WL 2573290, at *2 (W.D. Wash. June 9, 2014).

**B.     Leave to File an Amended Complaint**

Because the March 27, 2019, deadline for amending pleadings has not yet passed, the court considers Central Freight's motion for leave to file an amended complaint asserting new claims against Amazon under Federal Rule of Civil Procedure 15(a)(2). *See Johnson*, 975 F.2d at 608. Central Freight requests leave to amend its complaint "to clarify and revise allegations and assert additional claims against Amazon" that it has learned through discovery. (Mot. at 4; Reply at 3-4.) According to Central Freight, the additional claims "are based on the same underlying transactions already at issue in this matter." (Mot. at 4.) Consequently, Central Freight asserts, if leave to amend is granted, Amazon will not need to conduct additional discovery and the court will not need to alter any case deadlines. (*Id.*) Central Freight therefore argues that "there will be no prejudice to Amazon" if Central Freight is allowed to file an amended complaint. (*Id.*)

Amazon responds that Central Freight's proposed amendments would indeed cause Amazon prejudice. (Resp. at 13.) According to Amazon, Central Freight's

proposed amendments "completely revis[e] the factual and legal basis of its claims" even though "written discovery and document production has [sic] largely been completed." (*Id.*)

The court concludes that Amazon would not be prejudiced by the proposed amendments such that the court should contravene its policy of liberally granting leave to amend under Rule 15(a)(2). *See Owens*, 244 F.3d at 712. Even though Amazon points out that the May 28, 2019, discovery cutoff date is near, Amazon never claims that it will need to conduct additional discovery as a result of the proposed amendments. (*See generally* Resp.; *see also* Am. Sched. Order at 1); *Lockheed Martin Corp. v. Networth Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (holding that a proposed amendment that would create a need for additional discovery may prejudice the opposing party). Further, if necessary, Amazon still has more than two months to seek any additional discovery. Although Amazon does not address the remaining Rule 15 factors, the court finds that Central Freight's amended complaint is not sought in bad faith, would not cause an undue delay, and is not futile. *See Johnson*, 975 F.2d at 607; *see also Allen*, 911 F.2d at 373. This is also Central Freight's first amendment to its complaint. (*See generally* Dkt.);[2] *see also Allen*, 911 F.2d at 373. Thus, the court GRANTS Central Freight's motion for leave to file an amended complaint asserting new claims against Amazon.

//

---

[2] Amazon mentions that Central Freight filed a prior motion to amend its complaint. (Resp. at 2; *see* Withdrawn Mot. (Dkt. # 120).) Central Freight, however, withdrew this prior motion before the court ruled on it. (Mot. at 6 n.2; *see also* Notice of Withdrawal (Dkt. # 124).) Because the prior motion was withdrawn, the court considers the present motion and proposed amended complaint to be Central Freight's first amendment to its complaint.

## C. Modify the Scheduling Order and Adding Mr. Piller as a Defendant

Because the August 31, 2017, deadline for joining additional parties has passed (*see* Sched. Order at 1), the court considers Central Freight's motion to modify the scheduling order to add Mr. Piller as a Defendant and assert fraud claims against him under the structure explained in *Johnson v. Mammoth Recreations, Inc.*: Central Freight must first show good cause for the amendment under Rule 16(b)(4) and then, if successful, demonstrate that the amendment is proper under Rule 15. *See* 975 F.2d at 607-08. As explained above, to show good cause Central Freight must show that, despite its diligence, it could not add Mr. Piller by the August 31, 2017, deadline for joining additional parties. *Id.* at 609.

Central Freight's proposed amendment adds fraud claims against Mr. Piller. (Proposed FAC ¶¶ 152-66.) Although Central Freight represents that it seeks to assert only one fraud claim against Mr. Piller (*see* Mot. at 10 (requesting leave to assert "a fraud claim against" Mr. Piller)), Central Freight's proposed fraud claim is more accurately broken up into three parts: (1) Mr. Piller's alleged actions regarding the parties' oral modification to the Agreement regarding 8+ pallet shipments (Proposed FAC ¶¶ 152-55); (2) his alleged actions regarding the MBOL issue (*id.* ¶¶ 156-59); and (3) his alleged participation in a "scheme" to "wrongfully recoup" money from Central Freight (*id.* ¶¶ 161-65).

Central Freight was aware when it filed suit that Mr. Piller was involved in the activities that gave rise to the underlying case. (*See, e.g.*, Compl. ¶ 29 (alleging that Mr. Piller acknowledged the oral modification regarding the 8+ pallet shipments).) In fact,

Central Freight attached emails to its initial complaint that involve Mr. Piller discussing the alleged oral modification issue and Amazon's purported "scheme" to "recoup" money through set-offs. (*Id.* ¶ 33, Ex. C; *id.* ¶ 87, Ex. F.) Nevertheless, Central Freight argues that it could not have added Mr. Piller before the joinder deadline expired because "it did not fully discover the facts underlying its proposed claim against [Mr.] Piller until Amazon" produced documents on September 21, 2018, and October 30, 2018. (Mot. at 5-6.) According to Central Freight, only after it reviewed these document productions did it have "sufficient information to seek to join [Mr.] Piller" individually. (Reply at 2; Mot. at 6.) Central Freight then sent Amazon its proposed amended complaint on December 12, 2018, adding Mr. Piller as a Defendant. (Mot. at 6.)

In response, Amazon asserts that Central Freight has not been diligent such that good cause exists because Central Freight did not even propound its first discovery requests until October 2017—two months after the deadline for joining additional parties. (Resp. at 3-4.) Amazon argues that Central Freight was aware of the facts it now alleges against Mr. Piller when it first filed its complaint in April 2017. (*Id.* at 4-5.) Indeed, Amazon points out, many of the documents Central Freight now cites as newly discovered evidence against Mr. Piller "were produced from [Central Freight's] own records." (*Id.* at 5 (citing exhibits A, H-J, L to the Proposed FAC, which include the Agreement and emails between Amazon and Central Freight).)

Although it is a close call, the court concludes that Central Freight has acted diligently in seeking to add Mr. Piller such that good cause exists under Rule 16(b)(4). It is true that Central Freight did not issue its initial discovery requests until October 2017,

six months after this case began and two months after the deadline for joining additional parties had passed.  (*See* Resp. at 4; Reply at 2.)  However, due in part to a temporary restraining order motion (*see* TRO (Dkt. # 16)), a motion for partial summary judgment on the pleadings (*see* MPSJ (Dkt. # 51)), and the fact that this case was transferred from the Central District of California to this court (*see* Transfer (Dkt. # 29)), the court did not issue its initial scheduling order until August 3, 2017.  (*See* Sched. Order.)  Two months later Central Freight sent Amazon its initial discovery requests.  (*See* Reply at 2.)  Moreover, the majority of documents that Central Freight relies on to add Mr. Piller were produced by Amazon in September and October 2018, almost one year after Central Freight requested them.  (*See id.*)  And within roughly six weeks of receiving Amazon's October 30, 2018, document production, Central Freight sent Amazon its proposed amended complaint that added Mr. Piller as a Defendant in an attempt to "avoid unnecessary motion practice."  (*See* Reply at 2-3.)

      Although Central Freight knew that Mr. Piller was a central figure in this case when it filed suit, this alone does not undermine Central Freight's diligence in waiting to join him as a Defendant.  Especially in light of the heightened pleading standards for fraud claims, it is reasonable that Central Freight did not previously have enough information to join Mr. Piller as an individual party.  (*See* Reply at 2 (explaining that the recent document productions provided the information "to seek to join [Mr.] Piller under the heighted [sic] standards for fraud")); *see also* Fed R. Civ. P. 9(b) (explaining the heightened pleading standards for a fraud claim); *cf. DCD Programs*, 833 F.2d at 187 (finding no "unjust delay" where plaintiffs waited to move to amend to add a party as a

defendant "until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct"). In addition, it appears that some of the delay in adding Mr. Piller can be attributed to Amazon waiting a year to respond to Central Freight's October 2017 document requests.

In sum, the court concludes that Central Freight acted diligently and therefore has shown good cause for not previously seeking to join Mr. Piller and add the fraud claims against him. The court therefore proceeds to analyze whether the amendment is appropriate under Rule 15(a)(2). *See Johnson*, 975 F.2d at 608.

Again, pursuant to Rule 15(a)(2), the court should "freely give" leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). To assess the propriety of a motion for leave to amend, the court considers: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading. *Allen*, 911 F.2d at 373. Although the parties train their Rule 15 argument on the futility factor (*see* Resp. at 6-7; Reply at 4-5), the court concludes that the prejudice factor is determinative.

As stated above, prejudice to the opposing party is the paramount consideration in evaluating a motion for leave to amend. *See Eminence Capital*, 316 F.3d at 1052. In this case, the court considers prejudice both to Amazon and Mr. Piller from the late amendment. *See DCD Programs*, 833 F.2d at 187 ("Amending a complaint to add a party poses an especially acute threat of prejudice to the entering party," such that "[a]voiding prejudice to the party to be added [is the court's] major objective.") (first alteration in original; internal quotation marks omitted). Prejudice means "undue

difficulty in prosecuting a lawsuit as a result of a change in tactics or theories on the part of the other party." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015). If an amendment "is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 n.10 (9th Cir. 2006) (internal quotation marks omitted); *see also Lockheed Martin*, 194 F.3d at 986 (holding that a proposed amendment that would require reopening discovery or creating a need for additional discovery may prejudice the opposing party).

Amazon does not argue that it would be prejudiced by the joinder of Mr. Piller or the addition of the fraud claims against him. (*See generally* Resp. (only arguing prejudice in the context of the proposed amendments against Amazon).) The court likewise does not find that Amazon would be prejudiced by such amendments.

The court does, however, conclude that Mr. Piller will be significantly prejudiced by Central Freight's proposed joinder. Amazon does not address this issue. (*See generally* Resp.) For its part, Central Freight argues that Mr. Piller "will not be prejudiced because he will have the benefit of the discovery already taken, and will be fully able to defend his interests." (Mot. at 6.) Central Freight also claims that adding Mr. Piller will not require additional discovery because the proposed allegations and facts against Mr. Piller "are all intertwined with the same transactions that have been the basis of this lawsuit from the beginning." (*Id.*)

This case is roughly six months away from trial, roughly two months away from the discovery cutoff, and roughly three months away from the dispositive motions

deadline. (*See* Am. Sched. Order at 1.) If the court permits Mr. Piller's joinder at this juncture, he will have little ability to engage in discovery and little time to prepare a dispositive motion or for trial. *See A.T. v. Everett Sch. Dist.*, No. C16-1536JLR, 2017 WL 4811361, at *4 (W.D. Wash. Oct. 25, 2017) (finding a "significant threat of prejudice" to a party by a proposed joinder four months before trial, one week before the discovery cutoff, and one month away from the dispositive motions deadline); *Nash v. Waddington*, No. C04-5161FDB-KLS, 2006 WL 3203715, at *3 (W.D. Wash. Nov. 1, 2006) (denying amendment where adding a new party late in litigation would result in prejudice and require the court to reopen discovery and motions practice); *cf. DCD Programs*, 833 F.2d at 187 (finding no prejudice to newly added defendant because the case was still in discovery with no pending trial date); *Muse Apartments, LLC v. Travelers Cas.*, No. C12-2021RSL, 2014 WL 11997862, at *1 (W.D. Wash. Nov. 12, 2014) ("The deadline for joining additional parties is set very early in the case so that all interested parties have a full and fair opportunity to participate in discovery."). The prejudice of this late joinder is all the more pronounced in a case where the existing parties had to continue the trial date and discovery deadline because of the case's "complexity and scope" and voluminous document productions. (*See generally* Joint MTC.) It is hard to imagine that Mr. Piller can secure counsel and adequately prepare for trial in six months—let alone the close of discovery in two months and the dispositive motions deadline in three months—considering the current parties' difficulties in meeting this case's deadlines. And the likely need by Mr. Piller to seek an extension of discovery or a continuance of trial—albeit reasonable—adds to the threat of prejudice against the

existing parties. *See AmerisourceBergen Corp.*, 465 F.3d at 953 n.10; *Lockheed Martin*, 194 F.3d at 986. Moreover, the prejudice to Mr. Piller is especially acute given the fact that he may face personal liability. (*See* Proposed FAC at 44 (requesting damages against Mr. Piller)); *see A.T.*, 2017 WL 4811361, at *4 (citing the potential personal liability of the proposed new party as a ground for finding prejudice under Rule 15).

The court recognizes that Mr. Piller has known since this suit began that he was a central figure in the case. (*See generally* Compl.) The parties both identified him as a key witness and he has already produced a large volume of documents and had his deposition taken. (*See* Mot. at 7-8.) But producing documents and being deposed as a non-party witness is not the same as defending against a multimillion dollar lawsuit as a defendant. Separately, neither party has indicated any reason why Central Freight cannot otherwise seek relief against Mr. Piller by bringing a separate lawsuit against him, given his purported importance in the fraudulent scheme that Central Freight alleges.

In sum, the court concludes that the significant threat of prejudice to Mr. Piller warrants denying the proposed joinder and addition of fraud claims against him. As such, the court does not need to address whether Central Freight's proposed joinder is futile or whether, as Amazon argues, Central Freight's proposed fraud claims against Mr. Piller should be dismissed because they do not state a claim upon which relief can be granted. (*See* Resp. at 6-13.) The court thus DENIES Central Freight's motion to modify the court's scheduling order to add Mr. Piller as a Defendant and assert fraud claims against him.

//

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Central Freight's motion. (Dkt. # 125.) Accordingly, the court ORDERS Central Freight to file an amended complaint that conforms with this order within 14 days of the date of this order.

Dated this 11th day of March, 2019.

JAMES L. ROBART
United States District Judge