HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CENTRAL FREIGHT LINES, INC., a Texas Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON FULFILLMENT SERVICES, a Delaware corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | NO. 2:17-CV-00814-JLR<br><br>**CENTRAL FREIGHT'S RULE 702 MOTION TO PRECLUDE TESTIMONY OF AMAZON'S EXPERT NICOLE BOLTON**<br><br>**NOTE ON MOTION CALENDAR: JULY 12, 2019** |

CENTRAL FREIGHT'S RULE 702 MOTION TO PRECLUDE TESTIMONY OF AMAZON'S EXPERT NICOLE BOLTON
NO. 2:18-cv-00814-JLR

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

**TABLE OF CONTENTS**

Page No.

INTRODUCTION AND RELIEF REQUESTED ................................................................... 1

LEGAL STANDARD ............................................................................................................. 1

ARGUMENT ........................................................................................................................... 1

I.     Bolton's Legal Conclusions Are Inadmissible And Should Be Barred. ............................. 1

II.    Bolton's First Opinion Should Be Barred. .......................................................................... 1

    A.    Bolton's Opinion Regarding the "Reasonableness" of CFL's Volume Rate is Irrelevant and Thus Will Not Assist the Trier Of Fact. ................................. 2

    B.    Bolton's Opinion Regarding the "Reasonableness" of CFL's Volume Rate Should Also Be Barred Because She Employs No Accepted Methodology and Lacks Qualification to Devise a Statistical Sample Set and Perform a Comparative Rate Analysis ............................................................................... 3

    C.    Bolton's First Opinion Should Also be Barred Because She Fails to Provide the Underling Data and Calculations She Relies on, and Instead Impermissibly Just Presents a "Bottom Line". ......................................................... 6

    D.    Bolton's Methodology and Analysis as to the "Reasonableness" of CFL's Spot Quote Rates Lacks Reliability. ...................................................................... 7

III.   Bolton's Second Opinion – That CFL's Spot Quote Program Purportedly Resulted In "Inconsistencies" In Billing – Should Be Barred Because Bolton Ignores The Fact That The Program's Pricing Varies Depending On The Number Of Pallets In The Shipment.. ..................................................................................................................... 10

IV.   Bolton's Third Opinion Should Be Barred. ..................................................................... 11

CONCLUSION. ..................................................................................................................... 12

CENTRAL FREIGHT'S RULE 702 MOTION TO PRECLUDE TESTIMONY OF AMAZON'S EXPERT NICOLE BOLTON
NO. 2:18-cv-00814-JLR-i

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

## TABLE OF AUTHORITIES

*Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443 (9th Cir. 1992).................... 2

*Apple Inc. v. Amazon.com, Inc.*, No. 11-1327, 2013 WL 1320760 (N.D. Cal. Apr. 1, 2013) ........ 6

*Cloud v. Pfizer Inc.*, 198 F. Supp. 2d 1118 (D. Ariz. 2001) ........................................................... 11

*Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993) ............................................... passim

*Elsayed Mukhtar v. Cal. State Univ., Hayward,* 299 F.3d 1053 (9th Cir. 2002)............................ 1

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) ................................................................... 1

*Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2013 WL 4008822 (W.D. Wash. Aug. 5, 2013) ........................................................................................................................................ 6

*Minix v. Canarecci*, 597 F.3d 824 (7th Cir. 2010)....................................................................... 14

*Nationwide Transport Finance v. Cass Info. Sys., Inc.*, 523 F.3d 1051 (9th Cir. 2008) ................ 1

*United States v. Hankey*, 203 F.3d 1160 (9th Cir. 2000) ............................................................... 4

*Wagner v. Cnty. of Maricopa*, 673 F.3d 977 (9th Cir. 2012)....................................................... 14

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001) ............................. 7

CENTRAL FREIGHT'S RULE 702 MOTION TO PRECLUDE TESTIMONY OF AMAZON'S EXPERT NICOLE BOLTON
NO. 2:18-cv-00814-JLR-ii

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

**INTRODUCTION AND RELIEF REQUESTED**

Pursuant to Federal Rule of Evidence 702, Central Freight Liens ("CFL") hereby moves to exclude the testimony of Amazon Fulfillment Services' ("Amazon") expert Nicole Bolton ("Bolton"). Bolton's proposed expert testimony offers three opinions, which are set forth in her Expert Report ("Report")[1] and Supplemental Report ("Supp. Report," attached as Exhibit A). All three opinions suffer from fatal flaws under controlling principles, as set forth below. Bolton should be precluded from offering any of these three opinions.

**LEGAL STANDARD**

Expert testimony is admissible pursuant to Rule 702 if it is both **relevant and reliable**. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) (emphasis added). When considering expert testimony offered pursuant to Federal Rule of Evidence 702, the trial court acts as a "gatekeeper" by "making a preliminary determination that the expert's testimony is reliable." *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002); *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–48 (1999); *Daubert*, 509 U.S. at 589–90. "To fulfill its gate-keeping role, the court must strike the appropriate balance between admitting reliable, helpful expert testimony and excluding misleading or confusing testimony." *United States v. Rincon*, 28 F.3d 921, 926 (9th Cir. 1994).

**ARGUMENT**

**I.    Bolton's Legal Conclusions are Inadmissible and Should be Barred.**

Under Rule 702, "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Nationwide Transport Finance v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). In particular, expert testimony consisting of legal

---

[1] Bolton's Report was originally filed by Amazon as Dkt. # 158-2 at pp. 22-54, with portions redacted. The unredacted Report was then provided to the Court under seal on or about May 6, 2019. CFL refers to and relies on that unredacted version of the Report herein.

CENTRAL FREIGHT'S RULE 702 MOTION TO PRECLUDE TESTIMONY OF AMAZON'S EXPERT NICOLE BOLTON
NO. 2:18-cv-00814-JLR - 1

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

conclusions regarding the existence and meaning of a contract is not admissible. *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (affirming district court determination that expert testimony concerning the existence and interpretation of a contract would be "utterly unhelpful" and inadmissible).

During her deposition, Bolton impermissibly proffered her "opinion" as to legal conclusions that go to ultimate issues. Bolton testified as to her "opinion" that the addendum regarding the 8+ Pallet Issue is invalid because it was not signed, and that no oral modification took place (Exhibit B, Bolton Deposition ("Dep."), 56:3-21; 58:2-10; 61:10-16; 98:11-16). Based on this, Bolton proffered in her Report the further legal conclusion that "in [her] expert opinion, the LTL contract rating should be applicable." (Report, p. 17.) In her deposition, Bolton confirmed her expert opinion that CFL "should not have spot quoted these shipments" because the contract rates applied. (Dep., 54:2-14, 56:3-9.) Bolton should be precluded from offering these legal conclusions, as well as any opinions based on these legal conclusions.

Furthermore, Bolton does not claim to be a lawyer or a legal professor, and otherwise to have expertise in interpreting the law. Instead, Bolton bases her legal opinion that there was not a valid contract modification on her "work in the [transportation] industry." (Dep., 60:12-19.) However, Bolton admitted that she does not know the laws regarding oral modification of a contract, nor does she even know what is meant by the term "course of conduct." *Id*., 61:10-62:6. Instead, Bolton bases her opinion that a contract cannot be modified by repeated performance on her belief that "two wrongs do not make a right." *Id.*, 62:7-16.

Bolton's legal conclusions regarding whether there was a valid contract modification are inadmissible and should be barred. *Aguilar*, 966 F.2d at 447.

**II.  Bolton's First Opinion Should be Barred.**

**A.  Bolton's Opinion Regarding the "Reasonableness" of CFL's Volume Rate is Irrelevant and Thus Will Not Assist the Trier Of Fact.**

Under Federal Rule of Evidence 702, evidence or testimony from an expert must be relevant. *Daubert*, 509 U.S. at 591 ("Expert testimony which does not relate to any issue in the

CENTRAL FREIGHT'S RULE 702 MOTION TO PRECLUDE TESTIMONY OF AMAZON'S EXPERT NICOLE BOLTON
NO. 2:18-cv-00814-JLR - 2

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

case is not relevant and, ergo, not helpful."). To be relevant, the evidence must assist the trier of fact to understand or determine a fact in issue. *Id*. at 592.

Bolton's first opinion fails this test because the "reasonableness" of CFL's Volume Rate is not relevant to any fact in issue. CFL alleges in this lawsuit that it reached a valid oral or written agreement with Amazon pursuant to which CFL was to use a Volume Rate, which would be determined using CFL's "spot quote" rate, for shipments that were eight or more pallet positions in size. If CFL is correct and there was a valid agreement, then CFL had a right to charge its spot quote rate regardless of how that rate compared to a purported industry average rate. In fact, Bolton admitted as much. She testified that if CFL "had the right to spot quote," then "that's what should be paid." (Dep., 131:22-132:8.)

Amazon's defenses and counterclaims in this matter also do not raise an issue as to the "reasonableness" of CFL's Volume Rate. Amazon merely alleges that the contract rate applies and CFL breached the contract by failing to include the "contractual discount." (Dckt. 48, ¶¶ 9-20; 42.) There is no allegation in Amazon's counterclaim regarding CFL's calculation or miscalculation of its spot quote rates. Moreover, none of the audits Amazon produced purport to assess or attack the underlying calculations made by CFL's spot quote program. Because Amazon never challenged CFL's spot quote calculations or alleged that the spot quote program was inaccurate or otherwise defective, it cannot do so now. (*See* Transportation Agreement at ¶ 2.2, attached to Dckt. No. 139, CFL's Amended Complaint, at Ex. A, providing that Amazon was required to bring a claim for overcharge within 18 months of the original invoice.)

Because Bolton's opinion regarding the "reasonableness" of CFL's spot quote rate does not relate to any issue in the case, it is not relevant and should be barred.

**B.     Bolton's Opinion Regarding the "Reasonableness" of CFL's Volume Rate Should Also Be Barred Because She Employs No Accepted Methodology and Lacks Qualification to Devise a Statistical Sample Set and Perform a Comparative Rate Analysis.**

CENTRAL FREIGHT'S RULE 702 MOTION TO PRECLUDE TESTIMONY OF AMAZON'S EXPERT NICOLE BOLTON
NO. 2:18-cv-00814-JLR - 3

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

Under *Daubert*, "a court should consider (1) whether a theory or technique 'can be (and has been) tested;' (2) 'whether the theory or technique has been subjected to peer review and publication;' (3) 'the known or potential rate of error;' and (4) whether it is generally accepted in the scientific community. *Wagner v. Cnty. of Maricopa*, 673 F.3d 977, 989 (9th Cir. 2012) (quoting *Daubert*, 509 U.S. at 593–94).

Bolton's experience is in conducting pre-payment and post-payment audits of a carrier's invoices to determine whether they were billed in accord with the relevant contractual terms. (Dep., 32:9-33:7; 34:6-16.) Importantly, this is not a subject she opines on in her Report. (*Id*., 37:12-38:3.) Instead, Bolton creates out of whole cloth her own methodology. In fact, Bolton admits that because she has never performed this type of analysis before, she simply "made [the methodology] up." (*Id*., 39:9-40:14; 42:3-9.) Bolton further admits that she did not consult a statistician to determine whether her sampling had a valid scientific bases, nor did she consult any statistics, books or guidelines to ensure that there was a scientific basis for her self-created methodology. (Dep., 119:25-120:25.)

Bolton's methodology thus fails under *Daubert* because it has no foundation other than Bolton's "say so," and thus is without any scientific basis, has never been subjected to peer review, nor does it rely on generally accepted methods. Given this, it is unsurprising that the methodology Bolton "made up" is convoluted and involved manipulating the data in numerous ways – i.e., creating a sample set, using other carriers' rating software, and then manipulating the results to purportedly come up with an average industry hundredweight rate ("cwt") and a CzarLite 2011 cwt rate, which Bolton then multiplied into a number value as an increase of the CzarLite 2011 amount. (Report, pp. 11-13; Dep., 81:11- 85:2.)

In addition, a threshold requirement for a witness to testify as an expert is that the proffered expert must have "appropriate qualifications," *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000), such that the opinion has "a reliable basis in the knowledge and experience of his discipline." *Daubert*, 509 U.S. at 592. As part of her methodology, Bolton performs a

CENTRAL FREIGHT'S RULE 702 MOTION TO
PRECLUDE TESTIMONY OF AMAZON'S EXPERT
NICOLE BOLTON
NO. 2:18-cv-00814-JLR -4

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

1   statistical analysis of CFL's spot quote rates, comparing them to the rates of other carriers, to
2   determine whether they are reasonable. Bolton admits she has never has done this type of
3   analysis before. (*Id*, 39:9-40:14.)

4   The methodology Bolton devised and applied thus is not drawn from her experience with applying contractual billing rates, but instead from the science of statistics and comparative analysis. However, Bolton does not claim to have any background, training, knowledge, or experience in statistics or comparative analyses. She lacks even a rudimentary understanding of basic concepts applicable to the purported analyses she undertakes. For example, when asked why she used an average of the other carriers' rates instead of taking the median, Bolton admitted that she did not the definition of the term "median." (*Id*., 74:7-75:4.) Because she does not know the concept of a "median," Bolton admitted she did not consider using the median instead of an average in her analysis. *Id*.

13  Moreover, Bolton's lack of any expertise in the relevant fields results a methodology that is not based on any scientific or statistical foundation. For example, Bolton takes the 6,298 movements for which CFL purportedly applied its Volume Rate, and made a first cut limiting her sample only to the 3327 movements that had at least eight different shipments that moved between the same origin and destination zip codes. (Report, p. 7.) Bolton did not make this limitation because it was a statistically valid way of determining a representative sample. In fact, Bolton admitted she used no standard to determine whether this is a proper way to take a sample, and did not rely any statistics, books or guidelines to ensure that there was a statistical basis for this sample. (Dep., p. 119:10- 120:-25.) Instead, she made up this method because it would be "easier" for her thus to compare any discrepancies. *Id*., 115:5-117:9. Bolton's arbitrary limitation, the purpose of which was only to make the analysis "easier" for her, ensures that her sample is not statistically representative.

25  Bolton then compounds her arbitrary "skewing" of the results by further reducing the
26  3327 movements to 1739 movements by eliminating any shipments where the total amount

CENTRAL FREIGHT'S RULE 702 MOTION TO
PRECLUDE TESTIMONY OF AMAZON'S EXPERT
NICOLE BOLTON
NO. 2:18-cv-00814-JLR -5

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

billed was less than $150.00. (Report, p. 7.)   Bolton's explanation for this further limitation is that it was necessary because of the "time constraints" she was working under in performing her analyses. (Dep., 121:7-18.) Bolton lack appropriate qualifications regarding statistical sampling and comparative analysis to opine as an expert on the reasonableness of CFL's rates, as shown by the flaws and lack of any scientific foundation for her (admittedly "made up") methodology. Bolton should be barred from asserting her first opinion because she lacks the appropriate expertise.

      **C.**      **Bolton's First Opinion Should Also be Barred Because She Fails to Provide the Underling Data and Calculations She Relies on, and Instead Impermissibly Just Presents a "Bottom Line."**

Federal Rule of Civil Procedure 26(a)(2)(B)(ii) requires the production of "the facts or data considered by the [expert] witness in forming" her opinions. Courts have read the term "considered" to include information that an expert "reviews *or generates*." *Apple Inc. v. Amazon.com, Inc.*, No. 11-1327, 2013 WL 1320760, at *1 (N.D. Cal. Apr. 1, 2013) (emphasis added). In keeping with this requirement, Court recognize that "an expert must explain the methodology and principles supporting the opinion and the opinion must amount to "more than a 'bottom line.' " *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2013 WL 4008822, at *6 (W.D. Wash. Aug. 5, 2013), quoting *Minix v. Canarecci*, 597 F.3d 824, 835 (7th Cir. 2010).

Here, Bolton describes in her report the general methodology she employed in forming her first opinion. (Bolton Report, pp. 11-13.) This methodology first entailed reducing the 6298 shipments to a sample set of 1739 shipments, For each of these 1739 line items, Ms. Bolton went through a series of calculations, including comparing the CzarLite 2011 hundredweight rate ("cwt") to the industry average cwt rate and applying a percent increase to the CzarLite 2011 cwt rate. (*Id.*, 142:17-145:24; *see also* Bolton Report, pp. 11-13.) At her deposition, Bolton testified that ever line item was individually averaged using her calculations of four to six individual carriers' cwt rates. (Dep., 76:12-24.) Bolton further testified that she has the spreadsheets showing her calculations of industry averages, but did not produce them.  (Dep., 189:17-191:17.)

CENTRAL FREIGHT'S RULE 702 MOTION TO PRECLUDE TESTIMONY OF AMAZON'S EXPERT NICOLE BOLTON
NO. 2:18-cv-00814-JLR- 6

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

1  Instead, Bolton just presented her "bottom line," leaving CFL to guess as to which carriers' rates
2  were used for any movement, what the cwt averages were, or what percentage increases she
3  applied to the rates. Moreover, this data would also shed light on Bolton's decision to use an
4  industry average rate, instead of use a median (or simply comparing CFL's volume rate to the
5  non-averaged rates of the other carriers) that potentially could undercut her argument that CFL's
6  rates overall were higher than other carriers' rates.

7  CFL has made repeated efforts to obtain this information, but Amazon has failed to
8  provide it.[2] Fed. R. Civ. P. 37(c)(1) states that if a party fails to provide information required
9  by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on
10 a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."
11 *See also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)
12 ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information
13 required to be disclosed by Rule 26(a) that is not properly disclosed."). Here, there is no
14 justification for Bolton's failure to produce these materials. Bolton's report thus contains only
15 her conclusions, but not the underlying data or calculations that she admittedly has in his
16 possession. Without this information, neither CFL nor this Court will be able to assess the basis
17 and reasons for her opinions. Bolton's first opinion, which is based on these calculations, should
18 therefore be barred.

19  **D.  Bolton's Methodology and Analysis as to the "Reasonableness" of CFL's Spot Quote Rates Lacks Reliability.**

21  If Bolton's opinion is not barred for the reasons set forth above, it should nevertheless be
22 barred as unreliable. Reliable testimony must be grounded in the methods and procedures of

---

[2] *See* correspondence between CFL's attorneys and Amazon's attorneys, attached hereto as Group Exhibit E.

CENTRAL FREIGHT'S RULE 702 MOTION TO
PRECLUDE TESTIMONY OF AMAZON'S EXPERT
NICOLE BOLTON
NO. 2:18-cv-00814-JLR - 7

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

science and signify something beyond "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. Here, Bolton's proposed opinions fall far short of this standard in four ways.

First, four of the six LTL carriers that Bolton used to calculate an industry average price actually had contracts with Amazon to provide LTL freight services. (*See* Exhibit C, Amazon's Supplemental Answer to Interrogatory No. 13.) Bolton thus could have compared – but did not – the actual contract price that these carriers would have charged Amazon to make these shipments, including discounts for volume shipments as applicable. Bolton ignored this, and instead used these carriers' rating software from 2014-2015, and then manipulated the results to purportedly come up with an average industry cwt rate and a CzarLite 2011 cwt rate, which she then multiplied into a number value as an increase of the CzarLite 2011 amount. (Dep., 81:11-85:2.) By ignoring these carriers' actual contracts with Amazon and instead devising a hypothetical and convoluted method, Bolton engages in unsupported speculation.

Second, Bolton admits that she did not take into consideration whether any of the carriers she used in her a calculations actually had available capacity in the relevant localities to pick up the shipments. (Dep., 108:2-10; 109:7-110:1.) If these carriers did not have the capacity to take the loads, then the hypothetical rate they would have charged is irrelevant. This renders Bolton's industry average rate nothing more than speculation.

Third, Bolton admitted that she did not take into consideration in making her calculations the size of the shipments and whether any of the other carriers had a linear foot rule that would increase the rate for larger shipments. (Dep., 70:4-72:4.) Bolton tried to justify ignoring this factor because she assumed that "most likely" these carriers would have entered into a contract with Amazon that did not include capacity load charges. (*Id.,* 70:4-25.) This ignores the fact that four of these carriers did have contracts with Amazon and Bolton never bothered to see if there

CENTRAL FREIGHT'S RULE 702 MOTION TO
PRECLUDE TESTIMONY OF AMAZON'S EXPERT
NICOLE BOLTON
NO. 2:18-cv-00814-JLR - 8

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

was any such surcharge for the carrier to handle a large volume shipment. For the other two carriers, Bolton just speculates that they would have ignored their own tariffs and not included a surcharge for a volume shipment. By excluding this possibility, Bolton impermissibly cherry picks the factors she considers to come up with a lower industry average in comparison to CFL's spot quote rate.

Fourth, Bolton again resorted to speculation and unfunded assumptions in asserting that the relevant movements were LTL shipments, not volume shipments. (Report, pp. 17-18, 32.) In reaching this conclusion, Bolton took the 6298 total shipments and calculated that the average weight for each shipment was 3381.9 pounds. (*Id*., p. 17.) Bolton then reasoned that this average weight could be held by fewer than eight pallets, which she asserts means they were LTL shipments, not volume shipments. Bolton's opinion is flawed and unreliable for two reasons. First, as Bolton admits, 1588 of these movements were billed at less than $150.00. (*Id*., p. 7.) This means they were small minimum charge shipments, not volume shipments that were eight or more pallet spaces in size. By including these small minimum charge shipments in her calculation of the average shipment weight, Bolton used an improperly reduced number in reaching her opinion. Second, Bolton's analysis assumes that every pallet was filled to its total capacity. Bolton admitted at her deposition that she did not look at documents produced in this case, such as weight and inspection reports that would have confirmed the actual size of the shipment and the number of pallets. (Dep., 173:2-21.)

Finally, this court granted Amazon's motion for a protective order and precluded CFL from obtaining information regarding other LTL carriers' contractual rates and rate surcharges. (*See* Dckt. Nos. 62, 102) It is not clear why Amazon and its expert now believe they should be

CENTRAL FREIGHT'S RULE 702 MOTION TO PRECLUDE TESTIMONY OF AMAZON'S EXPERT NICOLE BOLTON
NO. 2:18-cv-00814-JLR-9

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

allowed to use rate data to challenge CFL's pricing when CFL was precluded by motion by Amazon from obtaining in discovery information to defend itself against such arguments.

Accordingly, Bolton renders opinions that are based on sheer speculation and lack foundation, Bolton has failed to satisfy the *Daubert* requirements for reliable methodologies.

### III. Bolton's Second Opinion – That CFL's Spot Quote Program Purportedly Resulted in "Inconsistencies" in Billing – Should be Barred Because Bolton Ignores the Fact that the Program's Pricing Varies Depending on the Number of Pallets in the Shipment.

In her second opinion, Bolton undertook to "[r]eview CFL's spot quote rating system to determine (a) whether it was used for these shipments, (b) whether or not the rates were inflated." (Report, pp. 2, 19.) As Bolton acknowledges in her Report, it is likely "impossible" at this point to use CFL's spot quote program to recreate the pricing during the relevant time frame. (Report, pp. 19, 32.) This is because certain of the program inputs change over time based on the shipping date and economic factors when the shipment was made. (See Exhibit ___, CFL's Answer to Interrogatory No. 20.) For example, some of the inputs have changed during the period at issue in this case, such as the Length of Haul and Cost of Pickup, because CFL's terminal locations have changed.

Despite this, Bolton proffered as her second expert opinion that "shipment data indicates that there were inconsistencies in volume/spot quote billing." (Report, pp. 19, 32.) Bolton reached this erroneous opinion by comparing shipments of similar same class and weight that moved from the same origin zip code to the same destination zip code on approximately the same date. (Report, pp. 19-28.) Bolton claims that when these factors are the same, the billed charges should have been identical. Because the pricing was not identical, Bolton opines that the program itself resulted in "inconsistencies" in billing.

Bolton's opinion is fundamentally flawed because she entirely ignores that among the factors considered by CFL's spot quote program is the number of pallets in the shipment. Doug

CENTRAL FREIGHT'S RULE 702 MOTION TO
PRECLUDE TESTIMONY OF AMAZON'S EXPERT
NICOLE BOLTON
NO. 2:18-cv-00814-JLR -10

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

Culbertson, Vice President of Information Technology and Chief Information Officer at Central Freight Lines, Inc., performed an analysis of shipments going from the same origin zip codes to the same destination zip codes that Bolton identified, except that Culbertson included pallet count in his analysis. (*See* Exhibit D, Culbertson Declaration, at ¶¶ 4-5.) When the number of pallets is included in the analysis, it is indisputable that CFL's spot quote program was not inconsistent, but instead resulted in essentially identical billing for similar shipments. (*Id*. ¶¶ 7-10 and Ex. 1.) Bolton's second opinion should therefore be barred as unreliable because she fails to take into consideration an obvious alternative explanation for the purported billing "inconsistencies." *Cloud v. Pfizer Inc*., 198 F. Supp. 2d 1118, 1136 (D. Ariz. 2001) (expert opinion that did not consider alternative explanations barred because it lacked sufficient reliability to be admissible).

Furthermore, Bolton issued a Supplemental Report in which she opined on certain functions and factors in the spot quote program. Bolton again acknowledged that she only examined the current version of the program, and that this current version does not have the historical schedules and tables that were used to create the spot quotes at issue. (Supp. Report., p. 27.) Those data tables and schedules were changed or overwritten before this litigation was contemplated and Bolton makes no attempt to recreate them. Her criticisms of the current spot quote system set forth in her Supplemental Report thus are irrelevant and should be barred.

**IV.    Bolton's Third Opinion Should be Barred.**

In her third and final opinion, Bolton asserts that it is industry practice for a carrier to combine bills of lading for shipments picked up on the same day and going to the same destination. It is anticipated that Amazon will use this opinion to support its claim that CFL should have combined numerous small shipments onto one master bill of lading and charged a lesser amount than if CFL invoiced for each bill of lading.

In arguing that this in accord with industry practice, Bolton cites to an entirely different industry practice, which renders her opinion of no assistance to the trier of fact. Specifically,

CENTRAL FREIGHT'S RULE 702 MOTION TO PRECLUDE TESTIMONY OF AMAZON'S EXPERT NICOLE BOLTON
NO. 2:18-cv-00814-JLR - 11

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

Bolton cites to a historical practice by shippers of breaking down large shipments that would be subject to a surcharge because of their size into two or more small shipments in order to avoid linear foot charges, or other volume or truckload rates. (Report, p. 29; Dep., 103:7-104:12.) In order to prevent this end run around volume charges, Carriers inserted provision in some of their contracts or tariffs allowing them to combine same day / same origin / same destination shipments if the combined shipments would qualify for a volume surcharge. (*Id.*, p. 29.) The industry practice that Bolton relies on is thus designed *to protect carriers* from shippers who seek to avoid surcharges for volume shipments. (*Id*.; *see also* Dep., 103:7-104:12.)

The industry practice of protecting carriers in this manner is not at issue in this litigation. Instead, Amazon claims that is had a right to compel carriers to combine bills of lading so that the carriers' freight charges *decrease*. Bolton thus cites an industry practice that protects carriers from shippers who seek improperly to decrease the freight charge to support the directly contrary situation – i.e., to support shippers who seek to decrease freight charges. Bolton opinion is irrelevant, unsupported and unreliable, and thus should be excluded.

## CONCLUSION

For the foregoing reasons, CFL requests that this Court bar all three of Bolton's expert opinions, as set forth in her Report and Supplemental Report, and grant such further relief as is just and equitable.

Dated:  June 25, 2019                              **CENTRAL FREIGHT LINES, INC.**

By:    *s/ Marc H. Kallish*

Marc H. Kallish
**ROETZEL & ANDRESS, LPA**
*Attorneys for Plaintiff Central Freight Lines, Inc.*

CENTRAL FREIGHT'S RULE 702 MOTION TO PRECLUDE TESTIMONY OF AMAZON'S EXPERT NICOLE BOLTON
NO. 2:18-cv-00814-JLR -12

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

**CERTIFICATE OF SERVICE**

I certify that on June 25, 2019, I caused the foregoing document to be filed electronically with the Clerk of the Court via CM/ECF, which will notify all parties in this matter who are registered with the Court's CM/ECF filing system of such filing.

Executed in Chicago, Illinois this 25th day of June, 2019

　　　　　　　　　　　　　　　　*s/ Marc H. Kallish*
　　　　　　　　　　　　　　　　Marc H. Kallish

CENTRAL FREIGHT'S RULE 702 MOTION TO PRECLUDE TESTIMONY OF AMAZON'S EXPERT NICOLE BOLTON
NO. 2:18-cv-00814-JLR - 1

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200