UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CENTRAL FREIGHT LINES, INC., | CASE NO. C17-0814JLR |
| Plaintiff, | ORDER ON MOTIONS TO SEAL |
| v. | |
| AMAZON FULFILLMENT SERVICES, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court are: (1) Plaintiff Central Freight Lines, Inc.'s ("Central Freight") motion to seal documents related to its motion for summary judgment (MTS 1 (Dkt. # 146)); (2) Defendant Amazon Fulfillment Services's ("AFS") motion to seal documents related to its summary judgment response (MTS 2 (Dkt. # 161)); (3) Central Freight's motion to seal documents related to its summary judgment reply (MTS 3 (Dkt. # 169)); and (4) AFS's motion to seal portions of its motion for partial summary judgment (MTS

4 (Dkt. # 177)). The parties have filed responses to some of the motions. (Resp. 1 (Dkt. # 150); Resp. 3 (Dkt. # 173); Resp. 4 (Dkt. # 181).) The court has considered the motions, the parties' submissions concerning the motions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS in part and DENIES in part Central Freight's first motion to seal and GRANTS the parties' remaining motions to seal as described herein.

## II. BACKGROUND

The court detailed this case's factual and procedural background in its prior orders. (*See* 7/10/17 Order (Dkt. # 47) at 2-4; 11/07/17 Order (Dkt. # 57) at 2-6; 3/11/19 Order (Dkt. # 135) at 2-4.) Thus, in this order, the court recounts only the facts and procedural history salient to the instant motions.

This case arises from a contract dispute between Central Freight, a freight carrier, and AFS. (*See generally* FAC (Dkt. # 139).) Central Freight provided shipping services to AFS pursuant to a Transportation Agreement ("the Agreement") executed on July 7, 2011. (*Id.* ¶¶ 13-14, Ex. A ("Agreement").) In mid-2016, AFS audited Central Freight's services and concluded that it had overpaid Central Freight under the Agreement. (FAC ¶¶ 17-20; *see id.*, Ex. B ("Demand Letter").) Central Freight disputes AFS's contentions, arguing that its billing was consistent with the parties' oral modification to the

//

---

[1] No party requests oral argument on the motions (*see* MTS 1; MTS 2; MTS 3; MTS 4; Resp. 1; Resp. 3; Resp. 4), and the court concludes that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

Agreement and that AFS improperly attempted to "claw back" money from Central Freight. (*See* FAC ¶¶ 3-5.)

On April 11, 2019, Central Freight moved for summary judgment against AFS. (CF MSJ (Dkt. # 145).) On June 10, 2019, AFS moved for partial summary judgment against Central Freight. (AFS MSJ (Dkt. # 174).) In connection with these motions for summary judgment, the parties brought the motions to seal that are at issue in this order. The court will address the motions to seal in turn.

## III. ANALYSIS

### A. Legal Standard

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135 (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). The standard for determining whether to seal a record depends on the filing that the sealed record is attached to. *See Foltz*, 331 F.3d at 1136-37. Because the sealed documents at issue here are attached to motions that are "more than tangentially related to the merits of [this] case," the court applies the compelling reasons standard to determine if sealing is appropriate. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-102 (9th Cir. 2016).

//

Under the compelling reasons standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d at 1178-79 (internal citations omitted). A failure to meet that burden means that the record will be filed in public. *Id.* at 1182. If a court decides to seal a record, it must "base its decision on a compelling reason and articulate the factual basis for its ruling." *Id.* at 1179 (quoting *Hagestad*, 49 F.3d at 1434).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The final determination of what constitutes a compelling reason is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

In addition, in the Western District of Washington, parties seeking to file documents under seal must follow the procedure laid out in Local Rule 5(g). *See* Local Rules W.D. Wash. LCR 5(g). Pursuant to Local Rule 5(g), a party filing a motion to seal must include "a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document[s] under seal." *Id.* LCR 5(g)(3)(A). The party seeking to seal the documents must also explain the bases for requiring the relief. *Id.* LCR 5(g)(3)(B).

//

**B.      Motion to Seal 1**

Central Freight moves to seal: (1) exhibits in support of the summary judgment motion that AFS designated as confidential pursuant to the parties' protective order; (2) Central Freight's expert's report, which contains references to information Central Freight designated as confidential; and (3) an unredacted version of its summary judgment motion. (*See* MTS 1; Downs Decl. (Dkt. # 148 (sealed)); CF MSJ (Dkt. # 149 (sealed)); *see also* Protective Order (Dkt. 73).) AFS agrees that the court should seal all of its confidential designations.[2] (Resp. 1 at 5-7.) Central Freight did not file a reply. (*See* Dkt.)

The court concludes that the parties have articulated compelling reasons to redact or seal these documents. The material that AFS designated as confidential relates to, or contains information about, settlement negotiations, specific pricing terms between the parties, sensitive third-party information, and confidential business details relating to AFS's internal processes and procedures. However, as AFS stated in its response, Central Freight has over-redacted certain documents. (*See* Resp. at 10; 4/22/19 Beavers Decl. (Dkt. # 151) ¶ 9, Ex. A.) Thus, Central Freight shall redact only the information specified by AFS in Exhibit A to the Brett Beavers declaration and file the appropriately

---

[2] AFS also asserts, in conclusory fashion, that Central Freight should redact additional portions of these documents because Central Freight does not rely on this information. (Resp. 1 at 7 ("Parties must protect sensitive information by redacting sensitive information . . . that the court does not need to consider") (quoting Local Rules W.D. Wash. LCR 5(g)(1)(B).) AFS makes this same argument in response to the third motion to seal. (*See* Resp. 3 at 6.) AFS has not provided the court with enough information to determine whether further redaction is necessary under Local Rule 5(g)(1)(B) based on Central Freight's reliance, or lack thereof, on certain documents. Thus, the court will not order further redactions pursuant to Local Rule 5(g)(1)(B).

redacted versions of the documents publicly on the docket. (*See* 4/22/19 Beavers Decl. ¶ 9, Ex. A); *infra* § III.F (detailing the documents that should be sealed and/or redacted). The unredacted versions of these materials shall remain under seal. (Downs Decl. (Dkt. # 148 (sealed)) ¶¶ 5(i)-(vii), Exs. B, F, G, H, I, M, N.)

Likewise, the expert report from William Potash contains sensitive financial and pricing information relating to Central Freight. (Downs Decl. ¶ 5(viii), Ex. O.) Further, the unredacted version of Central Freight's motion for summary judgment references information designated as confidential by AFS and Central Freight.

Therefore, the court GRANTS in part and DENIES in part this motion to seal.

**C.  Motion to Seal 2**

AFS moves to seal: (1) portions of deposition transcripts; (2) a declaration by Mr. Beavers in support of AFS's summary judgment response; (3) documents Central Freight designated as confidential; (4) and portions of AFS's summary judgment response that reference these confidential materials. (MTS 2; *see also* 2d 5/6/19 Beavers Decl. (Dkt. # 163 (sealed)); Exs. 39, 51, 56, 60, and 61 (Dkt. # 165 (sealed)) to 5/6/19 Rogers Decl. (Dkt. # 164); Unredacted MSJ Resp. (Dkt. # 166 (sealed)).) Central Freight did not respond to the motion.

The court concludes that AFS articulated compelling reasons to redact or seal these documents. The portions of the deposition transcripts and the declaration by Mr. Beavers relate to, or contain, confidential business details concerning AFS's internal processes and procedures. Further, the materials Central Freight designated as confidential relate to sensitive Central Freight business information. Lastly, the

unredacted version of AFS's summary judgment response cites to this sensitive and confidential information. Therefore, the court GRANTS this motion to seal.

D. **Motion to Seal 3**

Central Freight moves to seal: (1) a document AFS designated as confidential; (2) Central Freight's summary judgment reply that references the document AFS designated as confidential; and (3) Central Freight's expert report, which references material AFS designated as confidential. (MTS 3; *see also* Kallish Decl. (Dkt. # 170 (sealed)) ¶ 5, Exs. P, T; CF Reply (Dkt. # 171 (sealed)).) In addition, AFS requests that the court redact certain lines from Central Freight's publicly filed reply brief because "this information references AFS's confidential information and was improperly included in a public filing." (Resp. 3 at 6.) Central Freight did not file a reply to AFS's response. (*See* Dkt.)

The court concludes that the parties have articulated compelling reasons to redact or seal these documents. These documents reveal confidential pricing information between AFS and Central Freight, as well as AFS's internal processes and procedures that, if publicly disclosed, could be exploited by competitors. Further, the unredacted version of Central Freight's summary judgment reply cites to this sensitive and confidential information. Therefore, the court GRANTS this motion to seal, as well as AFS's request to redact p. 27, lines 1-4 from Central Freight's publicly filed reply brief.

E. **Motion to Seal 4**

AFS moves to seal portions of AFS's motion for partial summary judgment that reference Mr. Polash's expert report. (MTS 4; *see also* AFS MPSJ (Dkt. # 179 (sealed)).) Pursuant to the parties' protective order, the parties designated Mr. Polash's report as

confidential. (MTS 4 at 3; Protective Order.) For the reasons discussed regarding the first motion to seal, Mr. Polash's report is properly sealed, as are references to the confidential information contained therein. *See supra* § III.B. Therefore, the court concludes that the parties have articulated compelling reasons to seal portions of AFS's motion for partial summary judgment that reference Mr. Polash's expert report.

**F.     Summary**

The court concludes that the parties have articulated compelling reasons to seal the following materials:

- Exhibits B, F, G, H, I, M, and N to the declaration of Mr. Downs. (Dkt. # 148.) In addition, the court ORDERS Central Freight to redact only the text specified by AFS in Exhibit A to the April 22, 2019, declaration of Mr. Beavers and file the appropriately redacted versions of the documents publicly on the docket within seven days of the date of this order. (*See* 4/22/19 Beavers Decl. ¶ 9, Ex. A.)
- Exhibit O to the declaration of Mr. Downs. (Dkt. # 148.)
- Central Freight's unredacted motion for summary judgment. (Dkt. # 149.)
- The May 6, 2019, declaration of Mr. Beavers. (Dkt. # 163.)
- Exhibits 39, 51, 56, 60, and 61 to the May 6, 2019, declaration of Christopher Rogers. (Dkt. # 165.) In addition, the court ORDERS AFS to redact the text from Exhibits 51, 56, 60, and 61 specified by AFS in the second motion to seal and file the appropriately redacted versions of the documents publicly on the docket within seven days of the date of this order. (*See* MTS 2 at 7.)

1  - AFS's unredacted summary judgment response. (Dkt. # 166.)
2  - The declaration of Mr. Kallish and exhibits P and T attached thereto. (Dkt. # 170.)
4  - Central Freight's unredacted summary judgment reply. (Dkt. # 171.) In addition, the court ORDERS Central Freight to redact p. 27, lines 1-4 from its publicly filed reply brief (Dkt. # 167) and refile an appropriately redacted reply brief within seven days of the date of this order. Further, the court DIRECTS the Clerk to place Dkt. # 167 under seal.
9  - AFS's unredacted motion for partial summary judgment. (Dkt. # 179.)

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Central Freight's first motion to seal (Dkt. # 146) and GRANTS the parties' remaining motions to seal (Dkt. ## 161, 169, 177) as described herein. Further, the court DIRECTS the Clerk to place Dkt. # 167 under seal.

Dated this 15th day of July, 2019.

JAMES L. ROBART
United States District Judge