UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CENTRAL FREIGHT LINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON FULFILLMENT SERVICES, et al., <br><br> Defendants. | CASE NO. C17-0814JLR <br><br> ORDER ON MOTIONS TO SEAL |

## I. BACKGROUND AND ANALYSIS

Before the court are: (1) Plaintiff Central Freight Lines, Inc.'s ("CFL") motion to seal documents related to its motions to exclude expert testimony (MTS 1 (Dkt. # 182)); (2) CFL's motion to seal its summary judgment response and documents filed in support thereof (MTS 2 (Dkt. # 186)); and (3) Defendant Amazon Fulfillment Services's ("AFS") motion to seal its summary judgment reply (MTS 3 (Dkt. # 190)). AFS filed responses to CFL's motions to seal. (Resp. (Dkt. # 195).) The court has considered the motions, the

parties' submissions concerning the motions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS the motions to seal.

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135 (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). The standard for determining whether to seal a record depends on the filing that the sealed record is attached to. *See Foltz*, 331 F.3d at 1136-37. Because the sealed documents at issue here are attached to motions that are "more than tangentially related to the merits of [this] case," the court applies the compelling reasons standard to determine if sealing is appropriate. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-102 (9th Cir. 2016).

Under the compelling reasons standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d at 1178-79 (internal citations omitted). A failure to meet that burden means that the record will be filed in

---

[1] No party requests oral argument on the motions (*see* MTS 1; MTS 2; MTS 3; Resp.), and the court concludes that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

public. *Id.* at 1182. If a court decides to seal a record, it must "base its decision on a compelling reason and articulate the factual basis for its ruling." *Id.* at 1179 (quoting *Hagestad*, 49 F.3d at 1434).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The final determination of what constitutes a compelling reason is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

In addition, in the Western District of Washington, parties seeking to file documents under seal must follow the procedure laid out in Local Rule 5(g). *See* Local Rules W.D. Wash. LCR 5(g). Pursuant to Local Rule 5(g), a party filing a motion to seal must include "a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document[s] under seal." *Id.* LCR 5(g)(3)(A). The party seeking to seal the documents must also explain the bases for requiring the relief. *Id.* LCR 5(g)(3)(B).

The court previously addressed prior motions to seal in this matter, which implicated the same or similar documents and information that are presently at issue. (*See* 7/15/19 Order (Dkt. # 204).) For the reasons explained in that order, the court finds that there are compelling reasons to seal the material presently at issue. (*See id.* at 5-8.) The court therefore concludes that the following materials should be placed under seal:

//

- The June 25, 2019, declaration of Marc H. Kallish and the exhibits attached thereto. (*See* Dkt. # 183.)
- The July 1, 2019, declaration of Mr. Kallish and the exhibits attached thereto. (*See* Dkt. # 187.)
- CFL's summary judgment response and the exhibits attached thereto. (*See* Dkt. ## 188, 189.)
- AFS's summary judgment reply. (*See* Dkt. # 194.)

The court notes that CFL failed to file a publicly available version of its summary judgment response with the appropriate redactions. (*See* Dkt.; *see also* Dkt. ## 188, 189.) The court therefore ORDERS CFL to file the appropriately redacted version of its summary judgment response on the docket within seven days of the date of this order.

## II. CONCLUSION

For the foregoing reasons, the court GRANTS the parties' motions to seal. (Dkt. ## 182, 186, 190.) Further, the court ORDERS CFL to file the appropriately redacted version of its summary judgment response on the docket within seven days of the date of this order.

Dated this 1st day of August, 2019.

JAMES L. ROBART
United States District Judge