UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CENTRAL FREIGHT LINES, INC.,

Plaintiff,

v.

AMAZON FULFILLMENT SERVICES, et al.,

Defendants.

CASE NO. C17-0814JLR

ORDER GRANTING MOTIONS TO SEAL

## I. INTRODUCTION

Before the court are: (1) Defendant Amazon Fulfillment Services's ("AFS") motion to seal documents related to its motion for reconsideration of the court's summary judgment order (1st MTS (Dkt. # 221)), and (2) AFS's motion to seal documents related to its opposition to Plaintiff Central Freight Lines, Inc.'s ("CFL") motions in limine (2nd MTS (Dkt. # 226)). Both motions are unopposed. (*See generally* Dkt.; *see also* 1st MTS at 2; 2nd MTS at 2.) The court has considered the motions, the parties' submissions

concerning the motions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS both motions.

## II. BACKGROUND

The court has detailed this case's factual and procedural background in several prior orders. (*See, e.g.*, 7/10/17 Order (Dkt. # 47) at 2-4; 11/07/17 Order (Dkt. # 57) at 2-6; 3/11/19 Order (Dkt. # 135) at 2-4.) Thus, in this order, the court recounts only the facts and procedural history salient to the instant motions.

This case arises from a contract dispute between CFL, a freight carrier, and AFS. (*See generally* FAC (Dkt. # 139).) CFL provided shipping services to AFS pursuant to a Transportation Agreement ("the Agreement") executed on July 7, 2011. (*Id.* ¶¶ 13-14, Ex. A ("Agreement").) In mid-2016, AFS audited CFL's services and concluded that it had overpaid CFL under the Agreement. (FAC ¶¶ 17-20; *see id.*, Ex. B ("Demand Letter").) CFL disputes AFS's contentions, arguing that its billing was consistent with the parties' oral modification to the Agreement and that AFS improperly attempted to "claw back" money from CFL. (*See id.* ¶¶ 3-5.)

On August 12, 2019, the parties filed motions in limine. (*See* CFL MILs (Dkt. # 216); AFS MILs (Dkt. # 217).) On August 14, 2019 AFS filed a motion for partial reconsideration of the court's summary judgment order. (*See* MFR (Dkt. ## 222

//

//

---

[1] Neither party requests oral argument on the motions (*see* 1st MTS at 1; 2nd MTS at 1), and the court concludes that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

(redacted), 223 (sealed)); MSJ Order (Dkt. ## 214 (sealed), 220 (redacted)).) AFS now seeks to seal certain documents related to those filings.

### III. ANALYSIS

**A. Legal Standard**

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). The standard for determining whether to seal a record depends on the filing that the sealed record is attached to. *See id.* at 1136-37. Because the sealed documents at issue here are attached to motions that are "more than tangentially related to the merits of [this] case," the court applies the compelling reasons standard to determine if sealing is appropriate. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-102 (9th Cir. 2016).

Under the compelling reasons standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations omitted). A failure to meet that burden means that the record will be filed in public. *Id.* at 1182. If a court decides to seal a record, it must "base its

//

decision on a compelling reason and articulate the factual basis for its ruling." *Id.* at 1179 (quoting *Hagestad*, 49 F.3d at 1434).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The final determination of what constitutes a compelling reason is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

In addition, in the Western District of Washington, parties seeking to file documents under seal must follow the procedure laid out in Local Rule 5(g). *See* Local Rules W.D. Wash. LCR 5(g). Pursuant to Local Rule 5(g), a party filing a motion to seal must include "a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document[s] under seal." *Id.* LCR 5(g)(3)(A). The party seeking to seal the documents must also explain the bases for requiring the relief. *Id.* LCR 5(g)(3)(B).

**B.    First Motion to Seal**

AFS moves to seal certain portions of its motion for reconsideration of the court's summary judgment order. (*See* 1st MTS at 2 (citing MFR, MSJ Order).) AFS's motion for reconsideration refers to and relies on materials that the court previously concluded "the parties have articulated compelling reasons to redact or seal." (*See* 7/15/2019 Order (Dkt. # 204) at 5 ("The material that AFS designated as confidential relates to, or contains information about, settlement negotiations, specific pricing terms between the

parties, sensitive third-party information, and confidential business details relating to AFS's internal processes and procedures.").)  Therefore, the court grants AFS's first motion to seal (Dkt. # 221) for the reasons set forth in the court's prior order to allow sealing and redaction of the same materials.  (*See* 7/15/2019 Order at 5.)

C.     **Second Motion to Seal**

AFS moves to seal "page 22, line 7 through page 223, line 24 of the deposition of Ankush Khandelwal, and page 168, line 23 through [page] 172, line 11 of the FRCP 30(b)(6) deposition of Brett Beavers." (*See* Beavers Decl. (Dkt. # 227) ¶ 3 (citing Sealed Declarations (Dkt. # 232) (sealed)).) AFS filed these declarations in support of its opposition to CFL's motions in limine.  (*See* MIL Resp. (Dkt. ## 228 (redacted), 229 (sealed).)  AFS argues that compelling reasons exist to seal these materials because they describe AFS's "internal process and procedures that, if public[ly] disclosed, could be exploited by other carriers." (*See* 2nd MTS at 4; Beavers Decl. ¶¶ 3-5.)

The court agrees.  The material that AFS designated as confidential relates to confidential business details relating to AFS's internal processes and procedures, and disclosure of that material could result in improper use by business competitors and others seeking to exploit AFS's auditing processes.  Therefore, the court GRANTS AFS's second motion to seal (Dkt. # 226).

//

//

//

//

# IV. CONCLUSION

For the foregoing reasons, the court GRANTS AFS's first motion to seal (Dkt. # 221) and GRANTS AFS's second motion to seal (Dkt. # 226).

Dated this 11th day of October, 2019.

*[signature]*

JAMES L. ROBART
United States District Judge