UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CENTRAL FREIGHT LINES, INC., a Texas Corporation | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| AMAZON FULFILLMENT SERVICES, a Delaware corporation, and DOES 1 through 25, inclusive, | ) ) ) ) |
| Defendants. | ) ) |

NO. 2:17-CV-00814-JLR

**JOINT PRETRIAL ORDER**

TRIAL DATE: OCTOBER 21, 2019

53523549.1

# I. JURISDICTION

This Court has jurisdiction in this matter under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

## II. CLAIMS AND DEFENSES REMAINING FOR TRIAL AFTER THE COURT'S SUMMARY JUDGMENT RULING

On July 31, 2019, this Court entered its Order on the Motions for Summary judgment ("Order"), which narrowed the claims and issues that remain for trial. At the September 10, 2019 hearing on Plaintiff's *Daubert* motions, the Court advised the parties to sharpen and focus the issues for trial. The Court's September 17, 2019 Order on Plaintiff's Motions to Exclude ("*Daubert* Ruling") further narrowed the remaining issues for trial. The claims and defenses remain for trial as a result of these rulings are set forth below.

## A. PLAINTIFFS' CLAIMS AND DEFENSES

### 1. Counts I and II – Declaratory Judgment and Breach of Contract

#### *Set Off*

The Court "GRANT[ED] CFL summary judgment on its declaratory judgment claims that AFS's $2,856,602.00 setoff was improper." (Order, 51:12-15.). This issue therefore no longer remains for trial.[1]

#### *8+ Pallet Issue*

The Court held that: (1) CFL and AFS reached an oral agreement beginning on January 16, 2014 pursuant to which CFL would charge its spot quote rate for shipments that were 9 or more pallet spaces in size (*Id.*, 27-28); (2) this oral agreement did not require CFL to obtain AFS' preapproval of its spot quote rate for shipments that were 9 or more pallet spaces in size. (*Id.*, 29-30); (3) "even if the parties orally agreed to the preapproval requirement, AFS waived this

---

[1] Central Freight has filed a motion for entry of judgment. (Dkt. # 241.)

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

requirement" (*Id*., p. 30); (4) the oral agreement "was for CFL to charge its spot-quoted volume rate, not a 'reasonable' rate" (*Daubert* Ruling, p. 25 n. 8); (5) CFL "should not have spot quoted shipments that occupied exactly eight pallet spaces" (*Id*., 32:20-22); (6) the Court was unable to "determine whether CFL properly charged for the shipments that occupied between one and seven pallet spaces" (*Id*., 32:20-22).[2]

Based on the aforementioned rulings by the Court, the only issues that CFL must establish at trial for Counts I and II on the 8+ Pallet issue are:

- that it billed its volume rate using its spot quote software;
- the amount AFS owes to CFL on the shipments that were 9 or more pallet spaces to which the oral agreement applied;
- the amount AFS owes to CFL on the shipments that were 8 or fewer pallet spaces because of AFS' miscalculation of what was owed under the Transportation Agreement.

## *MBOL Issue*

The Court ruled that CFL was not obligated under the Transportation Agreement ("TA") to consolidate multiple BOLs into a single MBOL. (*See* Oder, p. 38, "the Court concludes that the Agreement allowed CFL to use multiple BOLs"). The Court noted that mutual assent as to whether CFL would use one MBOL instead of multiple BOLs "may exist." (*Id*.) The sole issue for trial thus is "whether, and at what date after the Directive, CFL was required to use one MBOL for same day/same origin/same destination shipments." (*Id*. at 39:17-19.)

The $431,028 that AFS set off on the MBOL was based on its audit of the months of February, March and April 2016. The sole issue at trial, therefore, is whether there was an

---

[2] In the Order, the Court found there are "genuine issues of material fact whether such an agreement [as the January 16, 2014 oral agreement] existed prior to that date, and whether any agreement that existed prior to January 16, 2014, contained a preapproval requirement." (Order, 33:16-19.) However, it is undisputed that all of the 8+ Pallet Shipments for which AFS claims CFL overbilled it took place after the January 16, 2014 agreement. (*See* Pl. Trial Ex. 167, AFS' 0% Discount Audit, AFS_CFL_00001597.) Moreover, any claim by AFS as to shipments prior to January 16, 2014 would be untimely and barred under the Agreement. There thus is no issue for trial as to the existence of such an agreement prior to January 16, 2014.

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

agreement to combine BOLs, and, if so when it was reached. For example, if CFL establishes there was no agreement as of the end of April 2016, CFL is entitled to payment of the $431,028 that AFS set off.

Further trial issues are: (1) "whether the $112,203.52 payment [by CFL on the MBOL Issue] was a reimbursement pursuant to the Agreement, or whether it was payment in furtherance of a settlement." (Order, 55:16-19); (2) if it was payment in furtherance of a settlement. whether CFL is entitled to repayment of this money because AFS continued to pursue additional money from CFL after it was paid.

### *Tender ID Issue*

The issues at trial on the Tender ID Issue are: (i) whether and when there was an agreement that CFL was required to include a valid Tender ID; and (ii) whether AFS could refuse payment for a shipment that was made because of no Tender ID. (*Id.*, 40-41.)

### ***Damages for "bad faith"***

In addition to its actual damages, CFL may – if the jury finds that AFS acted with "bad faith" – be entitled to the attorneys' fees it expended in this litigation. (Order, 56:8-17.) As stated in the Order, an award of attorney fees is proper under the bad faith exception when the fees were incurred as a result of: (1) an "intentional and calculated action" that (2) left "the plaintiff with only one course of action: that is, litigation." (*Id.*, 56:8-12 (quotation omitted).)

**2.     Central Freight's Claims Dismissed by the Court at Summary Judgment**

The following claims were dismissed by the Court and are no longer part of the trial: Count III – Fraud, Count IV – Fraudulent Inducement, Count V – Conversion, Count VI – Promissory Estoppel (dismissed as moot because of other rulings), and Count VIII – Violation of Consumer Protection Acts.

**3.     Central Freight's Defenses at Trial to AFS's Counterclaims.**

1.     AFS' counterclaims are barred by the doctrines of laches, estoppel, release, waiver, ratification, acquiescence, bad faith and/or unclean hands, and other equitable defenses.

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

2.      AFS' counterclaims are barred in whole or in part because AFS has suffered no damage caused by the actions alleged in the Counterclaims.

3.      AFS' counterclaims are barred by Defendants' own material breach of the Contract.

4.      Any allegation that Central Freight breached the Contract is legally excused and justified by AFS' material breach of the Contract.

5.      Any claims by AFS against Central Freight's outstanding invoices are time-barred.

## B.      AFS'S COUNTERCLAIMS AND DEFENSES

AFS does not accept or ratify CFL's characterization of the Court's Orders and documents which speak for themselves. Because AFS's defenses and counterclaims are intertwined, AFS addresses them together. AFS will pursue the following defenses and counterclaims at trial:

(1)      CFL breached the terms of the transportation agreement by failing to charge the contractual rates for shipments occupying 1-8 pallet positions;

(2)      CFL breached the terms of the oral modification of the transportation agreement by (a) failing to use its spot quote rating software to determine rates for shipments occupying more than 9 pallet positions, and/or (b) inflated the rates it charged AFS for shipments occupying 9 or more pallet positions;

(3)      The parties modified the transportation agreement to require CFL to consolidate shipments and CFL breached that agreement by failing to consolidate shipments onto a single bill of lading for shipments moving in February, March, April, June of 2016;

**Central Freight's Response to (3):** The only months at issue for trial on the MBOL Issue are February, March and April of 2016. In its Counterclaim, AFS asserts that "Central Freight charged AFS multiple times for the same single shipments …. Central Freight's billing procedures resulted in AFS overpaying Central Freight by $431,028, of which only a fraction was reimbursed." (Dkt. # 48, Counterclaim ¶ 30.) By email dated June 23, 2016, Christian Piller confirmed to CFL that the audit was "only … February 2016 through April 2016 . . ." (CFL_003684, Trial Ex. 42.) Both of the "Multiple ARN Audit" spreadsheets AFS produced in

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

discovery, AFS_CFL_00000839 and AFS_CFL_00001599, end in April of 2016. (*See* Dkt. # 105, p. 6, confirming production of the setoff audits.) In addition, AFS is time-barred by both the limitations period set forth in the TA and federal law, 49 U.S.C. § 14705, from asserting a claim more than 18 months after the claim arose. AFS' claim on shipments from June 2016 is time-barred. AFS should not be permitted to expand its prayer for affirmative relief on the eve of trial.

**AFS's Reply:** AFS's counterclaims have always been that CFL "materially breached the Contract ... by charging AFS multiple times for single shipments." Dkt. No. 48, ¶¶ 21-25, 42. This is an affirmative claim and is not limited to amounts AFS calculated in its audit as overcharges by CFL. CFL claims that AFS did not disclose this amount during discovery; however, CFL limited its discovery to AFS's audit. *See* Dkt. No. 99-1, at 9, 17 (requesting the invoice numbers for "all freight services that you claim were overbilled *pursuant to the Audit*."); *see also* Dkt. No. 139, ¶ 49 (placing CFL's May/June 2016 audit in dispute for this litigation)[3]; Dkt. No. 144, ¶ 49 (admitting that CFL agreed to "self-audit its multiple BOL shipments occurring in May and June 2016, and agreed to repay these amounts, which amounted to $112,203.52 and $145,698.94"); Dkt. No. 156, at 23 ("CFL agreed to repay the overcharges from May and June 2016."). Similarly, in its Motion to Compel, CFL only moved to compel the invoices for the "audit *it [AFS]* conducted of CFL's performance in 2016." *See* Dkt No. 98 at 2 (seeking the "full, accurate and complete copy of the *July 2016* Audit."), and AFS responded appropriately. The audit in dispute was conducted by *CFL* in August 2016. *See* Dkt. No. 158-2, at 11. AFS produced this audit as AFS_CFL_00001527. Moreover, AFS included these amounts in its Amended Initial Disclosures, served on CFL on May 9, 2019. Finally, the statute of limitations does not apply to AFS's counterclaims. *Olsen v. Pesarik*, 118 Wn. App. 688, 692, 77 P.3d 385 (2003); *Seattle First Nat.*

---

[3] CFL's First Amended Complaint, Dkt. No. 139, does not explicitly claim that it is entitled to recover the $112,203.52 it paid for unconsolidated May 2016 shipments. Nevertheless, CFL requests that amount be included as part of its damages.

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

*Bank, N.A. v. Siebol*, 64 Wn. App. 401, 407, 824 P.2d 1252 (1992). CFL's objections are unwarranted.

(4)    AFS is entitled to retain the $112,203.52 CFL issued AFS for unconsolidated shipments that moved in May of 2016;

(5)    CFL breached the terms of the transportation agreement by failing to provide the required Tender ID on its invoices;

(6)    CFL is not entitled to damages for shipments for which it failed to identify the Tender ID on certain unpaid invoices; certain invoices which were untimely submitted; and for invoices not authorized by AFS;

**Central Freight's Response to (6):**  AFS's belated attempt to state a claim on the eve of trial based upon the "setoff invoices" (as distinct from the "audit invoices") is improper because AFS previously stated in discovery that information concerning the "invoices Central Freight submitted after the Audit" (i.e., the "setoff invoices") "is irrelevant to any claim or defense in this litigation." (AFS' Answers to Plaintiff's First Set of Interrogatories, No. 2.) Moreover, AFS stated it did not have a claim against the "setoff invoices" when it stated that it "set off this amount [$2,856,602] from amounts *otherwise due*." (AFS' Answers to Plaintiff's First Set of Interrogatories, No. 6 (emphasis added).) AFS' answers to discovery foreclosed its attempt to assert claims against the "setoff invoices" (invoices Central Freight submitted for work performed after the 2016 audit that AFS refused to pay). It cannot do so now. In addition, AFS is time-barred by both the limitations period set forth in the TA and federal law, 49 U.S.C. § 14705, from asserting these claims more than 18 months after they arose.

**AFS's Reply**: This allegation is an improper attempt to supplement CFL's motion in limine addressing this issue by asserting alternative grounds for relief. *See* Dkt. No. 216, at 8-9.  It also seeks to circumvent this Court's ruling that these issues are "relevant to AFS's breach of contract counterclaim." Dkt. No. 238, at 16.  CFL was well aware that AFS asserts these claims after CFL sought damages in excess of the set off amount. These claims were clearly raised during discovery

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

and were explicitly identified in the expert report of William Partin. *See* Dkt. No.158-2, at 69 (dated May 2, 2019); *see also* Dkt. No. 156, at 43 (dated May 6, 2019). Because CFL was well aware of these damages prior to the discovery cutoff, it cannot now raise an issue that this is an undisclosed claim. Finally, statute of limitations defenses do not apply to AFS's counterclaims. *Olsen v. Pesarik*, 118 Wn. App. 688, 692, 77 P.3d 385 (2003); *Seattle First Nat. Bank, N.A. v. Siebol*, 64 Wn. App. 401, 407, 824 P.2d 1252 (1992).

(7)     AFS did not act in bad faith because CFL misrepresented the agreements it had with prior AFS carrier managers, and AFS understood CFL's ability to spot quote as following industry procedures regarding spot quoting shipments.

### III.     STIPULATED FACTS

The parties are prepared to stipulate to the following facts, which are relevant and about which they believes there is no dispute:

1.     Central Freight is a less-than-truckload ("LTL") freight carrier based in the southwestern United States. Central Freight also performs Truckload ("TL") services and operates throughout the Southern United States.

2.     LTL is a shipping option for freight shipments larger than parcel (small package) but less than a full truckload ("TL").

3.     Central Freight and AFS entered into a Transportation Agreement ("TA") with an effective date of July 7, 2011.

4.     The TA was renewed on an annual basis and was in full force and effect until it was terminated in early 2017.

5.     Central Freight made hundreds of thousands of LTL freight shipments for AFS over the years the TA was in effect.

6.     In 2011, Central Freight objected to transporting large volume shipments which had been tendered to Central Freight.

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

7.     Central Freight informed AFS that it did not want to pick up and transport large volume shipments.

8.     The Court has ruled that, on January 16, 2014, Christian Piller, of AFS, and Central Freight orally modified the TA to allow Central Freight to use its spot quote rating software system to set pricing for shipments that occupied nine or more pallet spaces.

9.     The Court has ruled that the oral modification of the TA for shipments that were nine or more pallets in size did not require Central Freight to get preapproval from AFS of the pricing for those shipments.

10.    In 2014, AFS implemented a computerized invoice auditing program, the Transportation Invoice Processing System, or "TIPS", to support the goal of ensuring that AFS paid its carriers the right amount and on time.

11.    If there was a variance between TIPS's estimated manifest amount and the LTL carrier's invoice, the system would flag the invoice as "off manifest." TIPS also compared other metrics to determine if an invoice would be flagged as "off manifest."

12.    AFS paid thousands of invoices for shipments Central Freight transported for Amazon, including those that Central Freight contends were rated using Central Freight's spot quote program.

13.    In June of 2016, AFS denied that it had ever entered into an agreement with Central Freight regarding large volume shipments.

14.    A bill of lading ("BOL") is a contract between a shipper and carrier for a shipment by warranting payment to a carrier for that shipment. It identifies the freight, the person who receives it, the place of delivery and the terms of the agreement.

15.    On February 13, 2016, Brett Beavers of AFS sent an email to AFS's LTL carriers directing the carriers to combine multiple BOL into a Master BOL ("MBOL") for shipments going from the same origin to the same destination on the same day onto a single MBOL. The email instructed carriers to invoice AFS based upon the MBOL.

JOINT PRETRIAL ORDER
NO. 2:18-cv-00814-JLR-8

ROETZEL & ANDRESS LPA
30 N. LA SALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

16. Combining multiple shipments, each identified by a single BOL, into a MBOL can modify the pricing of the shipments.

17. AFS sent the February 13, 2016 email to a single billing clerk at Central Freight.

18. On February 24, 2016, Barry Rankin, then the Director of Credit and Collections at Central Freight, forwarded the February 13, 2016 directive to Central Freight's EDI team.

19. On March 2, 2016, Tom Botsios was forwarded the February 13, 2016 email.

20. On April 4, 2016, AFS sent another email to its LTL carriers notifying them that if they did not include the proper Tender ID on an invoice, AFS might refuse to pay the invoice.

21. A Tender ID is a unique reference number used by AFS to provide authorization for a carrier to transport a shipment.

22. A Tender ID may include multiple Amazon Reference Numbers ("ARN").

23. In 2016, AFS initiated an audit of its LTL freight carriers to determine whether the carriers were complying with MBOL processes.

24. AFS's MBOL audit claimed that Central Freight overcharged AFS by $431,028 for the months of February, March and April 2016.

25. AFS also audited Central Freight to determine its compliance with Tender ID procedures.

26. In June of 2016, an Amazon employee noticed that Central Freight was not applying the contractual discounts to some shipments.

27. AFS then audited Central Freight to determine whether it was applying the discount percentages set forth in its contract with AFS to applicable shipments, i.e., the 0% discount audit.

28. The 0% Discount audit reviewed shipments sent April 2015 through May 2016.

29. On August 10, 2016, AFS sent CFL a demand letter ("Demand Letter") claiming that Central Freight had overcharged AFS: (1) $2,389,538.00 for failing to apply the contractual discount to certain shipments; $431,028.00 for failing to consolidate multiple BOLs in February, March and April 2016; and (3) $36,036.00 for supplying AFS with incorrect Tender IDs. Based on

JOINT PRETRIAL ORDER
NO. 2:18-cv-00814-JLR-9

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

those asserted errors, AFS demanded that CFL reimburse AFS $2,856,602.00 no later than September 15, 2016.

30.     Central Freight refused to pay AFS the amounts set forth in the Demand Letter.

31.     AFS decided to withhold money it owed Central Freight for freight services rendered in order to "set off" the $2,856,602 million it had demanded from Central Freight but that Central Freight refused to pay.

32.     AFS continued to tender shipments to Central Freight and Central Freight continued to pick up and transport shipments for AFS, until the end of February/beginning of March 2017.

33.     On February 14, 2017, AFS informed Central Freight that it would not be awarding Central Freight any LTL business in 2017.

34.     AFS did not inform Central Freight in advance of its intent to effectuate a set off.

35.     AFS began withholding payments to Central Freight on March 13, 2017.

36.     AFS calculated the amount to set off for the 0% discount and Tender ID audits from a spreadsheet bates numbered AFS_CFL_00000351.

37.     Later, AFS admitted that the spreadsheet AFS_CFL_00000351 was missorted.

38.     To correct the error, AFS produced another spreadsheet, AFS_CFL00001597, which contains all the same shipments on its original 0% Discount Audit (AFS_CFL_00000351). AFS_CFL_00001597 did not include the Tender ID audit, which was included in AFS_CFL_00000351.

39.     However, AFS_CFL_00001597 calculated the overcharge to be $2,415,787.27, more than the amount shown in AFS_CFL_00000351 and the amount AFS set off from Central Freight.

40.     The 0% Discount audit contained 6,298 shipments, including shipments that were 1 to 8 pallets in size, shipments that were nine pallets or more in size, as well as shipments comprised of non-palletized freight.

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

41.     AFS initially withheld as set off an amount that was $530,152.21 more than was set forth in the AFS_CFL_00000351 audit spreadsheet.

42.     AFS paid the $530,161.23 a few weeks after Central Freight filed this lawsuit.

43.     CFL claims AFS is currently withholding $2,856,602 from Central Freight based upon the setoff.

44.     Of the 6,298 shipments in the 0% Discount audit, 4,151 of the shipments occupied 8 or fewer pallet spaces.

45.     Shipments that occupied fewer than 9 pallet spaces should have been rated under the TA.

46.     The proper way to rate a shipment under the TA is to (i) determine the CzarLite Base Rate, (ii) apply the contractual discount to the CzarLite Base Rate and then (iii) apply AFS's fuel surcharge.

## IV.     ISSUES OF LAW

1.     Whether Central Freight agreed to consolidate shipments onto MBOL, such that Central Freight and AFS formed a contract on the MBOL Issue, after April 30, 2016.

2.     Whether AFS breached the Transportation Agreement by withholding as set off $431,028 on the MBOL Issue.

3.     Whether Central Freight breached the Transportation Agreement by failing to consolidate shipments and consequently overcharging AFS by $431,028 for shipments in February, March and April of 2016, and $145,698.94 for June 2016.

**Central Freight Response to (3):** Shipments from June of 2016 are time-barred, barred by AFS's responses in discovery and AFS omitted any claims against these shipments from its Counterclaim. See page 4, *supra*.

JOINT PRETRIAL ORDER
NO. 2:18-cv-00814-JLR-11

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

4. Whether AFS breached the Transportation Agreement by withholding as set off $36,036 on the Tender ID issue.

5. Whether Central Freight breached the Transportation Agreement by failing to provide proper Tender IDs on its invoices to AFS.

**Central Freight Response to (5):** AFS' claims against the "setoff invoices," those invoices that remain unpaid and are distinct from the invoices AFS audited (i.e., the "audit invoices") are time-barred and barred by AFS's responses in discovery. See page 5, *supra*.

6. Whether AFS breached the Transportation Agreement by setting off an amount of funds from Central Freight for shipments that occupied 8 or fewer pallet spaces in excess of the rates determined by the Transportation Agreement.

7. Whether Central Freight breached the Transportation Agreement by failing to apply the contractual discount or minimum charge rates to shipments occupying fewer than 8 pallet spaces.

8. Whether AFS breached the oral agreement found by the Court by setting off funds for shipments that were rated pursuant to the oral agreement (i.e., those occupying 9 or more pallet spaces).

9. Whether Central Freight breached the oral agreement found by the Court by failing to use its spot quote system to rate shipments that occupied 9 or more pallet spaces as agreed.

10. Whether AFS engaged in bad faith by (i) denying the existence of the oral agreement, conducting an audit of shipments subject to the oral agreement and setting off money from Central Freight based shipments subject to the oral agreement (ii) disregarding its own internal and external policies, including terms in the Transportation Agreement, regarding bills of

JOINT PRETRIAL ORDER
NO. 2:18-cv-00814-JLR-12

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

lading, auditing Central Freight for its failure to consolidate certain shipments and setting off money from Central Freight for that alleged failure; and/or (iii) setting off money from Central Freight instead of engaging in a proper dispute resolution process.

11.     Whether AFS should repay Central Freight the $112,203.52 it paid AFS because the payment was contingent on resolving all payment issues between Central Freight and AFS.

## V.  WITNESSES

### A.    EXPERT WITNESSES

1.      Each party shall be entitled to two expert witnesses. The witnesses may be called to testify on the following topics: (i) industry custom and practice regarding multiple bills of lading; (ii) CFL's spot quote program and how the program calculates rates.

2.      The name(s) and addresses of the expert witness(es) to be used by each party at the trial and the issue upon which each will testify is:

(a)     On behalf of plaintiff; **Michael Regan** (Possible Witness Only), TranzAct Technologies, Inc., 360 W. Butterfield Road, Suite 400, Elmhurst, IL 60126. Mr. Regan will testify consistent with his expert report and his rebuttal report and his deposition given in this matter.

(b)     On behalf of defendant:

(i) **Nicole Bolton** (Will Testify), 18 Remount Rd., North Little Rock, AR 72118. Ms. Bolton will testify "whether CFL failed to use its spot-quote program, or artificially inflated its volume rates" (Dkt. No. 238, at 27); CFL's spot quote system, as detailed in her supplemental report (*see* Dkt. No. 238, at 5 n. 4); and industry custom and practice regarding multiple bills of lading (Dkt. No. 238, at 30), as set forth in her expert reports. Ms. Bolton will not testify about the reasonableness of Central Freight's spot quote rates themselves or as compared with the LTL industry at large. (Dkt. No. 238.)

(ii) **William Partin** (Possible Witness Only), 400 108th Ave N.E. Suite 615, Bellevue WA 98004. Mr. Partin may testify regarding CFL's claimed damages stemming

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

from the 0% Discount audit and the amount CFL overcharged for certain shipments that had 0% discount applied. Mr. Partin will not testify about the timeliness of Central Freight's invoices or the validity or invalidity of Tender IDs Central Freight included on its invoices. (Dkt. # 238, pp. 18-20.)

**B.     WITNESSES**

**1.     Central Freight's Witnesses**

Pursuant to LCR 16(h), Central Freight identifies the names and addresses of all witnesses who might be called by it and the general nature of the expected testimony of each. Central Freight also reserve the right to call any witnesses identified by AFS, as part of Central Freight's case in chief or in rebuttal.

All current employees and retained experts of Central Freight may be contacted via Plaintiff's counsel.

1.     **Tom Botsios (Central Freight Lines)**, Central Freight Lines, Inc., 5601 West Waco Dr., Waco, TX 76710 **- Will Testify**

Mr. Botsios will testify regarding:

The nature of Central Freight's business as an LTL carrier; his experience in trucking industry and at Central Freight; Central Freight's business practices; the trucking industry; CzarLite; bills of lading; the TA, including but not limited to its negotiation, terms, pricing or rating arrangements, rights and responsibilities thereunder and amendments; the business between AFS and Central Freight; the agreement between AFS and Central Freight permitting Central Freight to use its spot quote system to rate volume shipments; Central Freight's use of its spot quote system to rate volume shipments for AFS; misrepresentations made by AFS; the "audits" AFS provided Central Freight; Central Freight's attempts to resolve disputes with AFS; AFS's set off of funds to compensate for Central Freight's alleged overcharges; Central Freight's attempts to assess and analyze AFS's

JOINT PRETRIAL ORDER
NO. 2:18-cv-00814-JLR-14

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

"audits"; amounts owed by AFS to Central Freight; damages incurred by Central Freight caused by AFS; AFS's bad faith. It is further anticipated that Mr. Botsios will testify consistent with his deposition testimony given in this matter.

2. **Don Orr (Central Freight Lines)**, May be Contacted Through Counsel for Central Freight Lines - **Possible Witness Only**

Mr. Orr will testify regarding:

The history of Central Freight and its business; his experience in the trucking industry and his tenure with Central Freight; the MBOL dispute; attempts to resolve the disputes between AFS and Central Freight; damages incurred by Central Freight caused by AFS; AFS's bad faith. It is further anticipated that Mr. Orr will testify consistent with his deposition testimony given in this matter.

3. **Samantha Amaro (Central Freight Lines)**, Central Freight Lines, Inc., 5601 West Waco Dr., Waco, TX 76710 – **Will Testify**

Ms. Amaro will testify regarding:

Her tenure and experience at Central Freight; Central Freight's business practices; the TA; Central Freight's spot quote practices; the agreement between AFS and Central Freight regarding volume shipments; Central Freight's use of its spot quote system; amounts owed by AFS to Central Freight; damages incurred by Central Freight as a result of AFS's conduct; the MBOL dispute; communications between Central Freight and AFS before, during and after the MBOL dispute, 0% Discount Dispute, TenderID Dispute. It is further anticipated that Ms. Amaro will testify consistent with her deposition testimony given in this matter.

4. **Doug Culbertson (Central Freight Lines)**, Central Freight Lines, Inc., 5601 West Waco Dr., Waco, TX 76710 – **Will Testify**

Mr. Culbertson will testify regarding:

JOINT PRETRIAL ORDER
NO. 2:18-cv-00814-JLR-15

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

His experience in the trucking industry and tenure with Central Freight; Central Freight's business practices and procedures; the TA; how LTL shipments are rated under CzarLite and the TA; how Central Freight uses pallet spaces in rating a shipment; Central Freight's spot quote system; Central Freight's use of its spot quote program to rate volume shipments; bills of lading and related documents Central Freight creates and/or uses during the shipping and billing process; his review of AFS' 0% Discount Spreadsheet (AFS_CFL_00001597) and supporting documents to determine which shipments were nine of more pallet spaces in size, and which were 8 pallets or fewer in size (CFL_098680); documents (CFL_052745-52906) that show that Central Freight performed services for AFS for the shipments subject to AFS's Tender ID audit, AFS_CFL_00001598; the MBOL Dispute; AFS's incorrect "audits"; Central Freight's assessment and analysis of various AFS's "audits"; spreadsheets created by him or at his direction relating to the audits; Central Freight's unpaid invoices; damages incurred by Central Freight as a result of AFS's conduct; Central Freight's damages calculations. It is further anticipated that Mr. Culbertson will testify consistent with his deposition testimony given in this matter.

5.     **Christian Piller (AFS)**, 2337 W Lyndale Street, Unit 2, Chicago, IL 60647-3229 **- Will Testify as an Adverse Witness**

Mr. Piller will testify regarding:

His tenure, experience and roles at AFS; the TA; the "audit" AFS provided to Central Freight; agreements between AFS and Central Freight regarding volume shipments; the various audits AFS conducted of Central Freight, including spreadsheets supporting those audits; the EDI invoices for all Central Freight invoices that AFS audited, AFS_CFL_00001946-91242; AFS's TIPS System; AFS's policies and procedures regarding bills of lading; the MBOL Dispute;

ROETZEL & ANDRESS LPA
30 N. LAS ALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

internal AFS communications regarding MBOL issues; AFS's decision to set off funds owed to Central Freight; AFS's build up of its accounts payable balance to Central Freight to support the setoff; AFS's repudiation of the oral agreement with Central Freight; his review of CFL financial data; AFS's bad faith. It is also anticipated that Piller will also testify consistent with his deposition testimony given in this matter.

6. **Brett Beavers (AFS)**, c/o Foster Pepper PLLC, 1111 Third Ave., Suite 3000, Seattle, WA 98101-3299 – **Will Testify as an Adverse Witness**

Mr. Beavers will testify regarding:

His tenure, experience and role at AFS; LTL rates and invoicing practices; AFS's invoicing, billing and payment practices, including but not limited to EDI and other data transfers; AFS's TIPS system; bills of lading; AFS's policies and procedures regarding bills of lading; the MBOL Dispute; AFS's audits, including spreadsheets supporting those audits; AFS's decision to set off funds owed to Central Freight; AFS's build up of its accounts payable balance to Central Freight to support the setoff; AFS's bad faith. It is also anticipated that Mr. Beavers will also testify consistent with his deposition testimony given in this matter.

7. **Andrea Lau (AFS)**, 6609 43rd Ave. S., Seattle, WA 98118 – **Possible Adverse Witness Only**

Ms. Lau may testify regarding:

Her tenure and experience at AFS; AFS's invoicing, billing and payment practices; her knowledge of Central Freight's rates and invoicing practices; internal discussions at AFS about Central Freight's refusal to accept large volume shipments; AFS's knowledge that Central Freight was rating certain shipments at rate other than that set forth in the TA; AFS's knowledge that that Central Freight was using its spot quote system to rate volume shipments for AFS; AFS's TIPS

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

system; agreements between AFS and Central Freight regarding large volume shipments; her communications with Central Freight. It is also anticipated that Ms. Lau will testify consistent with her deposition testimony given in this matter.

8.    **Ankush Khandelwal (AFS)**, c/o Foster Pepper PLLC, 1111 Third Ave., Suite 3000, Seattle, WA 98101-3299 – **Will Testify as an Adverse Witness**

Mr. Khandelwal will testify regarding:

His tenure and experience at AFS; his lack of experience at AFS in the spring of 2016; LTL rates and invoicing practices; AFS's invoicing, billing and payment practices, including but not limited to EDI and other data transfers; AFS's TIPS system; his knowledge of Central Freight's rates and invoicing practices; agreements between AFS and Central Freight regarding large volume shipments; his communications with Central Freight including but not limited to his knowledge that Central Freight was using its spot quote system to rate volume shipments for AFS; AFS's audits of Central Freight, including spreadsheets supporting those audits; AFS's decision to set off funds owed to Central Freight; AFS's decision not to inform Central Freight that it did not intend to pay Central Freight for services rendered in early 2016; the amounts AFS set off from Central Freight. It is further anticipated that Mr. Khandelwal will testify consistent with his deposition testimony given in this matter.

9.    **Allison Stein (AFS)**, 3901 1st Ave NW, No. 301, Seattle, WA 98107-4956 – **Possible Adverse Witness Only**

Ms. Stein may testify regarding:

Her tenure and experience at AFS; AFS's invoicing, billing and payment practices; her knowledge of Central Freight's rates and invoicing practices; AFS's knowledge that Central Freight was rating certain shipments at rates other than that set forth in the TA; AFS's knowledge that Central Freight was using its spot quote system to

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

rate volume shipments for AFS; AFS's TIPS system; her communications with Central Freight. It is also anticipated that Ms. Stein will testify consistent with her deposition testimony given in this matter.

10. **Todd Militzer (Central Freight Lines)**, 1420 Danbury Drive, Mansfield, TX 76063 – **Will Testify**

Militzer will testify regarding:

His experience in the freight shipping industry; his tenure and experience at Central Freight; Central Freight's invoicing and billing practices; Central Freight's use of its spot quote system; his analysis of AFS's purported audits and demands for payment; spreadsheets created by him or at his direction, including but not limited to CFL_094418; AFS's set off of funds owed to Central Freight; comparison of spreadsheets created by him with those created after his tenure at CFL; the amounts AFS owes Central Freight; Central Freight's damages caused by AFS. It is further anticipated that Mr. Militzer will testify consistent with his deposition testimony given in this matter.

11. **Robert Harris (Central Freight Lines)**, 1300 Placid Circle, Apt 2405, Waco, TX 76706 – **May Testify**[4]

Mr. Harris testify regarding:

His tenure, experience and roles at Central Freight; Central Freight's spot quote system; Central Freight's use of its spot quote system to rate volume shipments for AFS; CFL's procedure for billing its volume rate using the spot quote system for AFS volume shipments.

---

[4] Central Freight has designated parts of Mr. Harris's deposition for use at trial in an abundance of caution. Mr. Harris is a former employee of Central Freight and, despite efforts, counsel for Central Freight has been unable to confirm his attendance at trial. Moreover, he resides more than 100 miles from Seattle.

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

12.    **David Heim (Central Freight Lines)** – 1513 Melody Lane, Keller, Texas 76262 – **May Testify via deposition**

Mr. Heim may testify regarding:

His tenure, experience and roles at Central Freight; Central Freight's rating and billing practices; Central Freight's spot quote system; Central Freight's use of its spot quote system to rate volume shipments for AFS; CFL's procedure for billing its volume rate using the spot quote system for AFS volume shipments.

13.    **Allen Parrot (Central Freight Lines)**, 15410 Prade Ranch Lane, Cypress, TX 77429-6439 – **Possible Witness Only via deposition**

Mr. Parrot may testify regarding:

His tenure, experience and role at Central Freight; Central Freight's invoicing and billing practices; the amounts AFS owes to Central Freight; Central Freight's damages caused by AFS; AFS's set off of funds owed to Central Freight; directives he gave Central Freight officers and employees regarding AFS's audits and set off, including the creation of CFL_052072; and the attorneys' fees and costs expended by CFL in this matter. It is further anticipated that Mr. Parrot will testify consistent with his deposition testimony given in this matter.


Central Freight Lines may rely upon testimony from the depositions of the following persons: (i) Robert Flannery; (ii) Robert Black; (iii) David Heim; (iv) Robert Harris; (v) Allen Parrot; (vi) Christian Piller; and (vii) Allison Stein.[5]

Those portions of the deposition of **Robert Flannery** that Central Freight Lines may offer into evidence are:

---

[5] Central Freight intends to submit the videotaped depositions of Robert Flannery, Christian Piller and Allison Stein, should any of their designations be used at trial.

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

- 253:2 – 255:7

Those portions of the deposition of **Robert Black** that Central Freight Lines may offer into evidence are:

| | | | |
|---|---|---|---|
| • 13:5-8 | • 19:10 – 20:23 | • 22:4-14 | • 24:2-9 |
| • 25:4-26:23 | • 27:2-25 | • 28:14-24 | • 29:9-24 |
| • 31:14 – 32:7 | • 32:12 – 33:14 | • 34:12 – 35:6 | • 46:7-23 |
| • 49:22 – 50:3 | • 54:6-13 | • 58:12-20 | • 59:2-16 |
| • 66:19-25 | • 79:20-25 | | |

Those portions of the deposition of **David Heim** that Central Freight Lines may offer into evidence are:

| | | | |
|---|---|---|---|
| • 12:22 – 13:2 | • 13:6-14 | • 13:24 – 14:8 | • 15:10 – 16:21 |
| • 19:6 – 20:22 | • 22:12-14 | • 23:6 – 24:13 | • 26:12-20 |
| • 27:6-12 | • 27:15 – 28:11 | • 28:22 – 29:17 | • 29:21 – 31:23 |
| • 36:14-24 | • 38:3-6 | • 40:8-19 | • 43:3-19 |
| • 61:24 – 62:2 | | | |

Those portions of the deposition of **Robert Harris** that Central Freight Lines may offer into evidence are:

| | | | |
|---|---|---|---|
| • 12:14-21 | • 13:13-20 | • 14:18 – 15:14 | • 15:22 – 17:20 |
| • 26:11-15 | • 31:22 – 32:12 | • 33:13-24 | • 37:23 – 38:10 |
| • 39:14 – 41:11 | • 42:24 – 43:4 | • 43:6 – 44:23 | • 45:3-11 |
| • 50:11-24 | • 51:17-19 | • 51:22 – 52:7 | • 79:11 – 80:11 |
| • 83:12-23 | • 85:10 – 86:22 | • 87:22 – 88:24 | • 91:13-22 |
| • 92:16 – 93:19 | • 94:22 – 95:8 | • 97:9 – 98:2 | |

Those portions of the March 8, 2019 deposition of **Allen Parrot** that Central Freight Lines may offer into evidence are:

| | | | |
|---|---|---|---|
| • 14:8-21 | • 15:2-8 | • 30:8-10 | • 46:8-23 |
| • 48:6-18 | • 49:19 – 50:4 | • 72:8-20 | |

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

Those portions of the April 22, 2019 30(b)(6) deposition of **Allen Parrot** that Central Freight Lines may offer into evidence are:

- 41:12-25
- 42:7-25
- 43:2-25
- 44:3-19
- 45:7 – 46:5
- 49:17-24
- 50:24 – 52:20
- 57:5-9

Those portions of the deposition of **Christian Piller** that Central Freight Lines may offer into evidence are:

- 11:6-8
- 11:18-25
- 12:1-25
- 13:1-7
- 14:20 – 15:21
- 16:6 – 19:10
- 19:21 – 20-6
- 20-13-16
- 27:10 – 28-12
- 28-15 – 30-16
- 30:23 – 34:5
- 43:16 – 44:10
- 44:21 – 45:17
- 45:22 – 46:2
- 46:7-9
- 46:13-18
- 47:17 – 23
- 48:13 – 49:20
- 50: 11-14
- 51:1-6
- 51:14 – 52:4
- 53:5-17
- 53:23-25
- 54:1-3
- 55:4-16
- 58:24 – 60:3
- 64:2 – 66:19
- 69:18 – 74:5
- 101:1 – 105:6
- 106:25 – 107:11
- 107:15 – 108:1
- 108:15 – 109:10
- 111:7 – 112:7
- 112:23 – 113:6
- 113:23 – 114:5
- 129:17 – 130:8
- 131:8-12
- 132:2-15
- 133:16 – 134:8
- 134:10-12
- 139:5-13
- 143:8-15
- 143:17-24
- 144:2-5
- 149:19-25
- 150:2-3
- 153:18 – 154:25
- 155:3-7
- 155:10-12
- 160:15 – 161:3
- 161:5-6
- 162:3 – 163:6
- 163:18 – 164:19
- 164:22 – 165:14
- 165:16
- 166:3 – 167:25
- 168:19 – 171:16
- 171:18 – 174:11
- 180:18-24
- 181:1-2
- 185:11 – 187:6
- 187:8 – 188:5
- 188:7 – 189:8
- 189:10-24
- 190:1 – 191:13
- 197:4 – 199:17
- 199:19-23
- 199:25 – 201:23
- 202:12-16
- 202:21 – 203:7
- 203:9-23
- 203:25 – 204:1
- 204:7-11
- 204:13 – 205:2
- 209:4-6
- 209:18 – 210:20
- 210:22 – 211:5
- 211:15-21
- 211:25 – 216:19
- 216:21 – 217:4
- 217:6-8

JOINT PRETRIAL ORDER
NO. 2:18-cv-00814-JLR-22

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

- 217:11
- 217:22 – 218:2
- 218:4-21
- 218:23 – 219:23
- 219:25 – 220:9
- 220:11-18
- 220:20-25
- 221:2-4
- 221:12-17
- 221:19-22
- 221:24 – 222:1
- 222:3-5
- 222:8-21
- 222:23
- 222:25 – 223:14
- 223:16-17
- 224:7-17
- 224:19 – 225:1
- 228:12 – 230:7
- 230:10-11
- 230:14:17
- 230:19 – 232:12
- 232:14-18
- 232:20-22
- 233:1-19
- 233:21 – 234:6
- 234:24-25
- 235:3-5
- 235:24 - 238:25
- 239:13-20
- 243:2-7
- 243:9-10
- 245:14 – 251:2
- 252:11 – 253:18
- 253:20 – 254:2
- 254:4-16
- 254:19 – 259:10
- 259:12 – 260:13
- 260:15 – 261:7
- 261:15 – 263:14
- 263:19 – 267:4
- 267:10-25
- 268:2 – 269:10
- 270:10 – 273:6
- 273:24 – 274:11
- 274:19 – 275:4
- 275:21 – 276:1
- 277:8 – 278:13
- 279:11-19
- 280:12 – 281:24
- 285:18 – 290:2
- 293:5-11
- 293:14 – 294:15
- 295:3 – 296:11
- 298:3
- 298:8-14

Those portions of the deposition of **Allison Stein** that Central Freight Lines may offer into evidence are:

- 8:2 – 16:22
- 47:17 – 48:7
- 78:8-19
- 16:25 – 18:11
- 50:7 – 51:16
- 79:1-17
- 18:18 – 19:9
- 52:3-9
- 79:20 – 81:17
- 19:14 – 24:24
- 52:12-25
- 82:11 – 84:25
- 25:4 – 26:10
- 54:9-11
- 89:20 – 90:12
- 26:12-15
- 54:13-19
- 90:25 – 92:18
- 26:17-18
- 55:14 – 56:7
- 93:18-24
- 26:20 – 28:19
- 56:16-21
- 94:1
- 28:22 – 29:21
- 56:24
- 94:3-5
- 30:1 – 33:5
- 57:1-19
- 100:17 – 101:6
- 33:7-9
- 59:1-23
- 101:8
- 33:15 – 34:7
- 60:1-9
- 101:10-13
- 34:10
- 60:17-25
- 102:3 – 103:9
- 34:12 – 35:5
- 61:1 – 65:9
- 104:24 – 106:12

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

- 36:10-12
- 36:15 – 37:4
- 37:6-7
- 37:9-25
- 38:2
- 38:4-25
- 39:2
- 39:4 – 42:24
- 43:2 – 44:3
- 44:6 – 45:5
- 45:8
- 45:10 – 46:22
- 46:25
- 47:2
- 95:12-13
- 95:16 – 66:21
- 66:24 – 67:15
- 67:18-19
- 68:1 – 72:23
- 73:1-2
- 73:5-19
- 73:23-25
- 74:2-9
- 74:11 – 75:5
- 75:15 – 76:16
- 76:20 – 77:20
- 77:24 – 78:3
- 78:6
- 108:5 – 111:21
- 112:1 – 114:17
- 114:21 – 115:12
- 115:20 – 117:10
- 117:16 – 118:2
- 139:9 – 140:6
- 141:1-142:3
- 142:8-17
- 142:21 – 143:7
- 143:21-25
- 144:3-22

### 2. AFS's Witnesses

1. **Christian Piller (AFS)** – 2337 W Lyndale Street, Unit 2, Chicago, IL 60647 – **Will Testify**

   Mr. Piller will testify regarding the modification of the transportation agreement, Central Freight's improper invoicing practices, AFS's audits of Central Freight, the LTL transportation industry, misrepresentations made by Central Freight to AFS, and AFS's setoff of funds.

2. **Brett Beavers (AFS)** – c/o Foster Pepper PLLC, 1111 Third Avenue, Suite 3000, Seattle, WA 98101 – **Will Testify**

   Mr. Beavers will testify regarding Central Freight's improper invoicing practices, the modification of the transportation agreement, Central Freight's invoices, the LTL transportation industry, AFS's auditing system, the audits he conducted, and AFS's setoff of funds.

3. **Ankush Khandelwal (AFS)** – c/o Foster Pepper PLLC, 1111 Third Avenue, Suite 3000, Seattle, WA 98101 – **Will Testify**

JOINT PRETRIAL ORDER
NO. 2:18-cv-00814-JLR-24

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

Mr. Khandelwal will testify concerning AFS's invoicing processing system, Central Freight's improper invoicing practices, audits he created, and amounts setoff by AFS.

4. **Robert Flannery (AFS)** – 7376 Longview Court, Naples, Florida 34109 – **May Testify**

Mr. Flannery may testify regarding the LTL transportation industry, the transportation agreement, and Central Freight's improper invoicing practices.

5. **Joseph Kraninger (AFS)** – 4701 Wyngate Way, Forest Lake, Minnesota 55025 – **May Testify**

Mr. Kraninger may testify regarding the alleged modification of the transportation agreement, the transportation agreement, and the LTL transportation industry.

6. **Allen Parrot (Central Freight Lines)** – 15410 Prade Ranch Lane, Cypress, Texas 77429 – **May Testify via Deposition**

Mr. Parrot may testify regarding Central Freight's improper invoicing practices and alleged damages.

7. **David Heim (Central Freight Lines)** – 1513 Melody Lane, Keller, Texas 76262 – **Will Testify via Deposition**

Mr. Heim will testify regarding the transportation agreement, the implementation of the oral modification, Central Freight's improper invoicing practices, and Central Freight's alleged damages.

8. **Don Orr (Central Freight Lines)** – c/o Roetzel & Andress, 30 N LaSalle St #2800, Chicago, IL 60602 – **Will Testify**

Mr. Orr will testify regarding the transportation agreement, the modification to the transportation agreement, Central Freight's improper invoicing practices, Central Freight's alleged damages, and Central Freight's misrepresentations to AFS.

9. **Doug Culbertson (Central Freight Lines)** – c/o Roetzel & Andress, 30 N LaSalle St #2800, Chicago, IL 60602 – **Will Testify**

JOINT PRETRIAL ORDER
NO. 2:18-cv-00814-JLR-25

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

Mr. Culbertson will testify regarding the transportation agreement, the modification of the transportation agreement, Central Freight's improper invoicing practices, and Central Freight's alleged damages.

10.     **Grady Christie (Central Freight Lines)** – c/o Roetzel & Andress, 30 N LaSalle St #2800, Chicago, IL 60602 **– Will Testify**

Mr. Christie may testify regarding Central Freight's spot quote program.

11.     **Todd Militzer (Central Freight Lines)** – 1420 Danbury Drive, Mansfield, TX 76063 **– May Testify**

Mr. Militzer may testify regarding Central Freight's improper invoicing practices, and Central Freight's alleged damages.

12.     **Thomas Botsios (Central Freight Lines)** – c/o Roetzel & Andress, 30 N LaSalle St #2800, Chicago, IL 60602 **– Will Testify**

Mr. Botsios will testify regarding the transportation agreement, any oral modification to it, Central Freight's alleged damages, Central Freight's misrepresentations to AFS, and Central Freight's alleged damages.

13.     **Allison Stein (AFS)** – 3901 1st Ave NW, No. 301, Seattle, WA 98107 **– May Testify**

Ms. Stein may testify regarding AFS's invoicing processing system.

14.     **Robert Black (Central Freight Lines)** – 635 Old Bethany Road, Bruceville, Texas 76630 **– May Testify via Deposition**

Mr. Black will testify regarding Central Freight's spot quote program, invoicing practices, and any modification to the transportation agreement.

15.     **Kristin Kubitza (Central Freight Lines)** – 1881 Battle Lake Road, Riesel, TX 76682 **– May Testify via Deposition**

Ms. Kubitza may testify regarding the transportation agreement, the modification of the transportation agreement, Central Freight's improper invoicing practices, and Central Freight's alleged damages.

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

16.      **Samantha Amaro (Central Freight Lines)** – c/o Roetzel & Andress, 30 N LaSalle St #2800, Chicago, IL 60602 – **May Testify**

Ms. Amaro may testify regarding the transportation agreement, the modification to the transportation agreement, Central Freight's improper invoicing practices, and Central Freight's alleged damages.

AFS reserves the right to use any deposition testimony designated by CFL. AFS may rely upon testimony from the depositions of the following persons: (i) Robert Harris; (ii) Joseph Kraninger; (iii) Robert Black; (iv) Kristin Kubitza; (v) David Heim; (vi) Grady Christy; (vii) Don Orr; (viii) Allen Parrot; (ix) FRCP 30(b)(6) of Allen Parrot, (x) Christian Piller, and (xi) Allison Stein.[6]

Those portions of the deposition of **Robert Harris** that AFS may offer into evidence are:

- 16:25-22:16
- 23:2-8
- 25:20-26:10
- 31:19-21
- 37:23-40:17
- 43:8-44:19
- 49:18-52:4
- 62:21-63:13
- 82:14-25
- 83:2-84:3
- 90:9-93:19
- 95:24-97:22

Those portions of the deposition of **Joseph Kraninger** that AFS may offer into evidence are:

- 22:4-6
- 23:13-24
- 28:1025
- 50:16-51:8
- 75:23-76:6
- 76:15-18
- 78:23-81:18
- 83:5-16
- 84:4-15
- 97:2-24
- 108:18-111:6
- 129:1-6
- 152:2-16
- 154:13-155:24

Those portions of the deposition of **Robert Black** that AFS may offer into evidence are:

- 27:21-38:12
- 41:14-50:9
- 52:15-53:25
- 67:2-68:2
- 85:6-100:3
- 100:10-104:18

---

[6] Ms. Stein and Mr. Piller are expected to testify live at trial. These are AFS's coounterdesignations to CFL's designations.

JOINT PRETRIAL ORDER
NO. 2:18-cv-00814-JLR-27

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

Those portions of the deposition of **Kristin Kubitza** that AFS may offer into evidence are:

- 8:21-9:7
- 14:2-16:15
- 20:13-21:7
- 27:21-29:25

Those portions of the deposition of **David Heim** that AFS may offer into evidence are:

- 28:22-32:10
- 33:13-25
- 35:11-36:7
- 39:10-41:12
- 41:23-43:19
- 44:20-46:21
- 48:11-57:25
- 58:17-61:19
- 64:11-72:12
- 73:10-78:2
- 83:9-24
- 88:23-90:4
- 95:12-96:17
- 110:10-25
- 125:22-126:12

Those portions of the deposition of **Grady Christie** that AFS may offer into evidence are:

- 23:12-24:4
- 24:20-33:11
- 34:20-37:18
- 38:15-39:11
- 40:21-45:18
- 46:16-48:13
- 50:20-51:25
- 57:21-58:3
- 65:3-66:2

Those portions of the deposition of **Don Orr** that AFS may offer into evidence are:

- 52:12-22
- 58:12-60:5
- 86:2-16
- 87:16-25
- 116:4-14
- 120:22-121:9
- 129:5-21
- 130:3-13

Those portions of the deposition of **Allen Parrot** that AFS may offer into evidence are:

- 30:18-31:17
- 36:12-17
- 40:5-8
- 41:2-6
- 42:16-22
- 44:3-7
- 51:11-22

Those portions of the deposition of **FRCP 30(b)(6) of Allen Parrot** that AFS may offer into evidence are:

- 42:5-15
- 43:8-44:6
- 44:19-45:6
- 51:21-52:14
- 65:8-11
- 70:9-71:2
- 76:2-77:5
- 140:4016

Those portions of the deposition of **Christian Piller** that AFS may offer into evidence are:

- 74:7-24
- 75:10-76:6
- 110:19-111:2
- 251:3-21

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

Those portions of the deposition of **Allison Stein** that AFS may offer into evidence are:

- 26:17-18
- 48:8-12
- 77:21-33
- 86:5-89:16
- 97:1-99:21
- 140:18-25

## VI. TRIAL EXHIBITS

**(a) Admissibility stipulated:**

Plaintiff's Exhibits:

| Ex. No. | Description | Bates No. |
|---------|-------------|-----------|
| 1 | Transportation Agreement | CFL_000115 |
| 4 | Re: Case 153157441 - TL Rate, 1/16/14 | CFL_003232 |
| 8 | RE: Amazon, 1/17/14 | CFL_003219 |
| 18 | RE: CENF Multiple ARNs and BOL audit, 6/23/2016 email with MBOL audit | CFL_003645 |
| 19 | FW: Amazon Tenders w/Multi ARN Numbers, 6/29/2016 email re EDI 204 | AFS_CFL_00096879 |
| 20 | FW: CENF Multiple ARNs and BOL audit, 6/29/2016 email | CFL_003647 |
| 21 | RE: Amazon LTL Invoicing, 2/13/2016 - 6/30/2016 email chain | AFS_CFL_00000171 |
| 26 | RE: Email addresses Multiple BOLs communications were sent to, 6/30/2016, with exhibits | CFL_027052 |
| 28 | RE: Master BOL Billing, 7/8/2016 - 7/11/2016 email chain Piller and D Orr | AFS_CFL_00000173 |
| 51 | Ramp down plan Email, 2/14/17 | AFS_CFL_00095995 |
| 58 | CENF LTL.XLSX, Carrier Pricing Schedule | AFS_CFL_00105690 |
| 62 | RE: Fb 736367152, 12/15/2014, Harris email | CFL_030368 |
| 64 | Re: PCO to FON 2 shipments each 10 PLTS AMZ, 11/20/2015, Harris email chain | CFL_027731 |
| 73 | Amazon Volume.xlsx | CFL_001321 |
| 87 | RE: Amazon LTL Invoicing, 2/18/2016, Beavers email | AFS_CFL_00098917 |
| 88 | FW: Amazon LTL Invoicing, 2/24/2016, Rankin email | CFL_008034 |
| 89 | FW: Amazon LTL Invoicing, 2/14/2016, Amaro email with exhibits | CFL_008109 |

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

| | | |
|---|---|---|
| 90 | Missing ARN and Duplicate BOL's, 5/3/2016 appointment scheduler | CFL_027282 |
| 91 | RE: Amazon LTL Invoicing, 3/9/2016 email | AFS_CFL_00099101 |
| 92 | Amazon LTL Invoicing Update, 4/4/2016 Beavers email directive | AFS_CFL_00098953 |
| 93 | CENF Multiple ARNs and BOL audit, 6/22/2016 Piller email | AFS_CFL_00097147 |
| 102 | FW: Amazon LTL Invoicing Update, 5/10/2016 Beavers email directive | AFS_CFL_00099001 |
| 156 | RE: amazon.com QP's 2345812 and 2345817, 11/11/2011 TOC email | CFL_004629 |
| 166 | 0% discount audit, CENF_Final.xlsx (missorted) | AFS_CFL_00000351 |
| 167 | 0% discount audit, CENF_Final_Corrected Data.xlsx | AFS_CFL_00001597 |
| 169 | Multiple ARN Audit (CENF only), CENF_Invoice_Details.xlsx | AFS_CFL_00001599 |
| 170 | Tender ID Audit, CENF_Pallets_Data_Ver2.xlsx | AFS_CFL_00001598 |
| 172 | Amazon Carrier Manual Requirements and Expectations, Carrier Manual v2.docx | AFS_CFL_00000440 |
| 174 | Amazon Carrier Manual Requirements & Expectations, Carrier Manual 2016 Final (June).docx | AFS_CFL_00000071 |
| 180 | Bolton Rebuttal to Regan | |
| 182 | Bolton Expert Report | |
| 183 | Bolton Supplemental Report (re Spot Quote Program) | |
| 185 | Regan Rebuttal to Bolton Report | |
| 187 | Partin Expert Report | |
| 190 | Partin Declaration | |
| 191 | Partin's M&P Setoff Analysis.xlsx | |
| 192 | Partin's M&P 8 Pallet Analysis.xlsx | |
| 194 | Amazon Master Bill May June 2016 Summary.xlsx | CFL_004171 |
| 196 | Unpaid Invoices - Data Pull.xlsx | AFS_CFL_00107729 |
| 203 | CFL's Responses to Amazon's 1st IROGS, RFP (11/8/2017) | |
| 204 | CFL's Responses to Amazon's 2nd IROGS, RFP | |
| 205 | CFL's Suppl Response to Amazon's discovery (2/15/2019) | |
| 206 | CFL's Responses to Amazon's 3rd IROGS, RFP | |
| 207 | CFL's Responses to Amazon's 4th RFP (3/25/2019) | |
| 208 | CFL's Answers to Amazon's 1st RFA (9/26/2018) | |

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

| | | |
|---|---|---|
| 209 | CFL's Answers to Amazon's 2nd RFA (12/19/2018) | |
| 210 | Amazon's Supp Responses to CFL's 1st IROGS, RFP | |
| 211 | Amazon's Answers to CFL's 1st RFA (11/22/2017) | |
| 212 | Amazon's Answers to CFL's 2nd RFA (8/17/2018) | |
| 213 | Amazon's Responses to CFL's 2nd IROGS, RFP | |
| 219 | CENF Additional On Hold Invoices.xlxs | AFS_CFL_00001604 |

Defendant's Exhibits:

| Ex. No. | Document | Bates No. |
|---|---|---|
| A-28 | FW: CENF setoff | AFS_CFL_00001530 |
| A-29 | FW: LTL Rate Update (Confidential) | AFS_CFL_00001531 |
| A-38 | RE: Payment Activity | AFS_CFL_00096651 |
| A-39 | FW: Amazon LTL Invoicing | AFS_CFL_00097148 |
| A-40 | RE: Master BOL Billing | AFS_CFL_00097172 |
| A-41 | RE: CENF Multiple ARNs and BOL audit | AFS_CFL_00097518 |
| A-43 | RE: Carrier Rate Information | AFS_CFL_00098414 |
| A-44 | Re: Invoice details correction | AFS_CFL_00098416 |
| A-45 | corrected invoices Amazon.pdf | AFS_CFL_00098421 |
| A-58 | RE: Pay date on Redirect bills | AFS_CFL_00101216 |
| A-63 | Fwd: Audit Failed Invoices Week - 27. | AFS_CFL_00101257 |
| A-64 | amazon spot quote.pdf | AFS_CFL_00101260 |
| A-89 | RE: 3.30 TL and LTL Invoice Approvals | AFS_CFL_00107572 |
| A-94 | Re: Over 90 corrected redirects | CFL_001235 |
| A-95 | incorrect redirect resend 1-17-2017.xlsx | CFL_001237 |
| A-96 | FW: Vendor Caused delivery delays | CFL_001258 |
| A-97 | EDI Events.xlsx | CFL_001262 |
| A-101 | Ankits list 11-30.xlsx | CFL_002984 |
| A-102 | CENF_carrier.xlsx | CFL_002992 |
| A-103 | CENF.xlsx | CFL_002994 |
| A-104 | CENF.xlsx | CFL_002998 |
| A-105 | CENF.xlsx | CFL_003000 |
| A-106 | RE: Amazon | CFL_003202 |
| A-107 | Re: [Case 161729651] [PO:8U5LMPIE] [SAT1] TRUCK LOAD RATE PO: 8U5LMPIE ARN: | CFL_003226 |
| A-108 | RE: Amazon 2014 Consolidation Mira Loma and Ft Worth Proposal | CFL_003238 |

JOINT PRETRIAL ORDER
NO. 2:18-cv-00814-JLR-31

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

| A-109 | Fwd: RE: [Case 161729651] [PO: 8U5LMPIE] [SAT1] TRUCK LOAD RATE PO: 8U5LMPIE ARN: 2008359231 | CFL_003359 |
|---|---|---|
| A-110 | RE: Amazon LTL Invoicing | CFL_003489 |
| A-111 | RE: Amazon LTL Invoicing | CFL_003492 |
| A-113 | RE: Amazon LTL Invoicing | CFL_003669 |
| A-114 | FW: New Invoicing rules | CFL_003842 |
| A-115 | RE: linear Foot charges - demand notice | CFL_003919 |
| A-116 | RE: Master BOL Billing | CFL_003963 |
| A-117 | Master BOL Billing | CFL_004023 |
| A-118 | RE: Master BOL Billing | CFL_004071 |
| A-119 | FW: Amazon Master May June 2016 | CFL_004170 |
| A-138 | Fwd: RE: Invoice details correction | CFL_004826 |
| A-139 | Re: Fwd: FW: Amazon LTL Invoicing Update | CFL_004860 |
| A-140 | Re: Fwd: Fwd: Amazon LTL Invoicing Update | CFL_004937 |
| A-141 | Inbound LTL redirect invoicing procedure | CFL_005051 |
| A-142 | FW: Fwd: Amazon LTL Invoicing Update April 4 email | CFL_005053 |
| A-148 | Fwd: Fwd: Amazon LTL Invoicing | CFL_005439 |
| A-149 | Amazon | CFL_005465 |
| A-150 | RE: Fwd: Amazon LTL Invoicing | CFL_005566 |
| A-153 | Re: Amazon Tenders w/Multi ARN Numbers | CFL_006454 |
| A-154 | Amazon_ProcessID_47345043_ISAControlNumber 000103159 Unwrap.X12 | CFL_006456 |
| A-155 | Amazon_ProcessID_47345022_ISAControlNumber 000103140 Unwrap.X12 | CFL_006457 |
| A-156 | Amazon_ProcessID_47192253_ISAControlNumber 000096520 Unwrap.X12 | CFL_006459 |
| A-157 | RE: FW: ECRDD Report Fri - 10/18 | CFL_007306 |
| A-158 | RE: CENF Duplicates | CFL_007375 |
| A-159 | FW: EDI DD and DP Compliance | CFL_007871 |
| A-160 | Carrier Manual 2016 Final (June).docx | CFL_007872 |
| A-161 | FW: Amazon LTL Invoicing | CFL_008075 |
| A-162 | Fwd: FW: FW: Amazon LTL Invoicing | CFL_008092 |
| A-163 | RE: Amazon LTL Invoicing | CFL_008112 |
| A-165 | Fwd: Fwd: FW: CENF Invalid Invoices 4.6 (Amazon duplicates) | CFL_008234 |
| A-167 | FW: CENF Invalid Invoices 8.5 | CFL_008241 |

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

| | | |
|---|---|---|
| A-176 | FW: Amazon Issues | CFL_009064 |
| A-177 | RE: Fwd: FW: CENF Invalid Invoices 9.22 – Amazon | CFL_009320 |
| A-178 | Cancellation Letter.doc | CFL_009356 |
| A-182 | RE: Amazon - Weekly CENF Meeting - RECAP | CFL_027036 |
| A-183 | FW: Amazon - CFL Contract | CFL_027086 |
| A-184 | RE: Amazon FTW1 Proposed Lane Changes January | CFL_027240 |
| A-192 | Re: CENF PRO 716937016 | CFL_030387 |
| A-193 | PaperwiseDocument-1.tif | CFL_030399 |
| A-194 | RE: Fb 731780516 | CFL_030880 |
| A-195 | RE: OB loads to FTW | CFL_031477 |
| A-197 | RE: Tender Match | CFL_051935 |
| A-198 | RE: [Case 1808114641] [Various] Volume shipments over 8 pallets need retendered | CFL_051982 |
| A-199 | RE: Ramp down plan | CFL_052067 |
| A-200 | E-Mail 1.pdf | CFL_052070 |
| A-201 | Re: Response Required: Heavy or High Volume LTL Shipments | CFL_052075 |
| A-202 | FW: Amazon Addendum 3 to Exhibit B.doc | CFL_052200 |
| A-203 | Addendum 3 to Exhibit B.doc | CFL_052201 |
| A-204 | RE: RE: [Case 123670351] [CENF][Confirm][OAK3][344237150] [PHX7] [CENF] [OAK3] Please redirect from PHX7 to OAK3 | CFL_052203 |
| A-205 | RE: Amazon Truck Load Quote | CFL_052206 |
| A-206 | RE: TL Quote | CFL_052210 |
| A-207 | RE: Pacific Cycle Inc // QP 4532480 CENF PRO 732367776 | CFL_052215 |
| A-208 | RE: Fb 723405205 | CFL_052220 |
| A-209 | RE: Amazon Re-rated Bills | CFL_052293 |
| A-210 | Re: Amazon Re-rated Bills | CFL_052300 |
| A-211 | RE: Amazon 1280 loose pieces | CFL_052348 |
| A-212 | FW: Pup load 3 bills same s/ same c/ same day. To AMZ. 18 plts total | CFL_052379 |
| A-213 | RE: Amazon | CFL_052530 |
| A-216 | CzarLite2011_ratingGuide(12015191 1).PDF | CFL_000001 |
| A-217 | NTD manual(12015193_1).PDF | CFL_000014 |
| A-218 | BOL and Weighing and Inspection Reports | CFL_088159 |
| A-219 | AmazonConsigneeShipments2012-2017BLDR | CFL_091759 |

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

| Ex. No. | Description | Bates No. |
|---|---|---|
| A-223 | EDI Invoices | AFS_CFL_00001607 – AFS_CFL_00091244 |
| A-224 | EDI Invoices | AFS_CFL_00107730 – AFS_CFL_00146626 |

**(b) Authenticity stipulated, admissibility disputed:**

Plaintiff's Exhibits:

| Ex. No. | Description | Bates No. |
|---|---|---|
| 2 | 1/4/2013 Botsios email to Lau re loading pallets | CFL_004778 |
| 3 | RE: Case 153157441 - TL Rate, 1/16/14 | CFL_003304 |
| 5 | RE: Case 153157441 - TL Rate, 1/16/14 | CFL_003250 |
| 6 | RE: Case 153157441 - TL Rate, with Addendum 4, 1/16/14 | CFL_003243 |
| 9 | FW: [Case 161729651] [PO: 8U5LMPIE] [SAT1] TRUCK LOAD RATE, 2/14/14 | CFL_003423 |
| 10 | RE: [Case 161729651] [PO: 8U5LMPIE] [SAT1] TRUCK LOAD RATE, 2/14/14 | CFL_003351 |
| 11 | Re: OAK3-CHA2 Redirect Question, 6/14/2014 | CFL_003402 |
| 12 | RE: Canceled: CENF Daily Peak Call, 11/12/2014 email re Piller departure | CFL_003262 |
| 13 | Fwd: Re: Amazon Off Manifest Bills, 11/14/2014 email with exhibits | CFL_052328 |
| 14 | FW: Amazon, 6/20/16, Botsios to Piller | CFL_003192 |
| 15 | RE: Amazon, 6/20/16, Piller response | CFL_003209 |
| 16 | RE: Amazon, 6/20/16, Botsios response | CFL_003187 |
| 17 | RE: Amazon, 6/20/16, Piller response | CFL_003189 |
| 22 | RE: CENF Multiple ARNs and BOL audit, 6/22/2016 - 6/29/2016 CFL email chain | CFL_003749 |
| 23 | RE: Case 153157441 - TL Rate, 1/15/2014 - 7/18/2016 email chain Botios and Piller | CFL_003893 |
| 24 | 8/10/2016 Demand Letter from Piller to CFL | AFS_CFL_00001544 |
| 25 | Declaration of Tom Botsios | |
| 27 | FW: Fwd: Amazon LTL Invoicing Update April 4 email, 4/4/16 - 7/6/16 email chain | CFL_008132 |

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

| 29 | Re: Master BOL Billing, 7/13/2016 | CFL_004002 |
|----|-----------------------------------|------------|
| 30 | RE: Master BOL Billing, 7/13/2016 | AFS_CFL_00097113 |
| 31 | Case 153157441 - TL Rate, 1/15/14 | CFL_003321 |
| 32 | RE: LTL Clawback, 5/5/2016 | AFS_CFL_00104853 |
| 33 | RE: Amazon LTL Invoicing Update, 5/11/16 | AFS_CFL_00000210 |
| 34 | RE: Amazon LTL Invoicing Update, 5/11/2016 email Piller to Beavers | AFS_CFL_00000190 |
| 35 | RE: Amazon LTL Invoicing Update, 4/4/2016 - 5/11/2016 | AFS_CFL_00103716 |
| 36 | RE: Monthly Vendor Reports from Controllership, 5/24/2016 | AFS_CFL_00104736 |
| 37 | Re: LTL Analysis 6-7-16.xlsx, 6/13/2016 | AFS_CFL_00097365 |
| 38 | Re: 8 PALLETS/1 BILL AMAZON, 6/14/2016 | CFL_003547 |
| 39 | RE: Carrier Rate Information, 6/15/2016, email Piller to Azzi and Ankush | AFS_CFL_00098810 |
| 40 | RE: Carrier Rate Information, 6/15/2016 email Azzi to Piller and Anksuh | AFS_CFL_00098824 |
| 41 | RE: LTL Analysis 6-7-16.xlsx, 6/23/2016 email | AFS_CFL_00098672 |
| 42 | RE: CENF Multiple ARNs and BOL audit, 6/23/2016 email Piller re MBOL audit | CFL_003684 |
| 43 | FW: Master BOL Billing, 7/8/16 | AFS_CFL_00096971 |
| 44 | RE: ONT8 Update, 7/15/2016, Piller email | AFS_CFL_00092682 |
| 45 | CENF Settlement Letter synopsis, 11/2/2016 email Piller to K Breedlove | AFS_CFL_00099249 |
| 46 | FW: Financial Due Diligence, 11/23/16 | AFS_CFL_00095566 |
| 47 | Re: Amazon response, 11/23/16 | AFS_CFL_00096859 |
| 48 | FW: [V1824882] deprecate Central Freight (CENF), 12/19/2016 email Piller to Azzi | AFS_CFL_00097124 |
| 49 | Conversation with Piller, Christian, 3/31/17 | AFS_CFL_00092636 |
| 50 | RE: Multiple Reports for Inbound LTL, 5/24/16 | AFS_CFL_00103551 |
| 52 | RE: LTL RFQ Approvals Doc, 2/14/2017 | AFS_CFL_00097099 |
| 53 | CENF setoff Email, 3/12/17 | AFS_CFL_00000146 |
| 54 | CENF payables Email, 11/29/16 | AFS_CFL_00097341 |
| 55 | RE: Central Freight (CENF), 3/2/17 | AFS_CFL_00092658 |
| 56 | RE: CENF Communication, 4/3/17 | AFS_CFL_00097230 |

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

| 57 | Conversation with Moore, Becky, 3/6/18 | AFS_CFL_00102431 |
|---|---|---|
| 60 | RE: Amazon Reconsignment, 10/3/2014, Culbertson email | CFL_027748 |
| 61 | RE: Fb 736367152, 12/15/2014, Heim email | CFL_030372 |
| 63 | Re: HAY to FON AMZ 13 PLTS, 11/20/2015, Harris email | CFL_027732 |
| 65 | Amazon Round 2 bid response, 2/24/2016 email w exhibits | CFL_027286 |
| 66 | RE: CENF LTL/TL breakdown, 3/16/2013 | AFS_CFL_00105812 |
| 68 | RE: FW: Amazon Billing Change, 7/8/2016 | CFL_008166 |
| 69 | RE: Amazon Master Bill Program, 7/8/2016 | CFL_010558 |
| 70 | Fwd: RE: FW: Amazon Volume.xlsx, 9/26/2016 email with exhibit | CFL_001344 |
| 71 | Amazon Spots, 9/22/2016 email with exhibit | CFL_027789 |
| 72 | FW: Master BOL Billing, 7/18/2016 | AFS_CFL_00092675 |
| 74 | Copy of CENF_Invoice_Details.xlsx | CFL_052891 |
| 75 | Amazon invoice, Drs, WI 1 | CFL_052745 |
| 76 | Amazon invoices and DR | CFL_052782 |
| 78 | Amazon invoice Drs, WI 2 | CFL_052867 |
| 79 | Amazon - no LOAs 1 | CFL_052888 |
| 81 | Analysis of AFS_CFL_00001597.xlsx | CFL_005615 |
| 82 | Spot reconciliation with Amazon 1597 02 15 19.xlsx | CFL_094068 |
| 83 | Declaration of Doug Culbertson | |
| 84 | Second Declaration of Doug Culbertson with exhibits | |
| 85 | Culbertson Pallets Analysis | CFL_096236 |
| 86 | SpotQuotes_Part01.pdf – SpotQuotes_Part41.pdf, BOL and W&I forms for 0% discount | CFL_031482 - CFL_051823 |
| 94 | FW: Amazon LTL Invoicing, 7/8/2016 email chain | CFL_051968 |
| 95 | LTL Invoice Process Improvements.docx | AFS_CFL_00099218 |
| 96 | RE: 3.30 TL and LTL Invoice Approvals, 4/9/2015 email chain | AFS_CFL_00098531 |
| 97 | Amazon LTL Invoicing, 2/13/2016 Beavers email directive | CFL_005240 |
| 98 | RE: Master BOL - LTL Deep Dive, 2/22/2016 | AFS_CFL_00103802 |
| 99 | RE: Master BOL - LTL Deep Dive, 3/1/2016 email Azzi to Beavers | AFS_CFL_00103619 |
| 100 | RE: Amazon LTL Invoicing, 3/10/2016 email Rankin to Beavers | CFL_005432 |

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

| | | |
|---|---|---|
| 101 | RE: LTL Deep Dive, 5/5/2016 email chain | AFS_CFL_00103714 |
| 103 | RE: Amazon LTL Invoicing Update, 5/11/2016, Beavers to Piller | AFS_CFL_00104018 |
| 104 | Re: Amazon LTL Invoicing Update, 5/12/2016, Piller to Beavers | AFS_CFL_00103835 |
| 105 | RE: Amazon LTL Invoicing Update, 5/12/2016, Beavers to Piller | AFS_CFL_00096115 |
| 106 | RE: LTL Clawback, 5/17/2016 Beavers email | AFS_CFL_00104011 |
| 107 | RE: LTL Clawback, 5/18/2016 Anfinson email | AFS_CFL_00103823 |
| 108 | RE: LTL Clawback, 5/19/2016 Beavers email | AFS_CFL_00104126 |
| 109 | RE: LTL Analysis 6-7-16.xlsx, 6/22/2016 Beavers email | AFS_CFL_00099044 |
| 110 | Re: [MMT-1228] Master BOL Creation, 10/6/2016 chat | AFS_CFL_00103718 |
| 111 | RE: Question on setting off, 2/20/2017 email Beavers to Ankush | AFS_CFL_00099666 |
| 112 | RE: Payment Activity, 4/3/2017 email | AFS_CFL_00095449 |
| 113 | RE: duplicate VRID, 10/13/2017 Beavers email | AFS_CFL_00092629 |
| 114 | RE: multiple BOLs, 10/19/2017 email | AFS_CFL_00104322 |
| 115 | RE: Central Freight is saying they cannot pick up more than 8 pallets?, 9/13/2016 | AFS_CFL_00096263 |
| 116 | RE: Accounts Receivable/Invoicing Contact, 7/14/2014 | CFL_052223 |
| 117 | Amazon LTL Invoice Auditing, 7/14/2014 | CFL_052224 |
| 118 | Re: Fwd: RE: Amazon Rejected Bills, 11/14/17 | CFL_003294 |
| 119 | Fwd: Amazon LTL Invoice Auditing, 7/15/14 | CFL_003404 |
| 120 | CFL#728880634, 10/29/2014 Mooney email | CFL_052307 |
| 121 | RE: CFL#728880634, 10/29/2014 Stein email | CFL_052308 |
| 122 | CENF Invalid Invoices 11.3, 11/5/2014 email with exhibit | CFL_052312 |
| 123 | Re: CFL#728880634, 11/7/2014 Mooney email | CFL_052316 |
| 124 | RE: CFL#728880634, 11/7/2014 Stein email | CFL_052317 |
| 125 | Amazon Rejected Bills, 11/7/2014 Mooney email | CFL_052320 |
| 126 | RE: Amazon Rejected Bills, 11/11/2014 Stein email | CFL_052325 |
| 127 | Central Freight Balance email, 2/1/2017 | AFS_CFL_00098880 |
| 128 | RE: Re: Amazon Off Manifest Bills, 11/19/2014 Stein email chain | CFL_052445 |

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

| 129 | RE: Re: Fwd: RE: Amazon Rejected Bills, 11/19/14 Stein email chain | CFL_003271 |
|---|---|---|
| 130 | Fwd: RE: Carrier Freight Class Questions, 4/1/2015 email | CFL_052369 |
| 131 | Routing Request response from Amazon.com - CENF {1226400661} {LTL} **Need Response**, 2/26/2013 chat | AFS_CFL_00100195 |
| 132 | Conversation with Gebregiorgis, Haben, 3/1/2013 chat | AFS_CFL_00102675 |
| 133 | RE: [Case 91083241] [V1261676] [PHX5], 4/2/13 TOC communication | AFS_CFL_00105847 |
| 134 | RE: Pallet upper caps for LTL, 3/29/2013 email AFS internal | AFS_CFL_00105808 |
| 135 | RE: RE: [Case 87916751] Freight Not Pickup // ARN:1226400661, 4/5/2013 email to Lau | AFS_CFL_00106262 |
| 136 | Re: [Case 87916751] Freight Not Pickup // ARN:1226400661, 4/8/2013 AFS internal | AFS_CFL_00106197 |
| 137 | RE: [Case 87916751] Freight Not Pickup // ARN:1226400661, 4/11/2013 AFS internal | AFS_CFL_00106205 |
| 138 | RE: [Case 87916751] Freight Not Pickup // ARN:1226400661, 4/11/2013 Flannery email | AFS_CFL_00106188 |
| 139 | RE: CENF Stacked and unstacked data, 8/10/2016 email | AFS_CFL_00000349 |
| 140 | RE: Invoice details correction, 6/20/2016 email with spreadsheet attachment | CFL_005025 |
| 141 | Fwd: RE: Invoice details correction, 6/10/2016 Kubitza email with exhibits | CFL_005014 |
| 142 | RE: RE: Invoice details correction, 6/20/2016 email with exhibit | CFL_004880 |
| 143 | RE: Carrier Rate Information, 6/20/2016 email | AFS_CFL_00098328 |
| 144 | RE: Non-discount invoices for CENF, 7/7/2016 email | AFS_CFL_00098525 |
| 145 | CENF Stacked and unstacked data, 7/25/2016 email to Khandelwal | AFS_CFL_00000352 |
| 146 | RE: CENF Stacked and unstacked data, 7/28/2016 email to Khandelwal | AFS_CFL_00095439 |
| 147 | RE: CENF Stacked and unstacked data, 8/9/2016 email to Khandelwal | AFS_CFL_00000317 |
| 148 | FW: Non-discount invoices for CENF, 8/9/2016 email Azzi to Piller | AFS_CFL_00095840 |
| 149 | RE: Question on setting off, 2/18/2017 Azzi email to Khandelwal | AFS_CFL_00095552 |

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

| 150 | RE: Question on setting off, 2/18/2017 Khandelwal email to Azzi | AFS_CFL_00098683 |
|---|---|---|
| 151 | RE: Question on setting off, 2/21/2017 Azzi email to Piller | AFS_CFL_00096647 |
| 152 | RE: Setting off CENF, 3/17/17 email | AFS_CFL_00098337 |
| 153 | RE: Setting off CENF, 3/20/2017 email | AFS_CFL_00000492 |
| 154 | Ticket 0109030253 - Correspondence - Status Assigned - Central Freight Invoices to be placed on-hold, 4/3/2017 TT | AFS_CFL_00095878 |
| 155 | RE: V-Return Estes Invoices, 5/3/17 email re CENF | AFS_CFL_00102277 |
| 157 | Fwd: RE: Invoice details correction, 6/10/2016 email Kubitza to Khandelwal | AFS_CFL_00098197 |
| 158 | RE: CENF Multiple ARNs and BOL audit, 7/8/2016 email Culbertson to Militzer | CFL_004110 |
| 162 | RE: High Volume ARN's for possible retender, 7/8/2016 email | CFL_051971 |
| 163 | FW: LTL Clawback, 5/16/2016 email | AFS_CFL_00104886 |
| 164 | RE: LTL contract summary, 6/17/2016 | AFS_CFL_00103753 |
| 165 | RE: Payment Activity, 3/27/2017 email | CFL_002722 |
| 168 | Multiple ARN audit (all LTL carriers), Clawback Comparison.xlsx, | AFS_CFL_00000839 |
| 171 | RE: LTL Clawback Initial Data, 5/20/2016 | AFS_CFL_00000849 |
| 173 | Amazon NA Vendor Shipment Manual, Oct 2015, NA_Vendor_Prep_and_Trans_Manual.pdf | AFS_CFL_00000602 |
| 175 | Summary CENF_.xlsx | AFS_CFL_00000353 |
| 176 | Summary_CENF_BookerTable_Final.xlsx | AFS_CFL_00095440 |
| 177 | PalletCount_Final.xlsx | AFS_CFL_00000319 |
| 178 | RE: Inbound Transportation Update, 8/19/2016 email Anfinson to Breedlove | AFS_CFL_00000858 |
| 179 | Regan Expert Report | Regan-Dep001 |
| 184 | Exhibit 3, Bolton Deposition | |
| 186 | Polash Expert Report | |
| 188 | Partin notes, deposition exhibit 2 | |
| 189 | Partin notes, deposition exhibit 3 | |
| 193 | Central Freight - Invoices on Hold.xlsb | AFS_CFL_00001602 |
| 195 | AmazonConsigneeShipments2012-2017 Cleaned (003)(002).xlsx | CFL_094066 |

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

| 197 | Fwd: Audit Failed Invoices Week – 27, 7/6/2016 email with attachments | CFL_005057 |
| 199 | Amazon's Answer to 1st Complaint and Counterclaim | |
| 200 | Central Freight's Answer to Counterclaim (Dkt. #50) | |
| 201 | Central Freight's First Amended Complaint (Dkt. #139) | |
| 202 | Amazon's Answer to Amended Complaint (Dkt. #144) | |
| 214 | Court Opinion on Summary Judgment | |
| 215 | 8/1/2019 Letter Kallish to Block | |
| 217 | Analysis of AFS_CFL_00001597.xlsx by more than and less than 9 pallet spaces | CFL_098680 |
| 218 | Re: Invoice details correction, 6/22/2016 email with attachments | CFL_004907 |

Defendant's Exhibits:

| Ex. No. | Document | Bates No. |
| --- | --- | --- |
| A-1 | RE: Amazon | AFS_CFL_00000040 |
| A-21 | Carrier Invoice Manual_Inbound- TL.pdf | AFS_CFL_00000969 |
| A-23 | RE: LTL RFQ Update | AFS_CFL_00001298 |
| A-25 | RE: Amazon Master May June 2016 | AFS_CFL_00001431 |
| A-26 | FW: Amazon response | AFS_CFL_00001450 |
| A-31 | Settlement Agreement | AFS_CFL_00096790 |
| A-34 | RE: Financial Due Diligence | AFS_CFL_00095558 |
| A-36 | RE: Amazon Vendor Freight Consolidation Bid | AFS_CFL_00095636 |
| A-46 | FW: Revised Golden State revenue adjustments file | AFS_CFL_00099053 |
| A-49 | Re: Audit failed invoices week 50 | AFS_CFL_00101164 |
| A-50 | Ankits 12-14-16.xlsx | AFS_CFL_00101166 |
| A-51 | Fwd: Audit Failed Invoices Week - 48 CENF | AFS_CFL_00101167 |
| A-52 | Re: Audit Failed Invoices Week - 40 CENF | AFS_CFL_00101170 |
| A-53 | Ankit's list 9-30-16.xlsx | AFS_CFL_00101171 |
| A-54 | Re: Audit Failed Invoices Week - 45 CENF | AFS_CFL_00101206 |
| A-55 | Ankits list 11-2.xlsx | AFS_CFL_00101207 |
| A-56 | Re: Audit Failed Invoices Week - 37 CENF | AFS_CFL_00101208 |
| A-57 | Null - invalid tender 9-6-16.xlsx | AFS_CFL_00101209 |
| A-59 | Re: Audit Failed Invoices Week - 42 CENF | AFS_CFL_00101224 |
| A-60 | Ankits list 10-21-16.xlsx | AFS_CFL_00101226 |
| A-61 | Re: Audit Failed Invoices Week - 48 CENF | AFS_CFL_00101249 |

JOINT PRETRIAL ORDER
NO. 2:18-cv-00814-JLR-40

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

| | | |
|---|---|---|
| A-62 | Ankits list 11-30.xlsx | AFS_CFL_00101251 |
| A-65 | Ankits list 11-30-1.xlsx | AFS_CFL_00101268 |
| A-66 | Ankits list 11-30-1.xlsx | AFS_CFL_00101269 |
| A-67 | Ankits list 11-30.xlsx | AFS_CFL_00101289 |
| A-68 | Ankits list 11-30.xlsx | AFS_CFL_00101290 |
| A-69 | Re: [*SPAM*] | AFS_CFL_00105834 |
| A-70 | RE: EDI 214 map | AFS_CFL_00105959 |
| A-71 | Carrier Manual v 9.0.docx | AFS_CFL_00105963 |
| A-72 | RE: [Case 92222631] [PHX7] [X9716628] V8888007 Y6668281 ARN 1282395171 Amazon Vendor SUNPENTOWN INTERNATIONAL INC | AFS_CFL_00106137 |
| A-73 | RE: CENF LTL/TL breakdown | AFS_CFL_00106218 |
| A-87 | OCT IB ME Checklist | AFS_CFL_00107473 |
| A-88 | INBOUND_CHECKLIST_1014.xlsx | AFS_CFL_00107474 |
| A-90 | Amazon - and other things | CFL_000334 |
| A-91 | Amazon Overcharges | CFL_000550 |
| A-92 | CENF Claim Update | CFL_000653 |
| A-93 | FW: ARN status | CFL_001031 |
| A-98 | Fwd: FW: Amazon/Central Freight Demand Letter | CFL_001314 |
| A-99 | Fwd: RE: FW: Amazon | CFL_001348 |
| A-100 | RE: Amazon Cancellation Letter | CFL_001555 |
| A-112 | 06301601.PDF | CFL_003515 |
| A-120 | FW: CARP Editing Phase 2 Heads Up | CFL_004208 |
| A-121 | RE: Consolidation program | CFL_004282 |
| A-122 | RE: Emailing: Amazon revisions 111912.pdf | CFL_004318 |
| A-123 | FW: Emailing: Amazon revisions 111912.pdf | CFL_004327 |
| A-124 | Amazon revisions 111912.pdf | CFL_004328 |
| A-125 | Consolidation Pricing 062911.pdf | CFL_004348 |
| A-126 | RE: URGENT - Pop Chips pick up | CFL_004400 |
| A-127 | Fwd: Re: misload of po N2797781 | CFL_004490 |
| A-128 | RE: Amazon Addendum 3 to Exhibit B.doc | CFL_004516 |
| A-129 | FW: Pop Chips pick up | CFL_004530 |
| A-130 | RE: Pickup Notification for: AMAZON.COM - 620955491 PO: R5176751 | CFL_004532 |
| A-131 | FW: Amazon 091311.pdf | CFL_004545 |
| A-132 | Amazon 091311.pdf | CFL_004546 |
| A-133 | Amazon Add 1.pdf | CFL_004547 |

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

| | | |
|---|---|---|
| A-134 | RE: Amazon 091311.pdf | CFL_004551 |
| A-135 | Consolidation | CFL_004559 |
| A-136 | RE: Emailing: Central Freight Lines Quick Pick | CFL_004560 |
| A-137 | Email 4.pdf | CFL_004767 |
| A-143 | null or invalid tenders 7-5-16.xlsx | CFL_005061 |
| A-144 | Null - invalid tender 9-6-16.xlsx | CFL_005073 |
| A-145 | Case Id 1967295901. Invalid Tender ID.xls | CFL_005125 |
| A-146 | RE: Amazon shipment at Poundex URGENT!! | CFL_005181 |
| A-147 | RE: AKA Gourmet (Wine.com) | CFL_005202 |
| A-151 | New Rules Tariff | CFL_005606 |
| A-152 | CENF 100 Rules- Final PDF - Current 08-19-2015.pdf | CFL_005648 |
| A-164 | Central No Tender ID.xlsx | CFL_008115 |
| A-166 | CENF 4.6.xls | CFL_008237 |
| A-168 | Charge code list EXT FINAL.docx | CFL_008244 |
| A-169 | RE: Master rate file | CFL_008393 |
| A-170 | Amazon MDW2 -Final.xlsx | CFL_008395 |
| A-171 | Amazon FTW1 Rate Submission 02-16- 16.xlsx | CFL_008396 |
| A-172 | Amazon SNA4 Final.xlsx | CFL_008397 |
| A-173 | Amazon 2016 CENF Rate Submission effective 10-13-15.xlsx | CFL_008398 |
| A-174 | Audit Failed Invoices Week - 27. | CFL_008807 |
| A-175 | CENF_20160704.xlsx | CFL_008808 |
| A-179 | RE: 736351545 Amazon | CFL_009371 |
| A-180 | First Pass of Power-point presentation on Truck Load Business Development | CFL_009389 |
| A-181 | Truck Load Business Development 3.pdf | CFL_009390 |
| A-185 | RE: 2 bills same day same S/ Same C/ HAY to FON | CFL_027655 |
| A-186 | Re: LVG to FRS | CFL_027656 |
| A-187 | RE: FON to SAN | CFL_027659 |
| A-188 | RE: F/B 562248336 Bunzl | CFL_027661 |
| A-189 | Re: Fwd: Re: Documents needed on account | CFL_027669 |
| A-190 | Re: FW: Pup load 3 bills same s/ same c/ same day. To AMZ. 18 plts total | CFL_027718 |
| A-191 | Fwd: RE: Amazonw HU and PltSpcs 092216.xls | CFL_027747 |
| A-196 | EDI210_Invoice_Requirement - Inbound and LineHaul Carriers.xlsx | CFL_051826 |
| A-214 | amazon spot quote rule | CFL_052725 |

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

| | | |
|---|---|---|
| A-215 | Re: Fwd: Fb's 740013842 & 737680595 | CFL_052726 |
| A-220 | Central Freight Consolidated Balance Sheets | CFL_094348 |
| A-221 | CENF_Pallet.xlsx | AFS_CFL_00001409 |
| A-222 | 9/16/19 Letter from Marc Kallish re: CFL_098680 | |

**(c) Authenticity and admissibility disputed:**

Plaintiff's Exhibits:

| Ex. No. | Description | Bates No. |
|---|---|---|
| 7 | FW: FW: Case 153157441 - TL Rate, 9/11/2016 email chain | CFL_001182 |
| 59 | Exhibit 11, Culbertson Deposition | |
| 67 | RE: Amazon Multiple ARNs and BOL audit, 7/8/2016 email chain | CFL_003992 |
| 77 | Amazon Litigation Supporting Docs 11.27.18 | CFL_052818 |
| 80 | doc26868720181127150607.pdf | CFL_052892 |
| 159 | Amazon Aging Report (10-30-2017) (1).xlsx | CFL_094418 |
| 160 | arp_Amazon_(9-26-2018)_Final_L Westerfeld.xls | CFL_052072 |
| 161 | CFL Open A/R Invoices | CFL_052907 - 77779 |
| 181 | Excerpt of T Botsios Deposition (Regan Dep Exhibit 5) | |
| 198 | 5 EDI Invoices | |
| 216 | Roetzel & Andress, LPA invoices (redacted) | |

Defendant's Exhibits:

| Ex. No. | Document | Bates No. |
|---|---|---|
| A-2 | Audit Failed Invoices Week - 42 CENF | AFS_CFL_00000257 |
| A-3 | CENF.xlsx | AFS_CFL_00000258 |
| A-4 | Audit Failed Invoices Week - 37 CENF | AFS_CFL_00000262 |
| A-5 | CENF.xlsx | AFS_CFL_00000263 |
| A-6 | Audit Failed Invoices Week - 45 CENF | AFS_CFL_00000270 |
| A-7 | CENF_carrier.xlsx | AFS_CFL_00000271 |
| A-8 | Audit Failed Invoices Week - 40 CENF | AFS_CFL_00000272 |
| A-9 | CENF Carrrier.xlsx | AFS_CFL_00000273 |

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

| A-10 | Audit Failed Invoices Week - 45 CENF | AFS_CFL_00000281 |
|------|--------------------------------------|------------------|
| A-11 | CENF_.xlsx | AFS_CFL_00000282 |
| A-12 | Audit failed invoices week 50 | AFS_CFL_00000290 |
| A-13 | CENF.xlsx | AFS_CFL_00000291 |
| A-14 | Audit failed 05/05/2017 | AFS_CFL_00000304 |
| A-15 | CENF.xlsx | AFS_CFL_00000305 |
| A-16 | RE: CENF Stacked and unstacked data | AFS_CFL_00000341 |
| A-17 | Multiple ARNS_Master.xlsx | AFS_CFL_00000343 |
| A-18 | RE: Fwd: FW: Case Id 1967295901. Invalid Tender | AFS_CFL_00000371 |
| A-19 | RE: Carrier Onboarding | AFS_CFL_00000437 |
| A-20 | LTL_INVOICING_1PGR_FINAL.docx | AFS_CFL_00000967 |
| A-22 | IB-rate.xlsx | AFS_CFL_00000989 |
| A-24 | CENF_One_Pager.docx | AFS_CFL_00001390 |
| A-27 | CENF Settlement Letter FINAL.pdf | AFS_CFL_00001455 |
| A-30 | Central Freight - Payments in 2017.xlsb | AFS_CFL_00001603 |
| A-32 | Carrier_Guidelines_Accessorials.docx | AFS_CFL_00095518 |
| A-33 | Carrier Invoice Manual_Inbound TL - 2015.docx | AFS_CFL_00095522 |
| A-35 | CENTRALFREIGHTTL__375360_1611  23 093035255.pdf | AFS_CFL_00095568 |
| A-37 | Central Freight.xlsx | AFS_CFL_00096635 |
| A-42 | Microsoft_PowerPoint_Slide1.sldx | AFS_CFL_00097729 |
| A-47 | Golden State Shipments.xls | AFS_CFL_00099056 |
| A-48 | TL_Invoicing_Peak_2015_Draft_1.docx | AFS_CFL_00100161 |
| A-74 | Carrier Manual v8.docx | AFS_CFL_00106270 |
| A-75 | 9.8 LTL Invoice Approvals | AFS_CFL_00106353 |
| A-76 | 9.8 LTL Invoice Analysis.xlsx | AFS_CFL_00106354 |
| A-77 | 5.8 TL and LTL Invoice Approvals | AFS_CFL_00106374 |
| A-78 | Outstanding Invoices 5.5.xlsx | AFS_CFL_00106375 |
| A-79 | FW: 4.14 TL and LTL Invoice Approvals | AFS_CFL_00106448 |
| A-80 | CENF8plus.csv | AFS_CFL_00106512 |
| A-81 | CENF_all.csv | AFS_CFL_00106513 |
| A-82 | CENFTheyPay.csv | AFS_CFL_00106514 |
| A-83 | AFS Calculation-Data Pull.xlsx | AFS_CFL_00106515 |
| A-84 | TIPS DATA 2153 (Based on F_ID).xlsx | AFS_CFL_00106516 |
| A-85 | TIPS DATA.XLSX | AFS_CFL_00106517 |
| A-86 | invoice_dump_tips.csv | AFS_CFL_00106518 |

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200

## VI.    ACTION BY THE COURT

(a)     This case is scheduled for trial before a jury on October 21, 2019 at 9:00 AM.

(b)     Trial briefs shall be submitted to the Court on or before October 15, 2019.

(c)     Jury instructions requested by either party shall be submitted to the court on or before October 15, 2019. Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before October 15, 2019.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 15th day of October, 2019.

The Honorable James L. Robart

JOINT PRETRIAL ORDER
NO. 2:18-cv-00814-JLR-45

ROETZEL & ANDRESS LPA
30 N. LASALLE STREET SUITE 2800
CHICAGO, IL 60602
312.580.1200