UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CENTRAL FREIGHT LINES, INC.,

Plaintiff,

v.

AMAZON FULFILLMENT SERVICES, et al.,

Defendants.

CASE NO. C17-0814JLR

ORDER DENYING PLAINTIFF'S FOURTH MOTION IN LIMINE AND DENYING PLAINTIFF'S MOTION FOR ENTRY OF MONETARY JUDGMENT

## I. INTRODUCTION

Before the court are Plaintiff Central Freight Lines, Inc.'s ("CFL") motion for entry of monetary judgment (MMJ (Dkt. # 241)) and CFL's fourth motion in limine (MIL (Dkt. # 216) at 8-9). Defendants filed responses to the motions (MMJ Resp. (Dkt. # 249); MIL Resp. (Dkt. # 229 (sealed)), and CFL filed a reply in support of its motion for entry of monetary judgment (MMJ Reply (Dkt. # 252)). Additionally, the court makes rulings in this order to resolve CFL's belated arguments that Defendant Amazon Fulfillment

Services, Inc ("AFS") is barred from pursuing certain theories at trial. The court has considered the motions, the parties' submissions concerning the motions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court ORDERS that AFS is not barred from pursuing certain theories as described below, DENIES CFL's motion for entry of monetary judgment without prejudice to renewing the motion after trial, and DENIES CFL's fourth motion in limine.

## II. BACKGROUND

On August 12, 2019, CFL filed six motions in limine. (*See* MIL.) CFL's fourth motion in limine argues that AFS "should be precluded from offering any evidence, testimony or argument that CFL's outstanding invoices are invalid, improper or untimely." (*Id.* at 9.) CFL relies not on a rule of evidence, but rather on the allegation that AFS "changed course during this litigation" to attack a set of invoices CFL issued to AFS for shipments made between Spring 2016, when AFS conducted an audit of CFL invoices, and March 13, 2017. (*See id.* at 8-9.) CFL refers to these invoices as "Set Off Invoices."[2] (*See id.*) CFL also contends that AFS is time-barred from challenging the Set Off Invoices under 49 U.S.C. § 14705, and under the parties' contract ("Transportation Agreement"). (*See id.* at 9.) CFL further argues that AFS should be

//

[1] Neither party requested oral argument on the motions. (*See* MMJ; MMJ Resp; MIL; MIL Resp.) The court concludes that oral argument is unnecessary to its disposition of CFL's motion for entry of monetary judgment, *see* Local Civil Rules W.D. Wash. LCR 7(b)(4). The court held oral argument on the parties' motions in limine on September 10, 2019 (*see* 09/10/19 Min. Entry (Dkt. # 237)), and deferred ruling on CFL's fourth motion in limine.

[2] The court does the same in this order.

barred from pursuing its counterclaims and defenses based on the Set Off Invoices because AFS failed to raise these theories until "[r]ecently." (*See id.* at 9.)

In response, AFS contends that 49 U.S.C. § 14705 is inapplicable because AFS's theory relating to the Set Off Invoices is not based on an "overcharge," but rather a provision of the Transportation Agreement providing that AFS "has no obligation to pay any fees or expenses invoiced more than 6 months after they accrue." (*See* MIL Resp. at 10.) AFS further contends that its challenges to the Set Off Invoices are not time-barred because they are relevant to AFS's defenses to CFL's alleged damages on CFL's breach of contract claims. (*See id.*) AFS also points to a number of specific invoice numbers it contends provide evidence that CFL invoiced AFS for shipments "CFL shipped for shippers and/or consignees other than AFS." (*See id.* at 11.)

On September 26, 2019, CFL filed a motion for entry of monetary judgment pursuant to 28 U.S.C. § 2202. (*See* MMJ.) CFL contends that based on the court's order granting CFL summary judgment on its declaratory judgment claim that AFS was not entitled to set off unpaid invoices, the court should enter a monetary judgment equal to the amount AFS set off. (*See id.* at 1.) CFL argues that a monetary judgment award "will streamline and narrow" the trial currently set to begin on October 21, 2019. (*See id.* at 4.) In doing so, CFL appears to attempt to foreclose AFS's ability to challenge the propriety of the Set Off Invoices. In response, AFS argues that "CFL's motion does nothing to narrow the issues for trial, as the amount claimed to be owed is (a) currently in dispute; (b) not supported by the evidence; and (c) improper given its reliance on

//

prejudgment interest." (MMJ Resp. at 3.) According to AFS, CFL "seeks to circumvent AFS's contention that CFL seeks compensation it is not due." (*See id.* at 5.)

On September 30, 2019, the parties filed their joint proposed pretrial order. (PTO (Dkt. # 242).) In it, CFL contends that AFS is time-barred from arguing at trial its counterclaims or defenses relating to (1) whether CFL was required and failed to consolidate shipments and provide a single master bill of lading ("MBOL") for June 2016 shipments and (2) the Setoff Invoices. (*See id.* at 5-7.) CFL argues for the first time in the pretrial order that "AFS' answers to discovery foreclosed its attempt to assert claims against" the Setoff Invoices. (*Id.*) AFS responds that "CFL was well aware that AFS asserts these claims after CFL sought damages in excess of the set off amount. These claims were clearly raised during discovery and were explicitly identified in the expert report of William Partin." (*See id.* at 7-8 (citing Block Decl. (Dkt. # 158) ¶ 61, Ex. 60 ("Partin Report") (dated May 2, 2019) at 69).) AFS asserts that "[b]ecause CFL was well aware of these damages prior to the discovery cutoff, it cannot now raise an issue that this is an undisclosed claim." (*See id.* at 8.)

As the court prepared to rule on the parties' motions in limine at its October 3, 2019, pretrial conference—less than three weeks before trial—counsel for CFL filed a letter on the docket on the evening of October 2, 2019. (CFL Ltr. (Dkt. # 245).) CFL's letter again challenges AFS's ability to pursue counterclaims and defenses based on MBOL overcharges in May and June 2016, and its ability to challenge the Set Off Invoices. (*See id.* at 1.) For the first time, CFL presented to the court an AFS interrogatory response in which CFL asked whether Amazon claims "that any of the

work that was performed by [CFL], for which the invoice amount has not been paid by [AFS], was billed improperly or was performed incorrectly." (CFL Ltr., Ex. 2 at 2.) A portion of AFS's response states: "AFS further objects that such information is irrelevant to any claim or defense in this litigation." (*Id.*)

At the pretrial conference, the court questioned the parties about these issues, deferred ruling on CFL's fourth motion in limine in order to provide AFS an opportunity to respond to CFL's letter, and ordered AFS to file that response in writing by Monday, October 7, 2019. (*See* Hearing Tr. (Dkt. # 248) at 33:3-14.) The court asked AFS to address in its letter "whether you amended your interrogatory responses, to tell me every circumstance in which you put CFL on notice that you were pursuing counterclaims based on the setoff invoices, what discovery was taken in the trial, and then, finally, just as a catchall, whether anything else was represented to CFL that Amazon would or would not pursue the setoff invoices." (*See id.*)

AFS timely filed its letter on October 7, 2019. (AFS Ltr. (Dkt. # 247).) In it, AFS concedes that it did not supplement its interrogatory answers, but contends that "CFL's actual notice, which AFS provided in writing in full satisfaction of Federal Rule of Civil Procedure 26(e)(1)(a), obviated any such supplementation." (*Id.* at 2.) AFS contends that Mr. Partin's expert report, dated May 2, 2019, states that AFS contests the Set Off Invoices' timeliness and validity, that CFL inquired about this analysis when it deposed Mr. Partin, and that AFS also raised this issue in response to CFL's summary judgment motion—all within the discovery period. (*See id.*) With respect to MBOL shipments, AFS contends that it responded appropriately to CFL's discovery requests, which were

limited to invoices subject to AFS's audit, and did not include the June 2016 MBOL shipments. (*See id*. at 1.)

## III. ANALYSIS

As an initial matter, CFL failed to timely raise its arguments that AFS is barred from challenging the Set Off Invoices or the June 2016 shipments. CFL should have raised these issues in a discovery motion or through other proper procedural means, instead of peppering its arguments through various filings, including the pretrial order, leaving the court to clean up the confusion on the eve of trial. (*See*, *e.g.*, PTO at 5-7, 12-13.) CFL's delay in raising these issues suggests a possible strategy to sandbag its objections and spring them on AFS at the last moment. Moreover, aside from its limitations arguments, CFL fails to state the specific grounds on which it argues the court should preclude AFS from pursuing its Set Off Invoices and June 2016 MBOL theories. It is unclear whether CFL seeks a discovery sanction under Federal Rule of Civil Procedure 37,[3] or seeks to preclude AFS's theories based on judicial estoppel[4] or other grounds. (*See, e.g.,*, *id.*; MIL at 8-9; CFL Ltr.)

Nevertheless, the court issues this order to put these issues to rest. For the reasons set forth below, the court orders that AFS may pursue its defenses and counterclaims that

---

[3] The court may issue sanctions to a party that fails to follow its discovery obligations, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," or "striking pleadings in whole or in part." *See* Fed. R. Civ. P. 47(b)(2)(A)(ii)-(iii).

[4] Judicial estoppel is "an equitable doctrine invoked by a court at its discretion," that prohibits "parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990); *United States v. McCaskey*, 9 F.3d 368, 378 (9th Cir. 1993)).

challenge the Set Off Invoices and the June 2016 MBOL issues as described below. Further, the court DENIES CFL's motion for entry of monetary judgment without prejudice to renewing the motion after trial, and DENIES CFL's fourth motion in limine.

### A. Whether AFS's Counterclaims are Time-Barred

CFL argues that AFS's claims regarding the Set Off Invoices and the June 2016 MBOL issue are time-barred by the Transportation Agreement and by statute. The court disagrees. Pleadings must be filed to put opposing litigants on notice of the claims asserted against them. *See* Fed. R. Civ. P. 8(a). Rule 8 requires parties to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Similarly, a party responding to a pleading must "state in short and plain terms its defenses to each claim asserted against it." *See* Fed. R. Civ. P. 8(b)(2).

AFS's answer and counterclaims specifically address AFS's challenges to CFL invoices that CFL now asserts constitute "new" claims. (*See, e.g.*, Countercl. (Dkt. # 48) ¶¶ 39(C) ("Central Freight materially breached the contract by . . . failing to include the required Tender IDs."), 57 ("Central Freight overcharged AFS by way of Central Freight's improper billing methodology."), 41 ("[CFL] materially breached the contract by . . . charging AFS multiple times for single shipments.").) AFS does not limit the allegations in its counterclaims to any specific time period. (*See generally id.*) Accordingly, the court concludes that AFS's counterclaims are not barred by the Transportation Agreement or by 49 U.S.C. § 14705.

//

//

## B. Whether CFL is Prejudiced

As discussed above, it is unclear whether CFL seeks a discovery sanction under Federal Rule of Civil Procedure 37, or seeks to preclude AFS's theories on judicial estoppel or other grounds. (*See, e.g.*, *id.*; MIL at 8-9; CFL Ltr.) The court will not make CFL's argument for it. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Instead, the court analyzes CFL's arguments based on whether CFL had sufficient notice that AFS intended to pursue these theories such that CFL will not be prejudiced at trial. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-94 (9th Cir. 2000) (holding plaintiffs could not pursue a distinct theory of liability where the plaintiffs had not (1) pleaded that theory in their complaint or (2) made the theory known during discovery). Here, CFL was sufficiently on notice that AFS intended to pursue its theories based on the Set Off Invoices and the June 2016 shipments because AFS pleaded those theories and put CFL on notice during discovery that AFS intended to pursue them.

### 1. Set Off Invoices

The court concludes that CFL was sufficiently on notice that AFS intended its defenses and counterclaims to include the Set Off Invoices before the May 28, 2019, discovery cutoff. AFS expert William Partin's May 2, 2019, report provides an analysis of the timeliness and validity of invoices that include the Set Off Invoices. (*See* Partin Report at 66-69.) Mr. Partin produced the Bates-stamped underlying data that forms the basis of his opinions, indicating that it was produced during discovery. (*See id.*) CFL deposed Mr. Partin about his opinions on the Set Off Invoices. (*See* Block Ltr. Ex. 4

("Partin Dep.") at 35:17-37:20 ("As I understand the contract between the parties, there has to be an invoice presented within 180 days with a valid tender ID, and it would appear that [CFL]'s calculation of the $2.8 million number included items that [AFS] would not be required to pay based on the information produced in [CFL]'s analysis because the tender ID exceeds 180 days or it had an invalid tender ID.").)

Further, CFL challenged Mr. Partin's report in part on the basis that Mr. Partin should not have analyzed the Set Off Invoices. (*See* MTE Reply (Dkt. # 201) at 3.) CFL argued that:

> Amazon seeks to chip away at what it owes CFL and point to other purported deficiencies in CFL's invoices and pricing that were *not the subject of the original claim* and are time-barred. Amazon intends to rely on Partin's analysis of invoice dates to argue that CFL cannot recover on invoices sent to Amazon more than 180 days after the ship date and analysis of Tender IDs to argue that CFL is not entitled to payment on certain outstanding invoices. None of these invoices are the subject of Amazon's original claim or audit.

(*Id.*) CFL's briefing shows that CFL was aware that AFS intended to pursue its defenses and counterclaims based on the Set Off invoices as far back as May 2, 2019, when Mr. Partin issued his report. (*See* Partin Report at 66.)

The above notwithstanding, AFS should have supplemented its interrogatory responses to align with the progression of the case and with AFS's case theories. However, although AFS's February 2, 2018, interrogatory answers were insufficient,[5]

//

[5] If CFL's problem is with AFS's discovery responses, it had roughly 15 months between when it received those responses and the discovery motions deadline to raise those issues with the court. (*See* Sched. Ord. (Dkt. # 110).) The court will not reward CFL's strategic decision to sit on those objections and spring them on the court less than three weeks before trial.

the court finds that CFL has not been prejudiced because it has been aware that AFS was pursuing these theories.[6]

### 2. June 2016 MBOL Invoices

The court finds that the MBOL issue encompasses June 2016 shipments, in addition to February, March, and April 2016 shipments. CFL was on notice that AFS intended to challenge the June 2016 shipments. AFS deposed CFL witness Doug Culbertson on March 11, 2019, and questioned him about the May and June 2016 shipments and whether AFS was owed a refund based on CFL's failure to submit MBOLs. (*See* Block Ltr., Ex. 2 ("Culbertson Dep.") at 234:9-235:20 ("Q: You don't know why June was not refunded and May was? A: I have no idea what happened.").) AFS deposed Don Orr on March 7, 2019, and discussed whether Mr. Orr planned for CFL to reimburse AFS for "May and June activity . . . where [Amazon Reference Number]s could be pooled on a master bill of lading." (*See id.*, Ex. 3 ("Orr Dep.") at 114:3-118:6; 125:23-129:15.)

Additionally, AFS specifically identified in its answer to CFL's first amended complaint that $145,698.94 remains unpaid by CFL based on unconsolidated June 2016 shipments. (*See* Ans. to FAC (Dkt. # 144) ¶ 49 ("AFS admits that CFL agreed to self-audit its multiple BOL shipments occurring in May and June 2016, and agreed to

//

---

[6] CFL also contends that AFS waived any Set Off Invoices arguments because AFS stated that it set off those invoices from money that was "otherwise due" to CFL. (*See, e.g.*, MMJ Reply at 2.) CFL reads AFS's statement too broadly. The court does not construe AFS's statement to waive all defenses and counterclaims on the amounts CFL billed AFS in the Set Off Invoices.

repay these amounts, which amounted to $112,203.52 and $145,698.94 respectively.").) AFS filed this answer on April 8, 2019. (*See id.* at 20.)

Mr. Partin's report also made clear that AFS intended to pursue the MBOL issue for June 2016 invoices when it stated that AFS "is also disputing" amounts that include "$145,698.94," the exact amount AFS seeks in reimbursement due to CFL's alleged overcharge for unconsolidated June 2016 shipments.

Finally, CFL seeks reimbursement of the $112,203.52 it paid AFS for unconsolidated May 2016 shipments (*see* PTO at 3-4), which raises no issues different than for the June 2016 shipments. CFL does not explain why it should be entitled to pursue the May 2016 invoices while AFS is precluded from pursuing the June 2016 invoices. For the reasons stated herein, the court finds that CFL is not prejudiced by AFS challenging the June 2016 shipments at trial.

**C. CFL's Motion for Entry of Monetary Judgment**

CFL seeks a monetary award under 28 U.S.C. § 2202 of $3,684,938.32, encompassing AFS's set off amount of $2,856,602.00, plus $828,336.32 in prejudgment interest. (*See* MMJ at 6.) Section 2202 is part of the Declaratory Judgment Act, which "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *See Lear Siegler, Inc. v. Adkins*, 330 F.2d 595, 599 (9th Cir. 1964) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942)). Courts have "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act which confers a discretion on the courts rather than an absolute right upon [the] litigant.'" *Mercer Int'l,*

//

*Inc. v. U.S. Fid. & Guar. Co.*, 938 F. Supp. 680, 682 (W.D. Wash. 1996) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)).

"Section 2202 of the Declaratory Judgments Act expressly provides for 'further relief.'" *Horn & Hardart Co. v. Nat'l R.R. Passenger Corp.*, 659 F. Supp. 1258, 1261 (D.D.C. 1987), *aff'd sub nom. Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546 (D.C. Cir. 1988) (quoting 28 U.S.C. § 2202). "This provision has been interpreted as providing for 'supplemental' relief which may be granted in a proceeding subsequent to the original." (*Id.*) District courts have the power under 28 U.S.C. § 2202 to award damages to give effect to a declaratory judgment. *See Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co.*, 966 F.2d 847, 852 (4th Cir. 1992).

The court concludes that CFL's motion for entry of monetary judgment is premature and denies it without prejudice on that basis. The court granted CFL summary judgment on its declaratory judgment claim that AFS could not set off invoices by surreptitiously sending CFL more shipments with no intention to pay. (*See* MSJ Order (Dkt. ## 214 (sealed), 220 (redacted)) at 46-51.) However, as discussed above, that order did not preclude AFS from challenging the timeliness, validity or cost of those invoices via its defenses and counterclaims. (*See id.*) Those issues remain the subject of factual disputes for trial. The court will not determine the sum that is "necessary and proper" to award CFL prior to trial.

Accordingly, the court DENIES CFL's motion for entry of monetary judgment without prejudice to CFL renewing it after trial. *See Horn & Hardart*, 659 F. Supp. at 1261 (D.D.C. 1987) (explaining that the Declaratory Judgment Act "is broad enough to

permit the court to grant additional relief long after the declaratory judgment has been entered, provided that the party seeking relief is not barred by laches") (quoting 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2771 (2d ed. 1983)).

### D. CFL's Fourth Motion in Limine

CFL's fourth motion in limine seeks to exclude all evidence, testimony and argument regarding the Set Off Invoices. (*See* MIL at 8-9.) CFL does not cite to a rule of evidence but appears to argue that the court should exclude such evidence on relevance grounds based on its above-discussed arguments that CFL was not on notice that AFS intended to challenge the Set Off Invoices. For the reasons stated above, the court finds that CFL was on sufficient notice and therefore DENIES CFL's fourth motion in limine.

## IV. CONCLUSION

The court ORDERS that AFS may pursue its defenses and counterclaims relating to the Set Off Invoices and the MBOL issue for June 2016 shipments as described in the pretrial order at Sections II.B.3, II.B.6, III.B.3, and IV.B.5. (*See* PTO at at 5-7, 12-13.) Further, the court DENIES CFL's motion for entry of monetary judgment (Dkt. # 241) without prejudice to CFL renewing the motion after trial and DENIES CFL's fourth motion in limine (Dkt. # 216 at 8-9).

Dated this16th day of October, 2019.

JAMES L. ROBART
United States District Judge